# EXHIBIT E

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| | X | |
| | : | Chapter 11 |
| In re | : | |
| | : | Case No. 05-60006 (RDD) |
| REFCO INC., et al., | : | |
| | : | Jointly Administered |
| Debtors. | : | |
| | : | |
| ----------------------------------------------------------------- X | | |
| | : | |
| AXIS REINSURANCE COMPANY, | : | |
| | : | Adv. Proc. No. 07-01712-rdd |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| PHILLIP R. BENNETT, et al., | : | |
| | : | |
| Defendants. | : | |
| ----------------------------------------------------------------- X | . | |

### ORDER GRANTING, IN PART, MOTION TO REQUIRE AXIS REINSURANCE COMPANY TO PAY OFFICER AND DIRECTOR DEFENSE COSTS IN UNDERLYING LITIGATIONS AND FOR RELIEF FROM THE AUTOMATIC STAY, TO THE EXTENT APPLICABLE, FOR THE ADVANCEMENT OF SUCH DEFENSE COSTS AND TO PERMIT CERTAIN OFFICERS TO PROSECUTE CLAIMS AGAINST AXIS REINSURANCE COMPANY

Upon the motion (the "Motion"), dated July 12, 2007, of Dennis Klejna, Joseph Murphy, William M. Sexton, Gerald Sherer and Philip Silverman ("Movants") To Require Plaintiff to Pay their Defense Costs In Underlying Litigations And For Relief From The Automatic Stay, To the Extent Applicable, To Permit Plaintiff To Advance And/Or Pay Such Defense Costs And To Permit Defendants To Prosecute Claims Against Insurance Company, pursuant to 11 U.S.C. § 362(d), Bankruptcy Rule 4001(a), and Bankruptcy Rule 7065; and the Court having reviewed the

Motion and the objections and other pleadings related thereto; and upon the record of the August 30, 2007 hearing thereon (the "Hearing"); and the Court having found that (i) the Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334, (ii) adequate and sufficient notice of the Motion and the Hearing were given to all parties in interest and no other or further notice is necessary or required, and (iii) the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor for the reasons stated by the Court at the Hearing.

Therefore, it is hereby ORDERED that:

     1.  The Motion is granted to the extent provided herein and otherwise denied without prejudice.

     2.  All capitalized terms used but not defined herein have the meanings ascribed to them in the Motion or the Axis Policy, as may be the case.

     3.  Under Bankruptcy Rule 7065, effective ten days after entry of this Order Axis is directed, upon the exhaustion of the Lexington Policy, to advance, subject to a complete reservation of rights, privileges and defenses of the parties under the Axis Policy, the payment of the Defense Costs of Movants in the Underlying Actions that have been billed through the date of this Order, pending a final determination by this Court of Movants' claim that Axis has no right to withhold Defense Cost advances (a) unilaterally or (b) until there is a final determination by a court of competent jurisdiction of Axis' denial of coverage under the Axis Policy.

     4.  The automatic stay imposed by 11 U.S.C. § 362(a), to the extent applicable, is hereby

modified (a) to permit the foregoing advancement of Defense Costs and (b) to permit the

Movants to bring declaratory judgments or actions seeking monetary or equitable relief against

Axis relating to Side A of the Axis Policy and matters related thereto.

5.  Axis shall notify counsel to the Plan Administrators of the Modified Joint Chapter 11

Plan (the "Refco Plan") of Refco, Inc. and Certain of Its Direct and Indirect Subsidiaries (the

"Plan Administrators") when the advancement of Defense Costs hereunder exceeds $100,000 in

the aggregate, and in increments of $100,000 thereafter; provided, that if individual statements

for Defense Costs exceed $100,000, Axis need only notify the Plan Administrators of payment of

such bills, without breaking such advances into $100,000 increments.

6.  Entry of this Order shall be without prejudice to the right of the Plan Administrators

or any party in interest to seek the reimposition of the automatic stay, to the extent it applies, on

a prospective basis with respect to any advances of Defense Costs not yet made, for cause shown

on appropriate notice to Movants and Axis.

7.  Nothing in this Order shall modify this Court's Order confirming the Refco Plan,

including paragraph 34(b) thereof, or constitute a determination that the automatic stay under 11

U.S.C. § 362(a) applies to the actions described in paragraph 4 hereof.

8.  The Movants have stated that they intend to make a dispositive motion for a

determination of whether Axis is entitled under the Axis Policy to withhold the advance of

Defense Costs unilaterally or before coverage therefor is finally determined, and this Court has

informed the parties that, subject to proper notice and briefing, it has reserved time on October

12, 2007 to hold a hearing on such a motion. Axis has informed the Court and the Movants that

it intends to seek an expedited appeal of this Order, and the Court therefore has not directed the

parties to propose a briefing schedule for such a dispositive motion. Subject to any ruling in

3

connection with such appeal, this Court will hold a telephonic status conference on September

14, 2007 at 2:00 p.m. on the scheduling of briefing and a hearing on the dispositive motion.

Counsel for the Movants shall initiate such call.


Dated: August 31, 2007
       New York, New York


                              /s/ Robert D. Drain
                         UNITED STATES BANKRUPTCY JUDGE

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x
In re                                          :    Chapter 11
REFCO, INC., *et al.*,                         :    Case No. 05-60006 (RDD)
                                  Debtors.     :    (Jointly Administered)
-------------------------------------------------------------------x
AXIS REINSURANCE COMPANY,                      :
                                               :
                          Plaintiff,           :
                                               :
                  v.                           :    Adv. Proc. No. 07-01712 (RDD)
                                               :
PHILLIP R. BENNETT, LEO R. BREITMAN,           :
NATHAN GANTCHER, TONE GRANT,                   :
DAVID V. HARKINS, SCOTT L. JAECKEL,            :
DENNIS A. KLEJNA, THOMAS H. LEE,               :
SANTO C. MAGGIO, JOSEPH MURPHY,                :
RONALD L. O'KELLEY, SCOTT A. SCHOEN,           :
PERRY ROTKOWITZ, GERALD SHERER,                :
WILLIAM M. SEXTON, PHILIP SILVERMAN,           :
ROBERT C. TROSTEN, AND DOES 1 TO 10,           :
                                               :
                          Defendants.          :
-------------------------------------------------------------------x

## ORDER DISMISSING THE COMPLAINT
## OF AXIS REINSURANCE COMPANY

Upon the motion (the "Motion"), dated July 12, 2007, of Defendants Leo R.

Breitman, Nathan Gantcher, David V. Harkins, Scott L. Jaeckel, Thomas H. Lee, Ronald L.

O'Kelley, and Scott A. Schoen (the "Director Defendants"), for an order dismissing the

Complaint, dated May 23, 2007, of Axis Reinsurance Company ("Axis") pursuant to Rule

7012(b) of the Federal Rules of Bankruptcy Procedure, as more fully set forth in the Motion; and

the Court having jurisdiction to consider and determine the Motion pursuant to 28 U.S.C. §§ 157,

1334 and 2201; and due notice of the Motion having been provided; and upon all pleadings filed

with this Court, and the hearing held before the Court on August 30, 2007 (the "Hearing"); and it

appearing that the relief requested is appropriate; and all objections to the relief requested having

been overruled by the Court; and after due deliberation and consideration, and for good and

sufficient cause appearing therefor for the reasons stated by the Court on the record of the

Hearing:

THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND
CONCLUSIONS OF LAW:

        A.      Applying New York choice of law rules, the Court concludes that New

York law applies to the Axis directors and officers liability insurance policy referenced in the

Complaint, the interpretation and application of the policy, and the dispute raised by the

Complaint.

        B.      Under New York law, a declaratory judgment action commenced by an

insurer seeking a determination of coverage under an insurance contract should be dismissed

without prejudice or stayed where there is a substantial overlap of the underlying factual issues

in such coverage determination action and factual issues that will be adjudicated in a pending

underlying tort action or criminal proceeding.

        C.      There is substantial overlap of the factual issues raised in this coverage

determination action commenced by Axis and the underlying tort and criminal proceedings

referenced in the Complaint pending before the United States District Court for the Southern

District of New York.

NOW, THEREFORE, It Is Ordered that:

        1.      The Motion is granted in all respects.

        2.      The Axis Complaint filed in the above-captioned adversary proceeding is

dismissed, without prejudice.

Dated:    August 31, 2007
          New York, New York

                              /s/ Robert D. Drain
                              United States Bankruptcy Judge