WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Greg A. Danilow (GD 1621)
Michael F. Walsh (MW 8000)

Attorneys for Appellees Leo R.
Breitman, Nathan Gantcher, David V.
Harkins, Scott L. Jaeckel, Thomas H.
Lee, Ronald L. O'Kelley, and Scott A.
Schoen

BAKER & HOSTETLER LLP
12100 Wilshire Blvd., Suite 1500
Los Angeles, CA 90025
Telephone: (310) 979-8460
Facsimile: (310) 820-8859
Helen B. Kim (HK 8757)

Attorneys for Appellee Dennis A.
Klejna

SAUL EWING LLP
245 Park Avenue, 24th Floor
New York, NY 10167
Telephone: (212) 672-1996
Facsimile: (212) 672-1920
John J. Jerome (JJ 2413)

Attorneys for Appellee Joseph Murphy

FRIEDMAN & WITTENSTEIN
A Professional Corporation
600 Lexington Avenue
New York, NY 10022
Telephone: (212) 750-8700
Facsimile: (212) 223-8391
Stuart I. Friedman (SF 9186)
Ivan Kline (IK 9591)

Attorneys for Appellees William M.
Sexton and Gerald M. Sherer

HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: (212) 832-8300
Facsimile: (212) 763-7600
Richard Cashman (RC 4769)

Attorneys for Appellee Philip
Silverman

ZUCKERMAN SPAEDER LLP
1540 Broadway, Suite 1604
New York, NY 10036
Telephone: (212) 704-9600
Norman L. Eisen (NE 1198)
Thomas G. Macauley (TM 3944)
Laura E. Neish (LN 0040)

-and-

HANNAFAN & HANNAFAN, Ltd.
One East Wacker Drive, Suite 2800
Chicago, IL 60601
Telephone: (312) 527-0055
Michael T. Hannafan
Blake T. Hannafan

Co-attorneys for Tone N. Grant

GOLENBOCK EISEMAN ASSOR
BELL & PESKOE LLP
437 Madison Avenue, 35th Floor
New York, NY 10022
Telephone: (212) 907-7300
Jeffrey T. Golenbock (JG 2217)
Adam C. Silverstein (AS 4876)

Attorneys for Appellee Phillip R.
Bennett

MORVILLO, ABRAMOWITZ,
GRAND, IASON, ANELLO &
BOHRER, P.C.
565 Fifth Avenue
New York, NY 10017
Telephone: (212) 856-9600
Facsimile: (212) 856-9494
Barbara Moses (BM 2952)
Rachel Korenblat (RK 0170)

- and -

LAW OFFICES OF GABRIEL DEL
VIRGINIA
641 Lexington Avenue, 21st Floor
New York, NY 10022
Telephone: (212) 371-5478
Gabriel Del Virginia (GV 4951)

Co-Attorneys for Appellee Robert C.
Trosten

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------------------x

AXIS REINSURANCE COMPANY,                          :
                                                    :
              Appellant,                            :      No. 07-CV-7924 (GEL)
                                                    :
       v.                                           :
                                                    :
PHILLIP R. BENNETT, et al.,                         :      [caption continued on next page]
                                                    :
              Appellees.                            :
--------------------------------------------------------------------------------x

**APPELLEE INSUREDS' JOINT RESPONSE TO AXIS**
**REINSURANCE COMPANY'S SUPPLEMENTAL BRIEF**
**CONCERNING EFFECT OF MAGGIO PLEA**

```
---------------------------------------------------------------x
In re                                    :
                                         :   Chapter 11
REFCO, INC., et al.,                     :   Case No. 05-60006 (RDD)
                                         :   (Jointly Administered)
                        Debtors.         :
---------------------------------------------------------------x
AXIS REINSURANCE COMPANY,                :
                                         :
                        Plaintiff,       :
                                         :   Adv. Proc. No. 07-01712 (RDD)
                        v.               :
                                         :
PHILLIP R. BENNETT, et al.,              :
                                         :
                        Defendants.      :
---------------------------------------------------------------x
TONE N. GRANT, et al.,                   :
                                         :
                        Plaintiffs,      :
                                         :
                        v.               :   Adv. Proc. No.  07-2005 (RDD)
                                         :
AXIS REINSURANCE COMPANY,                :
                                         :
                        Defendant.       :
---------------------------------------------------------------x
LEO R. BREITMAN, et al.,                 :
                                         :
                        Plaintiffs,      :
                                         :
                        v.               :   Adv. Proc. No.  07-2032 (RDD)
                                         :
AXIS REINSURANCE COMPANY,                :
                                         :
                        Defendant.       :
---------------------------------------------------------------x
AXIS REINSURANCE COMPANY,                :   (1) No. 07-CV-9420 (GEL)
                                         :   (2) No. 07-CV-9842 (GEL)
                        Plaintiff,       :   (3) No. 07-CV-10302 (GEL)
                                         :
                        v.               :
                                         :
PHILLIP R. BENNETT, et al.,              :
                                         :
                        Defendants.      :
---------------------------------------------------------------x
TONE N. GRANT, et al.,                   :
                                         :
                        Plaintiffs,      :
                                         :
                        v.               :   No. 07-CV-9843 (GEL)
                                         :
AXIS REINSURANCE COMPANY,                :
                                         :
                        Defendant.       :
---------------------------------------------------------------x
```

413555.1

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

STATEMENT OF FACTS ................................................................................................. 3

AGRUMENT ...................................................................................................................... 5

AXIS'S MOTION FOR A STAY PENDING APPEAL
SHOULD BE DENIED YET AGAIN ............................................................................... 5

    A.    Axis Has Not Shown a Strong Likelihood, or Even a Substantial
           Possibility, of Success on the Merits ...................................................... 6

    B.    Axis Has Not Demonstrated That It Will
           Suffer Irreparable Injury Absent a Stay .................................................. 9

    C.    The Insureds Will Be Severely and Immediately
           Harmed by a Stay ................................................................................... 11

    D.    A Stay Would Not Be in the Public Interest ......................................... 13

CONCLUSION ................................................................................................................. 14

# TABLE OF AUTHORITIES

## CASES

*In re Adelphia Commc'ns Corp.,*
    323 B.R. 345 (S.D.N.Y. 2005)......................................................................12

*In re Adelphia Commc'ns Corp.,*
    361 B.R. 337 (S.D.N.Y. 2007)..................................................................5, 6

*In re Allied Digital Tech. Corp.,*
    306 B.R. 505 (Bankr. D. Del. 2004) ..........................................................12

*Bergonzi v. Rite Aid Corp.,*
    No. Civ. A-20453, 2003 WL. 22407303 (Del. Ch. Ct. Oct. 20, 2003)...................... 8-9

*In re Bogdanovich,*
    No. 00 Civ. 2266 (JGK), 2000 WL 1708163 (S.D.N.Y. Nov. 14, 2000) .....................5

*Brenntag Int'l Chems., Inc v. Bank of India,* ....................................................10
    175 F.3d 245 (2d Cir. 1999)

*Dubose v. Pierce,*
    761 F.2d 913 (2d Cir. 1985).......................................................................5

*In re Enron Sec., Deriv. & ERISA Litig.,*
    391 F. Supp. 2d 541 (S.D. Tex. 2005) ..........................................................8

*Federated Strategic Income Fund v. Mechala Group Jamaica Ltd.,*
    No. 99 Civ. 10517 (HB), 1999 WL 993648 (S.D.N.Y. Nov. 2, 1999) ......................10

*Great Am. Ins. Co. v. Gross,*
    No. 3:05CV159, 2005 U.S. Dist. LEXIS 8003 (E.D. Va. May 3, 2005).......8-9, 11-13

*Hirschfeld v. Bd. of Elections in the City of N.Y.,*
    984 F.2d 35 (2d Cir.1993).........................................................................5

*Mitsubishi Power Sys., Inc. v. The Shaw Group, Inc.,*
    No. 04 Civ. 1251 (RMB), 2004 WL 527047 (S.D.N.Y. Mar. 16, 2004).....................10

*In re Prudential Lines, Inc.,*
    No. 93 Civ. 1481, 1994 WL. 142017 (S.D.N.Y. Apr. 20, 1994)..............................6-7

*Rodriguez v. DeBuono,*
    175 F.3d 227 (2d Cir. 1999).......................................................................5

*In re Tower Automotive Inc.*,
    241 F.R.D. 162 (S.D.N.Y. 2006) ...................................................................................6

*United States v. Gottlieb*,
    817 F.2d 475 (8th Cir. 1987) .......................................................................................9

*United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*,
    44 F.3d 1082 (2d Cir. 1995).......................................................................................12

*In re W.T. Grant Co.*,
    432 F. Supp. 105 (S.D.N.Y. 1977) ..............................................................................7

*In re WorldCom, Inc. Sec. Litigation*,
    354 F. Supp. 2d 455 (S.D.N.Y. 2005).................................................................. 12-14

## STATUTES

Fed. R. Bank. P. 9024 ...........................................................................................................7

Fed. R. Civ. P. 60(b) ............................................................................................................7

## PRELIMINARY STATEMENT

By Order dated January 2, 2008 (the "January 2 Order"), this Court denied the letter application of Axis Reinsurance Company ("Axis") for an immediate stay of the October 19, 2007 Order (the "October 19 Order") of the Bankruptcy Court (Drain, B.J.), requiring Axis to advance defense costs, pending this Court's determination of Axis's appeal from that Order. Axis based its request on the recent guilty plea of Santo C. Maggio, a former officer of Refco and an insured under the Axis policy. In denying Axis's request in the January 2 Order, the Court held that Axis's letter brief had "failed to make an adequate showing of the first three factors" pertinent to a stay application. The Court nevertheless directed the parties to "address the issues raised by the Maggio plea in supplemental briefs to the Court."

Axis did submit a supplemental brief, but, as is clear from even a cursory reading, that brief largely repeats the contents of Axis's prior letter application to the Court and rehashes its arguments on appeal, rather than addressing any issues purportedly raised by the Maggio plea. Indeed, Axis discusses the Maggio plea only in passing, and provides the Court with no additional facts or arguments to cure its previous "fail[ure] to make an adequate showing" in support of a stay.

As discussed below, the Court should once again deny Axis's request for a stay. Axis has made no showing that the Maggio plea -- the lynchpin of its stay motion -- has even marginally improved, let alone established a likelihood of success on, the merits of its appeal. Nor could Axis make such a showing, given that the Maggio plea, which occurred well after entry of the October 19 Order, had no bearing on the Bankruptcy Court's rulings from which Axis now appeals and is not relevant to any issue on appeal. Axis believes that the plea is relevant to the ultimate issue of coverage under Axis's policy -- an issue not before this Court on

appeal -- but even as to that issue, in denying Axis's initial request for a stay pending appeal, the Court observed that "whether the guilty plea of the insured Santo Maggio defeats coverage for all the insureds depends on whether certain 'warranty' documents form part of the policy, a contested issue the merits of which cannot be discerned adequately on the minimal briefing submitted." Axis's supplemental submission does nothing to advance the merits of that contested issue.

Nor does Axis's submission cure the deficiencies in its prior effort to show that it will be irreparably injured in the absence of a stay or that, on the other hand, the insureds would not suffer substantial harm if a stay were granted. In its January 2 Order, the Court found that "since the advancement of fees represents simply the payment of money that in principle can be recovered if the Order is reversed, Axis has not established irreparable injury," whereas "the insureds, including certain individuals who face criminal prosecution, will likely be severely and immediately harmed if advancement of their legal fees is suddenly stopped pending resolution of the pending case." Axis's supplemental brief provides no basis for altering those conclusions -- conclusions on which the Maggio plea necessarily has no bearing. Furthermore, even if the Court were to consider the public interest in deciding Axis's stay motion (which it should not), it is clear that the public interest favors denying the motion. The availability and enforcement of D&O policies, including their provisions on advancement obligations, are important factors in attracting individuals to serve public corporations as officers and directors. The Maggio plea does not change that fact.

In sum, in response to a directive from the Court to show how the Maggio plea affects Axis's motion for a stay pending appeal and/or the merits of the appeal itself, Axis has

come forward with nothing of substance. Its stay motion should be denied for a second time, and the October 19 Order should be affirmed.

## STATEMENT OF FACTS

This Court is aware of the basic facts underlying Axis's appeal from the October 19 Order, having received completed briefing on the appeal, which remains under consideration. We set forth the salient facts and procedural history pertinent to Axis's supplemental brief.

Axis appeals from the October 19 Order of the Bankruptcy Court granting the insureds' motions for summary judgment and requiring Axis to advance defense costs pending a final determination of coverage issues. (Axis also appeals from the Bankruptcy Court's denial of Axis's motion to dismiss counterclaims seeking a declaratory judgment of coverage.) While rejecting Axis's position that Axis has the right to unilaterally determine the applicability of exclusions for the purposes of advancing defense costs, the Bankruptcy Court did not rule on the applicability of any of the exclusions or other alleged defenses to coverage relied on by Axis. Instead the court concluded that those issues would need to be determined in the underlying coverage litigation.

In opposing the insureds' summary judgment motion, Axis advanced the same argument it now makes, *i.e.*, that certain warranty documents, which Axis claims are part of the policy, exclude coverage.[1] Then, as now, the insureds disputed the effect of these documents, arguing that neither document was properly part of the policy. In granting summary judgment, the Bankruptcy Court concluded that the issues relating to these items would have to be

---

[1] The two principal documents on which Axis relies are a warranty letter signed by Philip R. Bennett in which he stated that no insured had knowledge of any fact which might afford grounds for any claim, and a "knowledge exclusion" endorsement which purports to bar coverage for all insureds for claims arising out of any facts as to which any insured had knowledge as of the inception of the policy.

determined as part of the underlying coverage dispute. (Transcript of Hearing on Summary Judgment Motion Before the Honorable Robert D. Drain, October 12, 2007 (attached as Ex. H to the Gilbride Declaration submitted on Axis's appeal, at 41-43.)

On December 19, 2007, while Axis's appeal from the October 19 Order was pending, Santo C. Maggio pleaded guilty to four counts of fraud, including two counts of securities fraud, one count of conspiracy to commit fraud and one count of wire fraud. On December 20, 2007, Axis's counsel wrote to this Court, and requested an immediate stay of the October 19 Order pending its appeal from that Order. Axis argued that such a stay was warranted because Maggio in his plea admitted to participation in fraudulent activities at Refco prior to the inception of the Axis policy, and implicated other insureds in that activity. (Letter to Court from Joan M. Gilbride, Esq., dated December 19, 2007, at 2.) Axis argued that Maggio's plea "established" that Axis's unilateral denial of coverage was "correct, as a matter of law." (*Id.*) It further argued that absent the requested stay, Axis's appeal would become moot, because if it succeeded on the appeal, Axis would have little realistic hope of recovering the advancements from the insureds. (*Id.*, at 2-3.)

The Court denied Axis's request for a stay by the January 2 Order, holding that the argument that the Maggio guilty plea defeats coverage for all insureds "depends on whether certain 'warranty' documents form part of the policy, a contested issue the merits of which cannot be discerned adequately on the minimal briefing submitted." The Court also held that since the advancement of fees "represents simply the payment of money that in principle can be recovered if the Order is reversed," Axis had not established irreparable injury. Additionally, the Court recognized that the insureds, including the three indicted insureds (who face trial in March 2008), "will likely be severely and immediately harmed if advancement of their legal fees is

suddenly stopped pending resolution of the pending case." Nevertheless, the Court "directed

[the parties] to address the issues raised by the Maggio plea in supplemental briefs to the Court."

## ARGUMENT

### AXIS'S MOTION FOR A STAY PENDING APPEAL
### SHOULD BE DENIED YET AGAIN

The Court recited the applicable standard for granting a stay pending appeal in its

January 2 Order: "To obtain a stay pending appeal [of an order of the Bankruptcy Court], [a

party] must show: (1) a strong likelihood of success on the merits of the appeal; (2) that the

movant will suffer irreparable injury if the stay is denied; (3) that no substantial harm will be

suffered by others if the stay is granted; and (4) that the stay is in the public's interest." *In re*

*Bogdanovich,* No. 00 Civ. 2266 (JGK), 2000 WL 1708163, at *3 (S.D.N.Y. Nov. 14, 2000)

(*citing Rodriguez v. DeBuono,* 175 F.3d 227, 234 (2d Cir. 1999)).[2]

---

[2]  In its supplemental brief, Axis recites a slightly different standard. In particular, Axis cites to
cases observing that, on motion for a stay pending appeal, a court is to consider "whether a
movant has demonstrated a substantial possibility, although less than a likelihood, of success on
appeal" -- not, as this Court previously noted, a "strong likelihood of success on the merits."
(Axis Supp. Br. at 4-5.) In fact, the Second Circuit and District Courts within the Circuit have
recited both formulations of the standard. *Compare Rodriguez,* 175 F.3d at 234 ("To determine
whether a stay of an order pending appeal is appropriate, a court must evaluate . . . (1) whether
the stay applicant has made a strong showing that he is likely to succeed on the merits.") *with*
*Hirschfeld v. Bd. of Elections in the City of N.Y.,* 984 F.2d 35, 39 (2d Cir.1993) ("In this Circuit,
four factors are considered before staying the actions of a lower court [including] (3) whether the
movant has demonstrated a 'substantial possibility, although less than a likelihood of success' on
the appeal.") (*quoting Dubose v. Pierce,* 761 F.2d 913, 920 (2d Cir.1985)); *and compare In re*
*Bogdanovich, supra,* 2000 WL 1708163, at *3 (quoted above) *with In re Adelphia Commc'ns*
*Corp.,* 361 B.R. 337, 346 (S.D.N.Y. 2007) ("Four factor are considered [on a motion for stay
pending appeal, including] . . . (3) whether the movant has demonstrated a substantial possibility,
although less than a likelihood, of success on appeal").

Axis also cites case law for the proposition that "[t]he decision to grant the stay involves a
balancing of four factors, wherein a stronger showing on one factor may excuse a lesser showing
on another." (Axis Supp. Br. at 5 (*citing In re Adelphia Commc'ns Corp.,* 361 B.R. at 346)).
Even the cases Axis cites for that proposition, however, recognize that "[a] number of lower
courts within the Second Circuit have concluded that the failure of the movant to satisfy any one

In the January 2 Order, the Court held that Axis failed to make an adequate showing of any of the first three factors (and, as a result, found it unnecessary to consider the fourth factor, *i.e.*, the public interest.) Axis's supplemental brief provides the Court with no basis for altering that conclusion.

## A.     Axis Has Not Shown a Strong Likelihood, or Even a Substantial Possibility, of Success on the Merits

Axis does not argue that the Maggio plea is dispositive of the merits of its appeal. It does not even argue that the plea materially alters the merits. Axis contends only that the plea is supportive or corroborative of its existing arguments. According to Axis, the Maggio plea "serves to *underscore* what Axis has been arguing all along," *i.e.*, that it rightfully determined that there is no coverage under the policy and thus is not required to pay defense costs as incurred. (Axis Supp. Br. at 4 (emphasis added).)   Although Axis used different words, it made the same argument in its letter application to the Court.  The Court properly rejected the argument then, and should reject it again now.

As a matter of law, the Maggio plea -- which occurred a full two months after the October 19 Order -- cannot give rise to a substantial possibility of success on the merits of Axis's appeal; indeed, it cannot impact the appeal at all.  It is well settled that a court's appellate review of a bankruptcy court order is "limited to 'all documents and evidence bearing on the proceedings below and considered by the bankruptcy judge in reaching his decision.'" *In re Tower Automotive Inc.*, 241 F.R.D. 162, 171 n.8 (S.D.N.Y. 2006) (*quoting In re Prudential*

---

of the four factors a motion for a stay pending appeal of a bankruptcy court 'dooms the motion.'" *In re Adelphia Commc'ns Corp.*, 361 B.R. at 346-47.

In deciding Axis's motion, the Court need not reconcile these differences in the case law.  Under even the most favorable reading to Axis of the standard, it is clear that Axis's motion for a stay pending appeal -- regardless of the Maggio plea -- should be denied.

*Lines, Inc.*, No. 93 Civ. 1481, 1994 WL 142017, at \*2 (S.D.N.Y. Apr. 20, 1994)); *accord In re W.T. Grant Co.,* 432 F.Supp. 105, 107 (S.D.N.Y. 1977) ("The record on appeal should contain all documents and evidence bearing on the proceedings below and considered by the bankruptcy judge in reaching his decision."), *aff'd*, 559 F.2d 1206 (2d Cir. 1977).  The Maggio plea, which did not yet exist on October 19, was obviously not a document that bore on or was considered by the Bankruptcy Court in issuing the October 19 Order.  Accordingly, the Court cannot consider it now in the context of Axis's appeal.[3]  Moreover, since the Bankruptcy Court did not make any ruling on the applicability of any of the exclusions relied on by Axis (but determined instead that any such ruling would have to await determination in the underlying coverage litigation), Axis's belief that the Maggio plea is relevant to coverage could not make that plea -- no matter when it occurred -- relevant to the merits of the pending appeal.

Even if it were appropriate for the Court to consider the Maggio plea in the context of the appeal, Axis fails to offer anything more in its supplemental brief than what it offered in its letter application, which was rejected as insufficient.   In the January 2 Order, the Court observed that the issue of whether the Maggio plea defeats coverage for all insureds "depends on whether certain 'warranty' documents form part of the policy, a contested issue the merits of which cannot be discerned adequately on the minimal briefing submitted."[4]  Having

---

[3]  The recourse that the Federal Rules of Civil Procedure, and hence the Bankruptcy Rules (which incorporate them), provide to litigants, such as Axis, who believe they are entitled to relief from an order based on subsequent events is a motion for reconsideration. *See* Fed. R. Civ. P. 60(b); Fed. R. Bank. P. 9024.  Axis has not made such a motion.

[4]  The parties' dispute concerning the validity of the warranty documents is described in various motion papers submitted below, which now form part of the record on appeal, and is not repeated at length herein.  In brief, the insureds contend that: (1) the January 14, 2005 warranty letter signed by Bennett is not part of the Axis policy, because the letter is not incorporated or referred to in the policy, the endorsements or the binder for the policy and evidence indicates that the letter was executed in connection with a prior policy; (2) the knowledge exclusion also is not party of the Axis policy, because it, too, is not included in the binder for the policy and evidence

been afforded the opportunity to supplement its "minimal briefing" in order to describe the effect of the Maggio plea, Axis has nothing to add. It argues that because "Maggio, an Insured under the Axis Policy, pleaded guilty to – among several other things – securities fraud – and admitted knowledge of the fraud at Refco prior to the underwriting of the Axis Policy[,] . . . [i]t is now beyond cavil that the claim is excluded from coverage" under exclusions in certain warranty documents. (Axis Supp. Br. at 6-7). But this argument begs the question whether the warranty documents form part of the policy in the first place. Axis simply assumes -- without any factual or legal showing -- that the exclusions apply.

Moreover, assuming *arguendo* that the warranty documents were part of the Axis policy, Axis still has not shown that the Maggio plea excuses it from paying defense costs. As the Bankruptcy Court concluded, the plain language of the Axis policy provides that "absent a final determination by an objective fact finder, the insurer is obligated to pay defense costs that the insured reasonably contends are covered, notwithstanding the insurer's view that those costs are excluded or not covered under the policy." (Axis Desig. Item 36, at 13.) Ample case law holds that a guilty plea is not a final determination, and thus does not excuse an insurer from its advancement obligations on the basis of an exclusion. *See, e.g.*, *In re Enron Sec., Deriv. & ERISA Litig.*, 391 F.Supp. 2d 541, 574-75 (S.D. Tex. 2005) (concluding that "the majority view, requiring payment of defense expenses up until a final adjudication, is the better rule" and that a guilty plea is not a final adjudication); *Great Am. Ins. Co. v. Gross*, No. 3:05CV159, 2005 U.S. Dist. LEXIS 8003, at * 18 (E.D. Va. May 3, 2005) (finding that the "mere entry of [insureds']

---

indicates that the exclusion was not intended to be part of the policy; and (3) Bennett's failure to answer an entire question in the application, as a matter of law, cannot constitute grounds for denial of coverage. *See, e.g.,* Reply Memorandum of Defendants Dennis Klejna, Joseph Murphy, William M. Sexton, Gerald Sherer and Philip Silverman in Support of Motion to Require Axis to Pay Defense Costs, at 10-16.

guilty pleas is not enough to bar entitlement to Policy benefits [*i.e.*, defense costs] under the

Fraud Exclusion"); *Bergonzi v. Rite Aid Corp.*, No. Civ. A-20453, 2003 WL 22407303, at *2-3

(Del. Ch. Ct. Oct. 20, 2003) (noting that "there is Delaware Supreme Court and United States

Supreme Court authority that the entry of a guilty plea, before sentencing, is *not* a final

disposition," and thus holding that, notwithstanding the insured's guilty plea, he "has a presently

enforceable right to advancement"); *accord United States v. Gottlieb*, 817 F.2d 475, 476 (8th Cir.

1987) (holding that the denial of a motion to withdraw a guilty plea is not a final judgment

because the "court still must sentence [the defendant] and enter judgment"). Axis's

supplemental brief does not even address, let alone distinguish, this body of case law.[5]

In short, Axis's supplemental brief provides no basis for the Court to alter its prior

conclusion that Axis has failed to make a sufficient showing on the merits to justify a stay.

**B.    Axis Has Not Demonstrated That It Will Suffer Irreparable Injury Absent a Stay**

Axis effectively concedes that the Maggio plea is irrelevant to the Court's

consideration of the irreparable harm factor. Indeed, Axis does not even mention the plea in the

context of arguing that it will be irreparably harmed if its stay motion is denied. Rather, Axis is

left merely to expand upon the argument it previously advanced -- *i.e.*, that, absent a stay, it will

be irreparably injured because, if its appeal is granted, "it will have no practical ability to recover

the amounts paid" while the appeal is pending. (Axis Supp. Br. at 8.) In denying Axis's prior

motion for a stay in the January 2 Order, the Court rejected this argument.

---

[5] In addition, as the insureds pointed out in motion papers below, the severability provisions in
the primary (U.S. Specialty) policy, to which the Axis policy follows form, preclude the
imputation of Maggio's actions or knowledge to other insureds, and thus Maggio's plea could
only be a basis for denying coverage as to Maggio. *See, e.g.,* Memorandum of Defendants
Dennis Klejna, Joseph Murphy, William M. Sexton, Gerald Sherer and Philip Silverman in
Support of Motion to Require Axis to Pay Defense Costs, at 8 n.7.

Axis's citation to additional case law does not warrant a different result. While the language of the cases cited by Axis broadly states that irreparable injury exists when "there is a substantial chance that upon the final resolution of the action the parties cannot be returned to the positions they previously occupied," the actual holdings of the cases are not nearly as broad. (Axis Supp. Br. at 9 (*quoting Brenntag Int'l Chems., Inc. v. Bank of India*, 175 F.3d 245, 249 (2d Cir. 1999).) Rather, the cases recognize an "exception" to the general rule that monetary injury does not constitute irreparable harm -- known as the "insolvency" exception -- where "the defendant is insolvent or insolvency is threatened." *Federated Strategic Income Fund v. Mechala Group Jamaica Ltd.*, No. 99 Civ. 10517 (HB), 1999 WL 993648, at * 8 (S.D.N.Y. Nov. 2, 1999) (cited by Axis); *see Brenntag Int'l Chems., Inc.*, 175 F.3d at 249 ("[C]ourts have excepted from the general rule regarding monetary injury situations involving obligations owned by insolvents"); *Mitsubishi Power Sys., Inc. v. The Shaw Group, Inc.*, No. 04 Civ. 1251 (RMB), 2004 WL 527047, at * 2 (S.D.N.Y. Mar. 16, 2004) ("Courts have generally applied this limited exception where insolvency is imminent"). Axis has not made any showing that this "limited exception" applies under the circumstances here. In fact, Axis has presented no evidence to support its allegation as to its purported inability to recoup monies advanced from any of the insureds.

Notably, Axis has not cited a single case involving D&O insurance where a court has permitted the insurer to withhold defense costs because the insured might not be able to pay back the advanced funds if the insurer ultimately wins the coverage dispute. To the contrary, at least one court has held that while advancing defense costs to insureds -- even insureds who have pled guilty to criminal charges -- may expose the insurer to increased monetary liability, "this monetary liability was contractually agreed to by the parties"; hence, the insurer "cannot be

irreparably harmed by doing that which it agreed to do under the plain language under the Policy or by doing what it was contractually obligated to do." *Great Amer. Ins. Co.*, 2005 U.S. Dist. LEXIS 8003, at * 15-16.

Any other conclusion would countenance the Catch-22 that Axis and other insurers seek to employ in order to evade their advancement obligations:  If the insured is of modest means, then the insurer would be entitled to withhold defense costs pending a determination of coverage on the theory that "it will have no practical ability to recover the amounts paid" if it later prevails in its coverage dispute. (Axis Supp. Br. at 8.)  On the other hand, if the insured has means, then the insurer would be entitled to withhold defense costs pending a determination of coverage on the theory that the insured will not suffer substantial harm if he has to pay attorneys' fees out of his or her own pocket while coverage is decided. (Axis Supp. Br. at 10-11.)  While such a Catch-22 is favored by Axis and other insurers, it is not favored by the law.  Accordingly, notwithstanding the Maggio plea, Axis's supplemental brief, like its letter brief, fails to establish the second stay factor -- that Axis will be irreparably harmed in the absence of a stay.

## C.    The Insureds Will Be Severely and Immediately Harmed by a Stay

In the January 2 Order, the Court found that "the insureds, including certain individuals who face criminal prosecution, will likely be severely and immediately harmed if advancement of their legal fees is suddenly stopped pending resolution of the pending case." The Maggio plea does not alter that finding, and Axis, in its supplemental brief, does not contend otherwise.  Rather, Axis disputes the Court's prior finding on the basis of its bare assertion -- ungrounded in any evidentiary showing -- that "[i]t certainly is not uncommon for law firms to bill clients on bi-monthly or even quarterly schedules" and thus that a delay in payment of

defense costs would not disrupt the insured's defense efforts or arrangements.  (Axis Supp. Br. at

10.)[6]

Axis's position finds no support in the case law, which overwhelmingly holds that

insureds, such as the Appellees, face irreparable harm absent advancement.  *See In re*

*WorldCom, Inc. Sec. Litig.*, 354 F. Supp. 2d 455, 469 (S.D.N.Y. 2005) ("The failure to receive

defense costs when they are incurred constitutes 'an immediate and direct injury'") (*quoting*

*Wedtech Corp. v. Fed. Ins. Co.*, 740 F. Supp. 214, 221 (S.D.N.Y. 1990)); *In re Adelphia*

*Commc'ns Corp.*, 323 B.R. 345, 374 (inability of directors and/or officers to defend themselves

has serious consequences, and is irreparable); *Great Am. Ins. Co.*, 2005 U.S. Dist. LEXIS 8003,

at * 18 (denial of preliminary injunction requiring advancement "would essentially cripple

[insureds'] defense and leave them with no ability to defend their interests"); *In re Allied Digital*

*Tech. Corp.*, 306 B.R. 505, 513 (Bankr. D. Del. 2004) (granting directors and officers relief from

stay to obtain payment for defense costs, finding that they otherwise would be prevented from

conducting a meaningful defense to the Trustee's claims "'and may suffer substantial and

irreparable harm'" (citation omitted)).   Not surprisingly, Axis does not cite a single case

supporting its position that, under the circumstances here, the insureds would not be substantially

harmed if Axis were permitted to cease advancing defense costs.

---

[6]  Axis also faults the insureds for not having provided the Court with proof of their economic
circumstances.  In so doing, Axis improperly seeks to shift the burden on its motion.  As the
movant, it is Axis's burden to demonstrate that the factors to be considered on a stay motion
weigh in its favor; it is not the insureds' burden to demonstrate that the requirements for a stay
are not satisfied.  *See United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 44
F.3d 1082,1084 (2d Cir. 1995) (the party seeking a stay bears the burden of proving its
entitlement to that relief).  Moreover, even if Axis's assumptions concerning the insureds'
arrangements with their lawyers were correct, its position would be unavailing.  Axis points to
no authority -- and we are aware of none -- permitting an appellant to obtain a stay on appeal by
showing that the harm resulting from such a stay would be borne by the appellees' counsel,
rather than solely by the appellees themselves.

In sum, the January 2 Order properly held that, if a stay were granted, the insureds would suffer severe and immediate injury, and Axis's supplemental brief does not demonstrate otherwise.

**D.     A Stay Would Not Be in the Public Interest**

The Court previously found that, because Axis had failed to establish that any of the first three factors weigh in favor of a stay, the Court need not address the fourth factor, *i.e.*, whether public interest supports the granting of a stay. Nothing in Axis's supplemental brief requires the Court to alter that approach. Nevertheless, to the extent the Court determines to consider the public interest factor, it should find that that factor supports denying Axis's stay motion.

Axis claims that "no public policy is served by gifting the Insureds millions of dollars to reward them for successfully defrauding their Insurer." (Axis Supp. Br. at 11.) In other words, Axis's position is that permitting *accused* wrongdoers -- for at this point that is all the insureds are -- to collect insurance, even as advancement subject to repayment if there is no coverage, is contrary to the public interest. (Axis Supp. Br. at 11.) But insuring accused wrongdoers is precisely what D&O insurers contract to do. Thus, as one court put it, "[p]ublic policy is served by requiring [the insurer] to continue forwarding the costs of defense to [insureds] because it is in the public interest to see parties abide by their contractual obligations." *Great Am. Ins. Co.*, 2005 U.S. Dist. LEXIS 8003, at * 19 (granting preliminary injunction obligating insurer to advance defense costs to insureds who pled guilty). Moreover, as Judge Cote recognized in *Worldcom,* if the insureds cannot rely on the coverage provided by D&O insurance policies, companies will find it difficult to retain capable officers and directors. *See In*

*re WorldCom Sec. Litig.*, 354 F. Supp. 2d at 470. These policy considerations weigh against granting Axis's stay motion.

Accordingly, Axis's supplemental brief, just like its letter brief, fails to establish that any of the factors to be considered on a stay motion favor Axis.

## CONCLUSION

For the reasons set forth above, Axis's request for a stay of the Order of the Bankruptcy Court dated October 19, 2007 should be denied. Moreover, because Axis has not demonstrated that the Maggio plea has any effect on its appeal, the October 19 Order should be affirmed.

Dated: January 28, 2008
      New York, New York

/s Michael F. Walsh

Greg A. Danilow, Esq. (GD 1621)
Michael F. Walsh, Esq. (MW 8000)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Appellees Leo R. Breitman,*
*Nathan Gantcher, David V. Harkins,*
*Scott L. Jaeckel, Thomas H. Lee,*
*Ronald L. O'Kelley, and Scott A. Schoen*

/s Helen B. Kim

Helen B. Kim, Esq. (HK 8757)

BAKER & HOSTETLER LLP
12100 Wilshire Blvd., Suite 1500
Los Angeles, CA 90025
Telephone: (310) 979-8460
Facsimile: (310) 820-8859

*Attorneys for Appellee Dennis A. Klejna*

/s Norman L. Eisen

Norman L. Eisen, Esq. (NE 1198)
Thomas G. Macauley (TM 3944)
Laura E. Neish (LN 0040)

ZUCKERMAN SPAEDER LLP
1540 Broadway, Suite 1604
New York, NY 10036
Telephone: (212) 704-9600

-and-

HANNAFAN & HANNAFAN, Ltd.
One East Wacker Drive, Suite 2800
Chicago, IL 60601
Telephone: (312) 527-0055
Michael T. Hannafan
Blake T. Hannafan

*Co-Attorneys for Appellee Tone N. Grant*

*413555.1*

14

/s Ivan O. Kline

---

Stuart I. Friedman, Esq. (SF 9186)
Ivan Kline, Esq. (IK 9591)

FRIEDMAN & WITTENSTEIN
A Professional Corporation
600 Lexington Avenue
New York, NY 10022
Telephone: (212) 750-8700
Facsimile: (212) 223-8391

*Attorneys for Appellees William M.
Sexton and Gerald M. Sherer*

/s John J. Jerome

---

John J. Jerome (JJ 2413)
Timothy E. Hoeffner (TH 4195)

SAUL EWING LLP
245 Park Avenue, 24th Floor
New York, NY 10167
Telephone: (212) 672-1996
Facsimile: (212) 672-1920

*Attorneys for Appellee Joseph Murphy*

/s Jeffrey T. Golenbock

---

Jeffrey T. Golenbock, Esq. (JG 2217)
Adam C. Silverstein, Esq. (AS 4876)

GOLENBOCK EISEMAN ASSOR
BELL & PESKOE LLP
437 Madison Avenue, 35th Floor
New York, NY 10022
Telephone: (212) 907-7300

*Attorneys for Appellee Phillip R. Bennett*

/s Richard Cashman

---

Richard Cashman, Esq. (RC 4769)

HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: (212) 832-8300
Facsimile: (212) 763-7600

*Attorneys for Appellee Philip Silverman*

/s Barbara Moses

---

Barbara Moses, Esq. (BM 2952)
Rachel Korenblat, Esq. (RK 0170)

MORVILLO, ABRAMOWITZ,
GRAND, IASON, ANELLO &
BOHRER, P.C.
565 Fifth Avenue
New York, NY 10017
Telephone: (212) 856-9600
Facsimile: (212) 856-9494

-and-

LAW OFFICES OF GABRIEL DEL
VIRGINIA
641 Lexington Avenue, 21st Floor
New York, NY 10022
Telephone: (212) 371-5478
Gabriel Del Virginia (GV 4951)

*Co-attorneys for Appellee Robert C.
Trosten*