UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x
AXIS REINSURANCE COMPANY,                              :   Adv. Proc. No. 07-01712 RDD
                                                       :
                        Plaintiff,                     :
        v.                                             :
                                                       :
PHILLIP R. BENNETT, et al.,                            :
                                                       :
                        Defendants.                    :
------------------------------------------------------------------------ x
AXIS REINSURANCE COMPANY,                              :   Case No. 07-cv-07924 (GEL)
                                                       :
                        Plaintiff,                     :
        v.                                             :
                                                       :   *Electronically Filed*
PHILLIP R. BENNETT, et al.,                            :
                                                       :
                        Defendants.                    :
------------------------------------------------------------------------ x

**DECLARATION OF HELEN B. KIM IN SUPPORT OF MOTION BY DEFENDANT
AND COUNTERCLAIM PLAINTIFF DENNIS A. KLEJNA FOR SUMMARY
JUDGMENT DISMISSING THE COMPLAINT OF AXIS REINSURANCE COMPANY
AND FOR ENTRY OF DECLARATORY JUDGMENT IN FAVOR OF KLEJNA ON
COUNT I OF HIS COUNTERCLAIMS**

I, HELEN B. KIM, hereby declare:

1.  I am an attorney admitted to practice law in the State of New York and in this Court. I am a partner in Katten Muchin Rosenman LLP, attorneys for Defendant and Counterclaim Plaintiff Dennis A. Klejna in the above-referenced adversary proceeding. I respectfully submit this declaration in support of the motion of Mr. Klejna, pursuant to Fed. R. Civ. P. 56, for entry of judgment dismissing the Complaint of Axis Reinsurance Company ("Axis") and in favor of Dennis Klejna on Count I of his Counterclaims against Axis.

2.  Mr. Klejna is a former officer of Refco and a defendant in *In re Refco, Inc. Securities Litigation*, Master File No. 05 Civ. 8626 (GEL) (S.D.N.Y.) (the "Securities Litigation"), a putative class action brought on behalf of Refco bondholders and shareholders.

Attached as Exhibit 1 is a true and accurate copy of the Second Amended Consolidated Class Action Complaint, dated December 3, 2007, in the Securities Litigation.

3. Attached as Exhibit 2 is a true and accurate copy of a letter dated April 25, 2007 from Leslie S. Ahari at Ross, Dixon & Bell, LLP, counsel for U.S. Specialty Insurance Company, to Luc A. Despins and Dennis C. O'Donnell at Milbank, Tweed, Hadley & McCloy LLP.

4. Attached as Exhibit 3 is a true and accurate copy of a letter dated August 8, 2007 from James E. Tolan at D'Amato & Lynch, counsel for Lexington Insurance Company ("Lexington"), to Luc A. Despins and Dennis C. O'Donnell at Milbank, Tweed, Hadley & McCloy LLP.

5. On July 30, 2007, shortly before the exhaustion of the Lexington policy (the "Lexington Policy"), Mr. Klejna received an offer from the Lead Plaintiffs in the Securities Litigation to settle the claims made against Mr. Klejna in the Securities Litigation. As required by the terms of the Primary Policy, I promptly tendered that settlement offer to Lexington for its approval and consent. James Tolan of D'Amato & Lynch, Lexington's counsel, responded that, prior to receiving Mr. Klejna's settlement demand, Lexington had already received bills for defense costs that would exhaust the Lexington Policy. A true and accurate copy of my email to Mr. Tolan, dated July 30, 2007, is attached as Exhibit 4.

6. On August 3, 2007, Lexington further advised that, in view of the Primary Policy's silence on the issue of priority of payments as between defense costs and settlements, Lexington was adhering to the "first come, first serve" doctrine to determine how Lexington should pay out its remaining limit of liability. A true and accurate copy of Mr. Tolan's August 3, 2007 letter is attached as Exhibit 5.

31426602

7. In light of Lexington's response, I promptly tendered the settlement offer to the next excess carrier, Axis, for its approval and consent, as required by the terms of the Primary Policy. A true and accurate copy of my email to counsel for Axis tendering the settlement offer, dated July 31, 2007, is attached hereto as Exhibit 6. On July 31, 2007, when I tendered his settlement to Axis, the full $10 million limit of liability was available to fund the settlement. Nevertheless, since August 1, 2007, Axis has consistently refused to consent to or to fund the settlement, citing *inter alia*, its March 6, 2006 denial of coverage.

8. A true and accurate copy of this Court's January 22, 2008 Order preliminarily approving Mr. Klejna's settlement of the Securities Litigation claims is attached as Exhibit 7.

9. Notwithstanding this Court's January 22, 2008 Order, however, Axis has continued to refuse to consent to or to fund Mr. Klejna's settlement in the Securities Litigation.

10. On May 23, 2007, Axis, the second excess carrier, commenced an adversary proceeding against the Moving Insureds and others entitled *Axis Reinsurance Company v. Bennett et al.*, Adv. Proc. No. 07-01712 (Bankr. S.D.N.Y.) (the "Axis Adversary Proceeding"), seeking a declaration that it had no obligations to its Insureds under the Axis Policy. A true and accurate copy of the complaint filed by Axis in the Axis Adversary Proceeding on May 23, 2007 ("Axis Complaint I"), together with Exhibits A, B and C annexed thereto, is attached as Exhibit 8.

11. Axis Complaint I lists the various lawsuits of which Axis had received notice under SecurExcess Policy No. RNN 5063000 (the "Axis 2005-2006 Policy"). *See* Ex. 8 ¶¶ 87-111, 121-139. Mr. Klejna has not submitted any claims for coverage under SecurExcess Policy No. RNN 503865 (the "Axis 2004-2005 Policy").

12. In addition to the lawsuits listed in Axis Complaint I, Mr. Klejna has given notice to Axis of the following Refco-related actions:

31426602

(a)   Subpoena to Mr. Klejna in *In re Refco LLC,* 05-60134 (S.D.N.Y.) (RDD); and

(b)   *United States v. Funds on Deposit at Bear Stearns Account Number 893-86267 in the Name of Dennis A. Klejna," Up to And Including $5,800,000, And All Funds Traceable Thereto,* 07 Mag. 2148 (S.D.N.Y.).

13.   These matters, together with the lawsuits referenced in Paragraphs 87-111 and 121-139 of Axis Complaint I are hereinafter referred to as the "Underlying Actions."

14.   On June 12, 2007, five of the defendants in the Axis Adversary Proceeding, including Mr. Klejna, answered Axis's complaint and filed counterclaims seeking a declaration of coverage under the Axis 2005-2006 Policy, and an injunction to compel Axis to pay losses, including defense costs, in those Underlying Actions in which they had been named. A true and accurate copy of Mr. Klejna's Amended Answer and Counterclaims, dated July 31, 2007, is attached as Exhibit 9.

15.   Attached as Exhibit 10 is a true and accurate copy of Axis' Answer, dated August 23, 2007, to Mr. Klejna's Counterclaims.

16.   Attached as Exhibit 11 is a true and accurate copy of the Bankruptcy Court's Order, dated August 30, 2007, dismissing Axis Complaint I.

17.   On August 30, 2007, I executed a Memorandum of Understanding ("MOU") with Lead Plaintiffs regarding Mr. Klejna's settlement of the Securities Litigation and tendered the fully executed MOU to Axis' counsel that day. A true and accurate copy of the August 30, 2007 MOU is attached as Exhibit 12.

18.   A true and accurate copy of the Bankruptcy Court's Order, dated August 31, 2007, granting the motion of Mr. Klejna and other officers for a preliminary injunction compelling Axis to advance defense costs for attorneys fees is attached as Exhibit 13.

31426602

19. Attached as Exhibit 14 is a true and accurate copy of the Bankruptcy Court's Order, dated September 12, 2007, Granting, In Part, the Motion for Preliminary Relief in the adversary proceeding, *Grant v. Axis Reinsurance Co.*, Adv. Proc. No. 07-2005-RDD (Bankr. S.D.N.Y.).

20. Attached as Exhibit 15 is a true and accurate copy of the Bankruptcy Court's Order, dated October 19, 2007, and modified on October 22, 2007, Granting Motions for Summary Judgment against Axis on the issue of advancement of defense costs and fees. Axis filed an appeal to the District Court from this Court's summary judgment order. The appeal has been fully briefed and remains pending before this Court.

21. Attached as Exhibit 16 is a true and accurate copy of this Court's Order, dated November 13, 2007, which, among other things, withdrew the bankruptcy reference with respect to the remaining claims then pending in the United States Bankruptcy Court for the Southern District of New York as consolidated adversary proceedings No. 07-1712-RDD, 07-2005-RDD and 07-2032-RDD.

22. On December 19, 2007, Santo C. Maggio, a former Refco officer and an insured under the Axis Policy pleaded guilty before the United States District Court for the Southern District of New York to two counts of securities fraud, one count of conspiracy to commit securities fraud and one count of wire fraud. By letter dated December 20, 2007, and thereafter by supplemental briefing directed by Judge Lynch, Axis moved for a stay of the summary judgment order base on Mr. Maggio's guilty plea. Attached as Exhibit 17 is a true and accurate copy of a letter, dated December 20, 2007, from Joan Gilbride of Kaufman Borgeest & Ryan LLP, counsel for Axis, to Judge Lynch.

23. On February 19, 2008, in further support of its stay motion, Axis brought to Judge Lynch's attention the fact that, on February 15, 2008, Phillip Bennett, the former Chief

Executive Officer of Refco, pleaded guilty to each of the twenty counts of the indictment against him. Attached as Exhibit 18 is a true and accurate copy of a letter, dated February 19, 2008, from Joan Gilbride of Kaufman Borgeest & Ryan LLP, counsel for Axis, to Judge Lynch.

24. On February 19, 2008, this Court issued an order denying Axis' motion for a stay. Attached as Exhibit 19 is a true and accurate copy of this Court's Order, dated February 19, 2008, denying Axis' motion for a stay.

25. On September 10, 2007, Axis filed a new Complaint in this Court, Case No. 07-cv-07924 (GEL) ("Axis Complaint II") that is nearly identical to the Complaint dismissed by the Bankruptcy Court (*i.e.*, Axis Complaint I). A true and accurate copy of Axis Complaint II, dated September 10, 2007, together with Exhibits A, B and C thereto, is attached as Exhibit 20. As in Axis Complaint I, Axis Complaint II lists the various lawsuits of which Axis had received notice under the Axis 2005-2006 Policy. See Exhibit 20 ¶¶ 84-136.

26. Axis' counsel has recently advised that Axis intends to seek repayment of the $10 million that Axis has advanced to the individual insureds under the Axis Policy and that it intends to hold Mr. Klejna jointly liable for the $10 million advanced, plus interest and attorney's fees.

27. The Refco, Inc. that was the subject of an enforcement proceeding by the Commodity Futures Trading Commission in 1994 is a different juridical entity than the Refco Inc. that is the subject of the Underlying Actions. Attached as Exhibit 21 is a true and correct copy of a "Corporation File Detail Report" from the Illinois Secretary of State concerning Refco, Inc., indicating that the entity "MERGED OR CONSOLIDATED 07 12 01 DE LLC." Attached as Exhibit 22 is a true and correct copy of the "Entity Details" information from the Delaware Secretary of State, Division of Corporations for Refco, LLC, describing a filing on July 12, 2001 wherein the entity was the "survivor" of a "merger."

31426602

I declare under penalty of perjury that the statements made herein are true and correct.

Dated: Los Angeles, California
March 28, 2008

                                                             /s/ Helen B. Kim
                                                                  Helen B. Kim