HELEN B. KIM (HK-8757)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Telephone:    310-788-4525
Facsimile:    310-712-8226

PHILIP A. NEMECEK (PN-3319)
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, NY 10022-2585
Telephone:    212-940-8834
Facsimile:    212-940-8776

*Attorneys for Defendant and Counterclaim
Plaintiff Dennis A. Klejna*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
AXIS REINSURANCE COMPANY,                :    Adv. Proc. No. 07-01712 RDD
                                         :
             Plaintiff,                  :
    v.                                   :
                                         :    *Electronically Filed*
PHILLIP R. BENNETT, et al.,              :
                                         :
             Defendants.                 :
------------------------------------------------------------------x
AXIS REINSURANCE COMPANY,                :    Case No. 07-cv-07924 (GEL)
                                         :
             Plaintiff,                  :
    v.                                   :
                                         :    *Electronically Filed*
PHILLIP R. BENNETT, et al.,              :
                                         :
             Defendants.                 :
------------------------------------------------------------------x

**STATEMENT OF UNDISPUTED MATERIAL FACTS PURSUANT TO
LOCAL RULE 56.1 IN SUPPORT OF MOTION BY DEFENDANT AND
COUNTERCLAIM PLAINTIFF DENNIS A. KLEJNA FOR
SUMMARY JUDGMENT DISMISSING THE COMPLAINT OF AXIS
REINSURANCE COMPANY AS AGAINST HIM AND FOR A DECLARATORY
<u>JUDGMENT IN FAVOR OF KLEJNA ON COUNT I OF HIS COUNTERCLAIMS</u>**

Pursuant to Rule 56.1 of the Local Rules for the Southern District of New York, Defendant and Counterclaim Plaintiff Dennis Klejna respectfully submits the following Statement of Undisputed Material Facts in support of his motion for summary judgment dismissing the complaint of Axis Reinsurance Company ("Axis") and for a declaratory judgment in favor of Mr. Klejna on Count I of his Counterclaims.

1. Mr. Klejna is a former officer of Refco Inc. and/or one or more subsidiaries thereof.

*Evidence:* Complaint of Axis, dated May 23, 2007, Adv. Proc. No. 07-01712 (Bankr. S.D.N.Y.) ("Axis Compl. I") ¶ 24, attached as Exhibit 8 to the Declaration of Helen B. Kim in support of motion for summary judgment, dated March 28, 2008 ("Kim Decl."), Complaint of Axis, filed September 10, 2007, in 07-cv-07924 (S.D.N.Y.) ("Axis Compl. II") ¶ 23, attached as Exhibit 20 to the Kim Decl.; Amended Answer and Counterclaims of Dennis A. Klejna and Joseph Murphy, July 31, 2007, in Adv. Proc. No. 07-01712 ("Counterclaims") ¶ 8, attached as Exhibit 9 to Kim Decl.; Answer of Axis to Counterclaims, dated August 23, 2007, in Adv. Proc. No. 07-01712, ¶ 8, attached as Exhibit 10 to Kim Decl.

2. Plaintiff and Counterclaim Defendant Axis Reinsurance Company ("Axis") is an insurance company that is organized and exists pursuant to the laws of the State of New York, with its principal place of business in New York.

*Evidence:* Axis Compl. I ¶ 17, Axis Compl. II ¶ 16.

3. On October 17, 2005, Refco Inc. and many of its direct and indirect subsidiaries filed voluntary petitions for relief in this Court under Chapter 11 of the United States Bankruptcy Code.

*Evidence:* Axis Compl. II ¶¶ 14, 58.

4.      Mr. Klejna has been named a defendant in *In re Refco Sec. Litig.*, 05 Civ. 8626 (S.D.N.Y.) (GEL), a putative class action brought on behalf of Refco bondholders and shareholders (the "Securities Litigation").

*Evidence:* Axis Compl. I ¶ 133; Axis Compl. II ¶ 130; Kim Decl. ¶ 2 & Ex. 1.

5.      For the policy period, August 5, 2004 to August 11, 2005, Refco Group Ltd., LLC had a Directors & Officers insurance tower as follows: (1) U.S. Specialty Insurance Company Directors, Officers and Organization Liability Insurance Policy No. 24-MGU-04-A4151 ($10 million primary coverage) (the "U.S. Specialty 2004-2005 Policy"); (2) Greenwich Insurance Company Policy No. ELU086772-04 ($10 million excess of $10 million) and (3) Axis SecurExcess Policy No. RNN 503865 ($10 million excess of $20 million) (the "Axis 2004-2005 Policy").

*Evidence:* Declaration of Pamela Sylwestrzak, dated March 27, 2007 ("Sylwestrzak Decl"), ¶ 3.

6.      U.S. Specialty Insurance Company ("U.S. Specialty") issued to Refco Group Ltd., LLC a policy binder, dated August 5, 2004.

*Evidence*: Sylwestrzak Decl. ¶ 5 & Ex. B thereto.

7.      Pursuant to U.S. Specialty's August 5, 2004 policy binder, Refco Group Ltd., LLC submitted an application to U.S. Specialty.

*Evidence:* Sylwestrzak Decl. ¶ 6 & Ex. C thereto.

8.      Axis issued a policy binder, dated August 5, 2004, to Refco Group Ltd., LLC.

*Evidence*: Sylwestrzak Decl. ¶ 7 & Ex. D thereto.

9.      In issuing Axis SecurExcess Policy No. RNN 503865 for the policy period August 5, 2004 to August 11, 2004, Axis required no application of its own, relying instead upon the application submitted by Refco Group Ltd., LLC to U.S. Specialty for U.S.

Specialty Insurance Company's Directors, Officers and Organization Liability Insurance Policy No. 24-MGU-04-A4151.

*Evidence*: Sylwestrzak Decl. ¶ 9.

10. Consistent with its August 5, 2004 policy binder, Axis requested that Refco Group Ltd., LLC provide it with a warranty letter.

*Evidence*: Sylwestrzak Decl. ¶ 10 & Ex. E thereto.

11. Refco Group Ltd., LLC submitted to Axis a warranty letter, executed by Phillip Bennett on or about January 21, 2005 (the "Warranty Letter"), including attachments to the letter regarding a litigation entitled *Louis Capital Markets, L.P. v. Refco Group Ltd., LLC.*

*Evidence*: Sylwestrzak Decl. ¶ 10 & Ex. E thereto.

12. The Warranty Letter was never submitted to U.S. Specialty nor was it ever attached to Refco Group Ltd., LLC's application to U.S. Specialty.

*Evidence*: Sylwestrzak Decl. ¶ 11.

13. On or about April 25, 2005, Axis issued SecurExcess Policy No. RNN 503865 to Refco Group Ltd., LLC for the period August 5, 2004 to August 5, 2005.

*Evidence*: Sylwestrzak Decl. ¶ 12 & Ex. F thereto.

14. The Warranty Letter was submitted by Refco Group Ltd., LLC to Axis before any discussions commenced regarding insurance coverage that was later purchased by Refco Inc. for the policy period August 11, 2005 to August 11, 2006.

*Evidence*: Sylwestrzak Decl. ¶ 13.

15. In 2005, Refco Inc. procured a tower of Directors and Officers liability insurance, for the period from August 11, 2005 to August 11, 2006 (the "2005-2006 Policy Period"), consisting of a primary policy and five excess policies.

*Evidence:*   Axis Compl. I ¶¶ 36-38; Axis Compl. II ¶¶ 4, 34-36; Sylwestrzak Decl, ¶ 14.

16. For the 2005-2006 Policy Period, U.S. Specialty issued the primary policy, with a $10 million limit of liability (the "2005-2006 U.S. Specialty Policy," or the "2005-2006 Primary Policy").

*Evidence:* Axis Compl. I ¶ 37, Ex. B; Axis Compl. II ¶ 35, Ex. B; Sylwestrzak Decl. Ex. G at Declarations Page.

17. In issuing Directors, Officers and Corporate Liability Insurance Policy No. 24-MGU-05-A10821, U.S. Specialty did not require a new application from Refco Inc., relying, instead, upon the application submitted by Refco Group Ltd., LLC to U.S. Specialty for the policy period August 5, 2004 to August 11, 2005.

*Evidence*: Sylwestrzak Decl. ¶ 16.

18. The 2005-2006 Primary Policy names as an "Insured Person" under the Policy "any past, present or future director or officer of the Company."

*Evidence:* Axis Compl. I Ex. B; Axis Compl. II Ex. B; Sylwestrzak Decl. Ex. G at p. 3 (Definition (F)).

19. The 2005-2006 Primary Policy provides that "[t]he Insurer will pay to or on behalf of the Insured Persons Loss arising from Claims . . . against the Insured Persons for Wrongful Acts."

*Evidence:* Axis Compl. I Ex. B; Axis Compl. II Ex. B; Sylwestrzak Decl. Ex. G at p. 2 (Insuring Agreement (A)).

20. U.S. Specialty paid the defense costs of the Insureds until the limits of the U.S. Specialty 2005-2006 Policy were exhausted.

*Evidence: See* Axis Compl. I ¶ 46; Axis Compl. II ¶ 44; Kim Decl. Ex. 2.

21. Axis Complaint I and Axis Complaint II list the various lawsuits of which Axis has received notice under the Axis 2005-2006 Policy.

*Evidence;* Axis Compl. I ¶¶ 87-111, 121-139; Axis Compl. II ¶¶ 84-136.

22. In addition to the lawsuits listed in Axis Complaint I, Mr. Klejna has given notice to Axis of the following Refco-related actions:

(a) Subpoena to Mr. Klejna in *In re Refco LLC*, 05-60134 (S.D.N.Y.) (RDD); and

(b) *United States v. Funds on Deposit at Bear Stearns Account Number 893-86267 in the Name of Dennis A. Klejna," Up to And Including $5,800,000, And All Funds Traceable Thereto*, 07 Mag. 2148 (S.D.N.Y.).

*Evidence:* Kim Decl. ¶ 12.

23. Mr. Klejna properly gave notice to Axis of each of lawsuits referenced in Paragraphs 87-111 and 121-139 of Axis Complaint I and in Paragraphs 84-136 of Axis Complaint II, to which Mr. Klejna is a party, and of the matters referenced in Paragraph 22 above (hereinafter the "Underlying Actions").

*Evidence: See* Axis Compl. I ¶¶ 4, 101, 133, 140; Axis Compl. II ¶¶ 5, 98, 130, 137; Kim Decl. ¶ 12.

24. The Securities Litigation and the other Underlying Actions for which Mr. Klejna has sought coverage under the Axis 2005-2006 Policy are "Claims" for "Wrongful Acts," as defined in the 2005-2006 Primary Policy.

*Evidence:* Axis Compl. I ¶¶ 87, 113, 120, 133, 140, 150, 155 & Ex. B; Axis Compl. II ¶¶ 84, 110, 117, 130, 137, 142, 147, 152 & Ex. B; Sylwestrzak Decl. Ex. G at p. 4 (Definition (P)); Kim Decl. Ex. 1.

25. "Loss" is defined by the 2005-2006 Primary Policy so as to include Defense Costs and any damages, settlements and judgments that result from a "Claim."

*Evidence*: Axis Compl. I Ex. B; Axis Compl. II Ex. B; Sylwestrzak Decl. Ex. G at p. 3 (Definition (G)) & Endorsement No. 4.

26. Lexington Insurance Company ("Lexington") issued the first excess policy above the U.S. Specialty 2005-2006 Policy, for the 2005-2006 Policy Period with a $7.5

million limit of liability in excess of $10 million (the "Lexington Policy," or "First Excess Policy").

*Evidence:* Axis Compl. I ¶ 37 & Ex. C; Axis Compl. II ¶ 35 & Ex. C; Sylwestrzak Decl. Ex. H at Declarations Page.

27. Lexington paid the defense costs of the Insureds until the limits of the Lexington Policy were exhausted.

*Evidence: See* Kim Decl. Ex. 3.

28. The Lexington Policy "indemnif[ies] the Insured named in the Declarations . . . in accordance with the applicable insuring agreements, terms, conditions and exclusions . . . of the Underlying Policy."

*Evidence:* Axis Compl. I Ex. C; Axis Compl. II Ex. C; Sylwestrzak Decl. Ex. H at p. 1 (Insuring Agreements).

29. On August 11, 2005, Axis issued to Marsh, as broker for Refco Inc., a policy binder for its SecurExcess Policy No. RNN 506300 for the period August 11, 2005 to August 11, 2006.

*Evidence*: Sylwestrzak Decl. ¶ 18 & Ex. I.

30. On March 1, 2006, Axis issued SecurExcess Policy No. RNN 506300 for the period August 11, 2005 to August 11, 2006 (the "Axis 2005-2006 Policy").

*Evidence:* Axis Compl. I ¶ 36, Ex. A; Axis Compl. II ¶ 34, Ex. A; Sylwestrzak Decl. ¶¶ 19-20 & Exs. J, K.

31. The Axis 2005-2006 Policy states that, except as specifically set forth in the Axis Policy, "the insurance afforded hereunder should apply in conformance with the provisions of" the 2005-2006 Primary Policy.

*Evidence:* Axis Compl. I Ex. A; Axis Compl. II Ex. A; Sylwestrzak Decl. Ex. J at p.1 (Insuring Agreement).

32.     The Axis 2005-2006 Policy defines "Insureds" as the same persons who may be entitled to insurance under the 2005-2006 Primary Policy.

*Evidence:*  Axis Compl. I Ex. A; Axis Compl. II Ex. A; Sylwestrzak Decl. Ex. J at p. 1 (Definitions (C)).

33.     Mr. Klejna is an "Insured" under the Axis 2005-2006 Policy.

*Evidence: See* Axis Compl. I Ex. A ¶ I; Axis Compl. II Ex. A ¶ I; Sylwestrzak Decl. Ex. J ¶ I.

34.     The Axis 2005-2006 Policy defines "Claim(s)" as "event(s) which take place during the Policy Period and which trigger(s) coverage under the insuring agreement(s) of the Underlying Insurance."

*Evidence:*  Axis Compl. I Ex. A; Axis Compl. II Ex. A; Sylwestrzak Decl. Ex. J at p. 1 (Definitions (A)).

35.     Any "Claim" for a "Wrongful Act" brought against the Counterclaim Plaintiffs that falls within Insuring Agreement (A) of the Primary Policy also falls within the "Insuring Agreement" of the Axis 2005-2006 Policy.

*Evidence:*  Axis Compl. I Ex. A; Axis Compl. II Ex. A; Sylwestrzak Decl. Ex. J at p. 1 (Insuring Agreement and Definitions (A)).

36.     The Axis 2005-2006 Policy also covers Defense Costs and any damages, settlements and judgments as defined in the 2005-2006 Primary Policy.

*Evidence:*  Axis Compl. I Ex. B; Axis Compl. II Ex. B; Sylwestrzak Decl. Ex. G at Declarations Page Item 3 and pp.1-2 (Insuring Agreements and Definition (G)).

37.     The Axis 2005-2006 Policy provides that "[i]f the Underlying Limits are wholly exhausted solely due to actual payment under the Underlying Insurance, this Policy shall continue to apply as primary insurance with respect to the applicable Insurance Product(s) . . . ."

*Evidence:* Axis Compl. I Ex. A; Axis Compl. II Ex. A; Sylwestrzak Decl. Ex. J at ¶ IV(B) (Reduction or Exhaustion of Underlying Limits).

38. Marsh never authorized Axis to add a Knowledge Exclusion to the Axis 2005-2006 Policy in contravention of the Axis policy binder, dated August 11, 2005.

*Evidence:* Sylwestrzak Decl. ¶ 21.

39. At no time prior to binding did Axis or any of the other excess carriers in the 2005-2006 Program request modification of the severability provisions in the 2005-2006 Primary Policy.

*Evidence*: Sylwestrzak Decl. ¶ 22.

40. The Refco, Inc. that was the subject of an enforcement proceeding by the Commodity Futures Trading Commission in 1994 is a different juridical entity than the Refco Inc. that is the subject of the Underlying Actions.

*Evidence:* Axis 2005-2006 Complaint at p.2 n.1; *In re Refco, Inc.,* 1994 CFTC Lexis 348 (1994); Kim Decl. ¶ 27 & Exs. 21, 22.

41. There is no allegation in the Securities Litigation or the other Underlying Actions regarding any conduct regulated under the Commodity Exchange Act or alleged to violate its provisions.

*Evidence*: Kim Decl. Ex. 1.

42. On March 6, 2006, Axis' counsel issued a letter denying coverage to Mr. Klejna and other Refco Inc. officers and directors for the Securities Litigation and other Refco-related actions.

*Evidence:* Sylwestrzak Decl. ¶ 23 & Ex. L thereto.

43. On July 30, 2007, Mr. Klejna received an offer from the Lead Plaintiffs in the Securities Litigation to settle the claims made against Mr. Klejna in the Securities Litigation.

*Evidence:* Kim Decl. ¶ 5.

44. On or about July 31, 2007, Mr. Klejna tendered his settlement with Lead Plaintiffs in the Securities Litigation to Axis.

*Evidence*: Kim Decl. ¶ 7.

45. At the time Mr. Klejna first tendered his settlement with Lead Plaintiffs in the Securities Litigation to Axis, the full $10 million limit of liability under the Axis Policy was available to fund that settlement.

*Evidence:* Kim Decl. ¶ 7.

46. Since August 1, 2007, Axis has consistently refused to consent to or to fund Mr. Klejna's settlement with Lead Plaintiffs in the Securities Litigation.

*Evidence*: Kim Decl. ¶ 7.

47. Axis' counsel has advised that Axis intends to seek repayment of the $10 million that Axis has advanced to the Insureds under the Axis Policy and that it intends to hold Mr. Klejna jointly liable for the $10 million advanced, plus interest and attorney's fees.

*Evidence*: Kim Decl. ¶ 26

48. On May 23, 2007, Axis commenced the action *Axis Reinsurance Co. v. Bennett,* Adv. Proc. No. 07-01712-RDD (Bankr. S.D.N.Y.) (the "Axis Adversary Proceeding") by filing a Complaint, seeking a declaration that the Axis Policy does not provide insurance coverage for any of the Insureds for any of the Underlying Action.

*Evidence:* Kim Decl. ¶ 10 & Ex. 8.

49. On or about July 31, 2007, Insured Dennis A. Klejna filed an Amended Answer and Counterclaims against Axis in the Axis Adversary Proceeding.

*Evidence*: Kim Decl. ¶ 14 & Ex. 9.

50. Count I of Mr. Klejna's counterclaims in the Axis Adversary Proceeding seeks a declaratory judgment that he is entitled to coverage under the Axis 2005-2006 Policy for Losses arising out of the Underlying Actions.

*Evidence:* Kim Decl. Ex. 9 at pp. 24-27.

51. On or about August 23, 2007, Axis filed an Answer to Mr. Klejna's Counterclaims in the Axis Adversary Proceeding.

*Evidence*: Kim Decl. ¶ 15 & Ex. 10.

52. On or about November 13, 2007, this Court withdrew the bankruptcy reference with respect to the remaining claims then pending in the United States Bankruptcy Court for the Southern District of New York in the consolidated Axis adversary proceedings, *Axis Reinsurance Co. v. Bennett, et al.*, No. 07-1712-RDD, 07-2005-RDD, 07-2032-RDD.

*Evidence:* Kim Decl. ¶ 21 & Ex. 16.

53. On or about September 10, 2007, Axis filed a complaint in *Axis v. Bennett, et al.*, 07-cv-07924 (S.D.N.Y.) (GEL).

*Evidence*: Kim Decl. ¶ 25 & Ex. 20.

Dated: March 28, 2008

Respectfully submitted,

HELEN B. KIM (HK-8757)
KATTEN MUCHIN ROSENMAN LLP

/s/ Helen B. Kim
2029 Century Park East, Suite 2600
Los Angeles, CA 90068
Telephone: 310-788-4525
Facsimile: 310-712-8226

PHILIP A. NEMECEK (PN-3319)
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, NY 10022-2585
Telephone: 212-940-8834
Facsimile: 212-940-8776

*Attorneys for Defendant and Counterclaim Plaintiff Dennis A. Klejna*