UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
AXIS REINSURANCE COMPANY,                            :     Adv. Proc. No. 07-01712
                                                     :     (Awaiting District Court Index
                                                           No.)
            Plaintiff,                               :
       v.                                            :
                                                     :     *Electronically Filed*
PHILLIP R. BENNETT, et al.,                          :
                                                     :
            Defendants.                              :
------------------------------------------------------------------ x
AXIS REINSURANCE COMPANY,                            :     Case No. 07-cv-07924 (GEL)
                                                     :
            Plaintiff,                               :
       v.                                            :
                                                     :     *Electronically Filed*
PHILLIP R. BENNETT, et al.,                          :
                                                     :
            Defendants.                              :
------------------------------------------------------------------ x

**STATEMENT OF UNDISPUTED MATERIAL FACTS
PURSUANT TO LOCAL RULE 56.1 IN SUPPORT OF THE
INSUREDS' MOTION FOR SUMMARY JUDGMENT
DISMISSING THE COMPLAINT OF AXIS REINSURANCE
COMPANY AND FOR ENTRY OF DECLARATORY JUDGMENT
<u>OF COVERAGE FOR INSUREDS UNDER THE 2005-2006 AXIS POLICY</u>**

Pursuant to Rule 56.1 of the Local Rules for the Southern District of New York, Defendants and Counterclaim Plaintiffs William M. Sexton, Gerald Sherer, Joseph Murphy and Philip Silverman, along with Defendants Tone Grant, Leo R. Breitman, Nathan Gantcher, David V. Harkins, Scott L. Jaeckel, Thomas H. Lee, Ronald L. O'Kelley, and Scott A. Schoen (collectively, the "Insureds"), respectfully submit the following Statement of Undisputed Material Facts in support of their Motion for Summary Judgment dismissing the Complaint of Axis Reinsurance Company ("Axis") and for a declaratory judgment in favor of Counterclaim Plaintiffs Sexton, Sherer, Murphy and Silverman on Count I of their Counterclaims.

1. On or about August 11, 2005, Refco, Inc. conducted its initial public offering.

*Evidence*: Declaration of Helen B. Kim, dated March 28, 2008, in support of Defendant and Counterclaim Plaintiff Dennis Klejna's Motion for Summary Judgment Dismissing the Complaint of Axis and for Entry of Declaratory Judgment in favor of Klejna on Count I of his Counterclaims (hereinafter "Kim Declr.") Ex. 8 (Complaint of Axis, dated May 23, 2007 (the "Axis Adversary Compl.") in *Axis Reinsurance Co. v. Bennett, et al.*, Adv. Proc. No. 07-01712 (Bankr. S.D.N.Y.) (the "Axis Adversary Proceeding")) at ¶ 56.

2. On October 10, 2005, Refco Inc. disclosed in a press release that it had been carrying an undisclosed receivable of approximately $430 million from an entity controlled by Phillip Bennett, the Chief Executive Officer of Refco Inc.

*Evidence*: Kim Declr. Ex. 8 (Axis Adversary Compl.) at ¶¶ 57, 59. *See also* Declaration of Ivan Kline, dated April 8, 2008, in Support of Insureds' Motion for

1

Summary Judgment Dismissing the Complaint of Axis and for Entry of Declaratory Judgment of Coverage for Insureds under the 2005-2006 Axis Policy ("Kline Declr.") Ex. 1 (Answer and Counterclaims of Sexton and Sherer, dated July 13, 2007 ("Sexton/Sherer Answer and Counterclaims") at ¶ 11; Kline Declr. Ex. 3 (Axis' Answer to the Counterclaims of Sexton and Sherer, dated August 16, 2007 ("Axis' Answer") at ¶ 11.

3. On October 11, 2005, Refco Inc. issued a second press release relating to the approximately $430 million receivable.

*Evidence*: Kim Declr. Ex. 8 (Axis Adversary Compl.) at ¶¶ 57, 59. *See also* Kline Declr. Ex. 1 (Sexton/Sherer Answer and Counterclaims) at ¶ 11; Kline Declr. Ex. 3 (Axis' Answer) at ¶ 11.

4. The Insureds are former officers or directors of Refco Inc. (or its predecessor).

*Evidence*: Kim Declr. Ex. 8 (Axis Adversary Compl.) at ¶¶ 19-23, 25, 27-28, 30-33; Kim Declr. Ex. 20 (Complaint of Axis, dated September 7, 2007 ("Axis Complaint") in *Axis Reinsurance Co. v. Bennett, et al.*, No. 07-cv-07924 (S.D.N.Y.) (the "Axis District Court Action") at ¶¶ 18-22, 24, 26-31; Kline Declr. Ex. 1 (Sexton/Sherer Answer and Counterclaims) at ¶¶ 8-9; Kline Declr. Ex. 3 (Axis' Answer) at ¶¶ 8-9; Kline Declr. Ex. 4 (Axis' Answer to Counterclaim of Silverman, dated August 16, 2007) at ¶ 8; Kim Declr. Ex. 10 (Axis' Answer to Counterclaims of Murphy, dated August 23, 2007) at ¶ 9.

5. Axis is an insurance company that is organized and exists pursuant to the laws of the State of New York, with its principal place of business in New York.

*Evidence*: Kim Declr. Ex. 8 (Axis Adversary Compl.) at ¶ 17; Kim Declr. Ex. 20 (Axis Compl.) at ¶ 16.

   6. On October 17, 2005, Refco Inc. and many of its direct and indirect subsidiaries filed voluntary petitions for relief in this Court under Chapter 11 of the United States Bankruptcy Code.

*Evidence*: Kim Declr. Ex. 20 (Axis Compl.) at ¶¶ 14, 58.

   7. The Insureds have been named as defendants in various proceedings related to the collapse of Refco Inc. (collectively, the "Underlying Actions"). Such Underlying Actions were filed as early as October 2005 and include *In re Refco, Inc. Securities Litigation,* No. 05 Civ. 8626 (GEL) (S.D.N.Y.) (the "Securities Litigation").

*Evidence:* Kline Declr. ¶ 2; Kim Declr. Ex. 8 (Axis Adversary Compl.) at ¶ 133; Kim Declr. Ex. 20 (Axis Compl.) at ¶ 130.

   8. Other Underlying Actions in which various Insureds have been named as defendants include: *In re Refco Capital Markets, Ltd. Brokerage Customer Securities Litigation,* No. 06 Civ. 643 (GEL) (S.D.N.Y.); *American Financial International Group, et al. v. Bennett, et al.,* No. 05 Civ. 8988 (S.D.N.Y.); *V.R. Global Partners, L.P. v. Bennett, et al.,* No. 07 Civ. 8686 (GEL) (S.D.N.Y.); *Capital Management Select Fund Ltd. v. Bennett, et al.,* No. 07 Civ. 8688 (GEL) (S.D.N.Y.); *Kirschner v. Agoglia, et al.,* Adv. Proc. No. 07-3060 (RDD) (Bankr. S.D.N.Y.); *Kirschner v. Thomas H. Lee Partners, L.P., et al.,* No. 07-7074 (GEL) (S.D.N.Y.); and *Kirschner v. Grant Thornton LLP, et al.,* No. 2007-1-008818 (Il. Circuit Ct.).

*Evidence*:   Kline Declr. ¶ 2; Kim Declr. Ex. 8 (Axis Adversary Compl.) at ¶¶ 87-112, 121-139; Kim Declr. Ex. 20 (Axis Compl.) at ¶¶ 5, 7, 84-108, 118-136.

9.   Insured Tone Grant was also named as a defendant in one criminal action, entitled *United States v. Phillip Bennett, Robert Trosten and Tone Grant*, S3 05 Cr. 1192 (NRB) (S.D.N.Y.) (the "Criminal Action").

*Evidence*:   Kline Declr. ¶ 2; Kim Declr. Ex. 8 (Axis Adversary Compl.) at ¶ 139; Kim Declr. Ex. 20 (Axis Compl.) at ¶ 136.

10.   For the policy period of August 5, 2004 to August 11, 2005, Refco Group Ltd., LLC had a Directors and Officers ("D&O") insurance tower as follows: (1) U.S. Specialty Insurance Company, Directors, Officers and Organization Liability Insurance Policy No. 24-MGU-04-A4151 ($10 million primary coverage) (the "2004-2005 U.S. Specialty Policy," or "2004-2005 Primary Policy"); (2) Greenwich Insurance Company Policy No. ELU086772-04 ($10 million excess of $10 million); and (3) Axis SecurExcess Policy No. RNN 503865 ($10 million excess of $20 million) (the "2004-2005 Axis Policy").

*Evidence*:   Declaration of Pamela Sylwestrzak, dated March 27, 2008 ("Sylwestrzak Declr.") ¶ 3.

11.   U.S. Specialty Insurance Co. ("U.S. Specialty") issued to Refco Group Ltd., LLC a policy binder dated August 5, 2004.

*Evidence*:   Sylwestrzak Declr. ¶ 5 and Ex. B.

12.   Pursuant to U.S. Specialty's August 5, 2004 policy binder, Refco Group Ltd., LLC submitted an application to U.S. Specialty.

*Evidence*:   Sylwestrzak Declr. ¶ 6 and Ex. C.

4

13. Axis issued a policy binder, dated August 5, 2004, to Refco Group Ltd., LLC.

*Evidence*: Sylwestrzak Declr. ¶ 17 and Ex. D.

14. Axis required no application of its own in issuing the 2004-2005 Axis Policy.

*Evidence*: Sylwestrzak Declr. ¶ 9.

15. Axis relied upon the application submitted by Refco Group Ltd., LLC to U.S. Specialty for the 2004-2005 Primary Policy in issuing its 2004-2005 Axis Policy.

*Evidence*: Sylwestrzak Declr. ¶ 9.

16. Consistent with its August 5, 2004 policy binder, Axis requested that Refco Group Ltd., LLC provide it with a warranty letter.

*Evidence*: Sylwestrzak Declr. ¶ 10 and Ex. E.

17. Refco Group Ltd., LLC submitted to Axis a letter that was executed by Phillip Bennett, as President and CEO of Refco Group Ltd., LLC, on or about January 21, 2005 (the "Warranty Letter").

*Evidence*: Sylwestrzak Declr. ¶ 10 and Ex. E.

18. The Warranty Letter was never submitted to U.S. Specialty.

*Evidence*: Sylwestrzak Declr. ¶ 11.

19. The Warranty Letter was not attached to Refco Group Ltd., LLC's application to U.S. Specialty.

*Evidence*: Sylwestrzak Declr. ¶ 11.

20. On or about April 25, 2005, Axis issued SecurExcess Policy No. RNN 503865 to Refco Group Ltd., LLC for the period August 5, 2004 to August 11, 2005.

*Evidence:* Sylwestrzak Declr. ¶ 12 and Ex. F.

21. The Warranty Letter was submitted by Refco Group Ltd., LLC to Axis before any discussions commenced regarding insurance coverage that was later purchased by Refco Inc. for the policy period August 11, 2005 to August 11, 2006 (the "2005-2006 Policy Period").

*Evidence:* Sylwestrzak Declr. ¶ 13.

22. In 2005, Refco Inc. procured a tower of Directors and Officers liability insurance for the 2005-2006 Policy Period consisting of a primary policy and five excess policies.

*Evidence:* Sylwestrzak Declr. ¶ 14; Kim Declr. Ex. 8 (Axis Adversary Compl.) at ¶¶ 36-38; Kim Declr. Ex. 20 (Axis Compl.) at ¶¶ 4, 34-36.

23. For the 2005-2006 Policy Period, U.S. Specialty issued the primary policy in the "tower" of D&O insurance, Directors, Officers and Corporate Liability Insurance Policy No. 24-MGU-05-A10821, with a $10 million limit of liability (the "2005-2006 U.S. Specialty Policy," or "2005-2006 Primary Policy").

*Evidence:* Kim Declr. Ex. 8 (Axis Adversary Compl.) at ¶ 37 and Ex. B; Kim Declr. Ex. 20 (Axis Compl.) at ¶ 35 and Ex. B; Sylwestrzak Declr. Ex. G (Declarations Page).

24. In issuing the 2005-2006 Primary Policy, U.S. Specialty did not require a new application from Refco Inc., relying instead upon the application submitted

by Refco Group Ltd., LLC to U.S. Specialty for the policy period August 5, 2004 to August 11, 2005.

*Evidence:*   Sylwestrzak Declr. ¶ 16.

25.   The 2005-2006 Primary Policy names as an "Insured Person" under the Policy "any past, present or future director or officer of the Company."

*Evidence:*   Kim Declr. Ex. 8 (Axis Adversary Compl.) at Ex. B; Kim Declr. Ex. 20 (Axis Compl.) at Ex. B; Sylwestrzak Declr. Ex. G at p. 3 (Definition (F)).

26.   "Company" is defined in the 2005-2006 Primary Policy as Refco Inc. and "any Subsidiary thereof." Kim Declr. Ex. 8 (Axis Adversary Compl.) at Ex. B; Kim Declr. Ex. 20 (Axis Compl.) at Ex. B; Sylwestrzak Declr. Ex. G at p. 2 (Definition (c) and Item 1).

27.   The 2005-2006 Primary Policy provides that "[t]he Insurer will pay to or on behalf of the Insured Persons Loss arising from Claims . . . against the Insured Persons for Wrongful Acts."

*Evidence:*   Kim Declr. Ex. 8 (Axis Adversary Compl.) at Ex. B; Kim Declr. Ex. 20 (Axis Compl.) at Ex. B; Sylwestrzak Declr. Ex. G at p. 2 (Insuring Agreement (A)).

28.   U.S. Specialty paid the defense costs of the Insureds until the limits of the 2005-2006 U.S. Specialty Policy were exhausted.

*Evidence:*   *See* Kim Declr. Ex. 8 (Axis Adversary Compl.) at ¶ 46; Kim Declr. Ex. 20 (Axis Compl.) at ¶ 44; Kim Declr. Exs. 2, 20.

29.   The Complaints in the Axis Adversary Proceeding and the Axis District Court Action list various lawsuits for which Axis has received notice from its insureds under the 2005-2006 Axis Policy, including the Securities Litigation.

*Evidence:*    Kim Declr. Ex. 8 (Axis Adversary Compl.) at ¶¶ 87-111, 121-139; Kim Declr. Ex. 20 (Axis Compl.) at ¶¶ 84-136.

30.    The Underlying Actions for which the Insureds have sought coverage under the 2005-2006 Axis Policy are "Claims" for "Wrongful Acts," as defined in the 2005-2006 Primary Policy.

*Evidence:*    Kim Declr. Ex. 8 (Axis Adversary Compl.) at ¶¶ 87, 101, 113, 120, 123, 132-33, 137, 139-40, 150, 155 and Ex. B; Kim Declr. Ex. 20 (Axis Compl.) at ¶¶ 84, 90, 98, 117, 120, 129-30, 134, 136-37, 142, 147, 152 and Ex. B; Sylwestrzak Declr. Ex. G at p. 4 (Definition (P)).

31.    "Loss" is defined by the 2005-2006 Primary Policy so as to include Defense Costs and any damages, settlements and judgments that result from a "Claim."

*Evidence:*    Kim Declr. Ex. 8 (Axis Adversary Compl.) at Ex. B; Kim Declr. Ex. 20 (Axis Compl.) at Ex. B; Sylwestrzak Declr. Ex. G at p. 3 (Definition (G) and Endorsement No. 4).

32.    Lexington Insurance Company ("Lexington") issued the first excess policy above the 2005-2006 U.S. Specialty Policy, for the policy period of August 11, 2005 to August 11, 2006, with a $7.5 million limit of liability in excess of $10 million (the "Lexington Policy," or "First Excess Policy").

*Evidence:*    Kim Declr. Ex. 8 (Axis Adversary Compl.) at ¶ 37; Kim Declr. Ex. 20 (Axis Compl.) at ¶ 35 and Ex. C; Sylwestrzak Declr. Ex. H (Declarations Page).

33.    Lexington paid the defense costs of the Insureds until the limits of the Lexington Policy were exhausted.

*Evidence:*    *See* Kim Declr. Ex. 3.

    34. On August 11, 2005, Axis issued to Marsh, as broker for Refco Inc., a policy binder (the "Axis Binder") for its SecurExcess Policy No. RNN 506300 for the 2005-2006 Policy Period.

*Evidence:* Sylwestrzak Declr. ¶ 18 and Ex. 1.

    35. The Axis Binder does contain or refer to a Knowledge Exclusion.

*Evidence:* Sylwestrzak Declr., Ex. 1.

    36. On March 1, 2006, Axis issued SecurExcess Policy No. RNN 506300 for the 2005-2006 Policy Period (the "2005-2006 Axis Policy").

*Evidence:* Kim Declr. Ex. 8 (Axis Adversary Compl.) at ¶ 36 and Ex. A; Kim Declr. Ex. 20 (Axis Compl.) at ¶ 24; Sylwestrzak Declr. ¶¶ 19-20 and Exs. J, K.

    37. The 2005-2006 Axis Policy states that, except as specifically set forth in the 2005-2006 Axis Policy, "the insurance afforded hereunder should apply in conformance with the provisions of" the 2005-2006 Primary Policy.

*Evidence:* Kim Declr. Ex. 8 (Axis Adversary Compl.) at Ex. A; Kim Declr. Ex. 20 (Axis Compl.) at Ex. A; Sylwestrzak Declr. Ex. J at p. 1 (Insuring Agreement).

    38. The 2005-2006 Axis Policy defines "Insureds" as the same persons who may be entitled to insurance under the 2005-2006 Primary Policy.

*Evidence:* Kim Declr. Ex. 8 (Axis Adversary Compl.) at Ex. A; Kim Declr. Ex. 20 (Axis Compl.) at Ex. A; Sylwestrzak Declr. Ex. J at p. 1 (Definitions (C)).

    39. Each of the Insureds is an "Insured" under the 2005-2006 Axis Policy.

*Evidence:* *See* Kim Declr. Ex. 8 (Axis Adversary Compl.) at Ex. A, ¶ I; Kim Declr. Ex. 20 (Axis Compl.) at Ex. A, ¶ I; Sylwestrzak Declr. Ex. J, ¶ I.

40. The 2005-2006 Axis Policy defines "Claim(s)" as "event(s) which take place during the Policy Period and which trigger(s) coverage under the insuring agreement(s) of the Underlying Insurance."

*Evidence:*  Kim Declr. Ex. 8 (Axis Adversary Compl.) at Ex. A; Kim Declr. Ex. 20 (Axis Compl.) at Ex. A; Sylwestrzak Declr. Ex. J at p. 1 (Definition (A)).

41. Any "Claim" for a "Wrongful Act" brought against the Insureds that falls within Insuring Agreement (A) of the Primary Policy also falls within the "Insuring Agreement" of the 2005-2006 Axis Policy.

*Evidence:*  Kim Declr. Ex. 8 (Axis Adversary Compl.) at Ex. A; Kim Declr. Ex. 20 (Axis Compl.) at Ex. A; Sylwestrzak Declr. Ex. J at pp. 1-2 (Insuring Agreement and Definition (A)).

42. The 2005-2006 Axis Policy covers Defense Costs, as defined in the 2005-2006 Primary Policy.

*Evidence:*  Kim Declr. Ex. 8 (Axis Adversary Compl.) at Ex. B; Kim Declr. Ex. 20 (Axis Compl.) at Ex. B; Sylwestrzak Declr. Ex. G at Declarations Page and pp. 1-2 (Insuring Agreements and Definition (G)).

43. The 2005-2006 Axis Policy provides that "[i]f the Underlying Limits are wholly exhausted solely due to actual payment under the Underlying Insurance, this Policy shall continue to apply as primary insurance with respect to the applicable Insurance Product(s) . . . ."

*Evidence:*  Kim Declr. Ex. 8 (Axis Adversary Compl.) at Ex. A; Kim Declr. Ex. 20 (Axis Compl.) at Ex. A; Sylwestrzak Declr. Ex. J at ¶ IV(B) (Reduction or Exhaustion of Underlying Limits).

44. Refco Inc.'s insurance broker, Marsh USA, Inc., never authorized Axis to add a "Knowledge Exclusion" to the 2005-2006 Axis Policy.

*Evidence:* Sylwestrzak Declr. ¶ 21.

45. Axis added a "Knowledge Exclusion" endorsement to the 2005-2006 Axis Policy when it issued the Axis Policy on or about March 1, 2006.

*Evidence:* Sylwestrzak Declr. ¶ 21.

46. At no time prior to binding coverage did Axis request modification of the severability provisions in the 2005-2006 Primary Policy.

*Evidence:* Sylwestrzak Declr. ¶ 22.

47. On March 6, 2006, Axis' counsel issued a letter denying coverage to the Insureds and other Refco Inc. officers and/or directors for various lawsuits noticed to Axis pursuant to the 2005-2006 Axis Policy.

*Evidence:* Sylwestrzak Declr. ¶ 23 and Ex. L.

48. On or about May 23, 2007, Axis commenced the Axis Adversary Proceeding by filing a Complaint seeking a declaration that the 2005-2006 Axis Policy does not provide coverage for the Insureds, among others, for various lawsuits noticed to Axis pursuant to the 2005-2006 Axis Policy.

*Evidence:* Kim Declr. ¶ 10 and Ex. 8 (Axis Adversary Compl.) at ¶¶ 87-140.

49. On or about July 13, 2007, Insureds Sexton, Sherer, Murphy, Silverman as well as Dennis Klejna ("Klejna"), answered the complaint in the Axis Adversary Proceeding and filed counterclaims against Axis.

*Evidence:* Kline Declr. ¶ 4, Ex. 1 (Sexton/Sherer Answer and Counterclaims) and Ex. 2 (Silverman's Answer and Counterclaims).

50. On or about July 31, 2007, Murphy and Klejna filed an Amended Answer and Counterclaim against Axis in the Axis Adversary Proceeding.

*Evidence*: Kline Declr. ¶ 4; Kim Declr. Ex. 9 (Murphy's Answer and Counterclaims, dated July 31, 2007).

51. Count I of each of Insureds Sexton, Sherer, Murphy and Silverman's counterclaims in the Axis Adversary Proceeding seek a declaratory judgment that he is entitled to coverage under the 2005-2006 Axis Policy for Losses arising out of various Refco-related actions.

*Evidence:* Kline Declr. Ex. 1 (Sexton/Sherer Answer and Counterclaims) at ¶¶ 67-87; Ex. 2 (Silverman's Answer and Counterclaim) at ¶¶ 65-82; Kim Declr. Ex. 9 (Murphy Answer and Counterclaims) at ¶¶ 67-87.

52. On or about August 16, 2007, Axis filed its Answers to the Counterclaims of Sexton, Sherer and Silverman in the Axis Adversary Proceeding.

*Evidence:* See Kline Declr. ¶ 7, Ex. 3 (Axis' Answer to Sexton/Sherer Counterclaims) and Ex. 4 (Axis' Answer to Silverman's Counterclaim).

53. On or about August 23, 2007, Axis filed its Answer to the Counterclaims of Murphy and Klejna in the Axis Adversary Proceeding.

*Evidence:* Kim Declr. Ex. 10 (Axis' Answer to Murphy's Counterclaims).

54. On or about July 12, 2007, Insureds Grant, Breitman, Gantcher, Harkins, Jaeckel, Lee, O'Kelley and Schoen, moved to dismiss the Axis Adversary Proceeding.

*Evidence:* See Kline Declr. ¶ 8.

55. At oral argument on August 30, 2007, the Bankruptcy Court granted the motion by Sexton, Sherer, Murphy, Silverman, and Klejna for a preliminary injunction based on their Counterclaims, and also dismissed Axis' complaint in the Axis Adversary Proceeding without prejudice.

*Evidence:* Kline Declr. ¶ 8. *See* Kim Declr. Ex. 13 (Order, dated August 31, 2007).

56. Following their dismissal in the Axis Adversary Proceeding, the Insureds (other than Sexton, Sherer, Silverman and Murphy) commenced two separate adversary proceedings – *Grant v. Axis Reinsurance Co.*, Adv. Proc. No. 07-2005-rdd (Bankr. S.D.N.Y.) (the "Grant Adversary Proceeding") and *Breitman v. Axis Reinsurance Co.*, Adv. Proc. No. 07-2032-rdd (Bankr. S.D.N.Y.) (the "Breitman Adversary Proceeding") – seeking advancement under the 2005-2006 Axis Policy.

*Evidence:* Kline Declr. ¶ 9. *See also* Kim Declr. Ex. 16 (Order, dated November 13, 2007).

57. On or about November 13, 2007, this Court withdrew the bankruptcy reference with respect to the remaining claims then pending in the United States Bankruptcy Court for the Southern District of New York in the Axis Adversary Proceeding, the Grant Adversary Proceeding and the Breitman Adversary Proceeding, and consolidated these adversary proceedings.

*Evidence:* Kim Declr. ¶ 21 and Ex. 16 (Order, dated November 13, 2007).

58. On or about September 10, 2007, Axis filed its complaint in the Axis District Court Action.

*Evidence:* Kim Declr. ¶ 25 and Ex. 20 (Axis Compl.).

Dated: April 9, 2008

| | |
|---|---|
| **FRIEDMAN & WITTENSTEIN**<br>A Professional Corporation | **WEIL, GOTSHAL & MANGES LLP** |
| By: /s/ Stuart I. Friedman<br>Stuart I. Friedman (SF-9186)<br>Ivan Kline (IK-9591)<br><br>600 Lexington Avenue<br>New York, New York 10022<br>Telephone: (212) 750-8700<br>Facsimile: (212) 223-8391<br><br>*Attorneys for Defendants and Counterclaim-Plaintiffs William M. Sexton and Gerald M. Sherer* | By: /s/ Greg A. Danilow<br>Greg A. Danilow (GD-1621)<br>Michael F. Walsh (MW-8000)<br><br>767 Fifth Avenue<br>New York, New York 10153-0119<br>Telephone: (212) 310-8000<br>Facsimile: (212) 310-8007<br><br>*Attorneys for Defendants Leo R. Breitman, Nathan Gantcher, David V. Harkins, Scott L. Jaeckel, Thomas H. Lee, Ronald L. O'Kelley, and Scott A. Schoen* |
| **HELLER EHRMAN LLP** | **SAUL EWING LLP** |
| By: /s/ Richard Cashman<br>Richard Cashman (RC-4769)<br><br>Times Square Tower<br>7 Times Square<br>New York, New York 10036<br>Telephone: (212) 832-8300<br>Facsimile: (212) 763-7600<br><br>*Attorneys for Defendant and Counterclaim-Plaintiff Philip Silverman* | By: /s/ John J. Jerome<br>John J. Jerome (JJ-2413)<br><br>245 Park Avenue, 24th Floor<br>New York, New York 10167<br>Telephone: (212) 672-1996<br>Facsimile: (212) 672-1920<br><br>*Attorneys for Defendant and Counterclaim-Plaintiff Joseph Murphy* |
| **ZUCKERMAN SPAEDER LLP** | |
| By: /s/ Norman L. Eisen<br>Norman L. Eisen (NE-1198)<br>Thomas G. Macauley (TM-3944)<br>Laura E. Neish (LN-0040) | |

1540 Broadway, Suite 1604
New York, New York 10036
Telephone (212) 704-9600

-and-

**HANNAFAN & HANNAFAN, LTD.**
One East Wacker Drive, Suite 2800
Chicago, Illinois 60601
Telephone: (312) 527-0055
Michael T. Hannafan
Blake T. Hannafan

*Co-Attorneys for Defendant Tone N. Grant*