**Wayne E. Borgeest**
**Joan M. Gilbride**
**Robert A. Benjamin**
**KAUFMAN BORGEEST & RYAN LLP**
**200 Summit Lake Dr**
**Valhalla, New York 10595**
**(914) 741-6100 (Telephone)**
**(914) 741-0025 (Facsimile)**
**wborgeest@kbrlaw.com**
**jgilbride@kbrlaw.com**
**rbenjamin@kbrlaw.com**

*Attorneys for AXIS Reinsurance Company*

DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
AXIS REINSURANCE COMPANY,                   :
               Plaintiff,               :
      v.                                                     :
                                                                   :
PHILLIP R. BENNETT, et al.,                          :
                                                                   :
              Defendants.            :
------------------------------------------------------------- X
                                                                   :
In re                                                           :
                                                                   :
REFCO, INC., et al.,                                     :
                                                                   :
              Debtors.                :
------------------------------------------------------------- X
AXIS REINSURANCE COMPANY,                   :
                                                                   :
                                                                   :
                                                                   :
               Plaintiff,              :
      v.                                                    :
                                                                   :
PHILLIP R. BENNETT, et al.,                         :
                                                                   :
              Defendants.           :

*Electronically Filed*

No. 07-CV-07924-GEL

Chapter 11

Case No. 05-60006-RDD

Jointly Administered

Adv. Proc. No. 07-01712-RDD
<u>Reference Withdrawn:</u>
No. 08-CV-03242-GEL
<u>Appeals:</u>
(1) No. 07-CV-09420-GEL
(2) No. 07-CV-09842-GEL
(3) No. 07-CV-10302-GEL

[caption continued on next page]

```
-------------------------------------------------------------- X
TONE N. GRANT, et al.,                                         :    Adv. Proc. 07-02005-RDD
                                                               :    consolidated with 07-01712-RDD
                                                               :    Reference Withdrawn:
                                                               :    No. 08-CV-03243-GEL
                 Plaintiffs,                                   :    Appeals:
         v.                                                    :    (1) No. 07-CV-09843-GEL
                                                               :    (2) No. 07-CV-10302-GEL
AXIS REINSURANCE COMPANY,                                      :
                                                               :
                 Defendant.                                    :
-------------------------------------------------------------- X
LEO R. BREITMAN, et al.,                                       :    Adv. Proc. No. 07-02032-RDD
                                                               :    consolidated with 07-01712-RDD
                                                               :    Reference Withdrawn:
                                                               :    No. 08-CV-03303-GEL
                 Plaintiffs,                                   :    Appeal:
         v.                                                    :    (1) No. 07-CV-10302-GEL
                                                               :
AXIS REINSURANCE COMPANY,                                      :
                                                               :
                 Defendant.                                    :
-------------------------------------------------------------- X
```

**AXIS REINSURANCE COMPANY STATEMENT OF ADDITIONAL MATERIAL FACTS AND RESPONSE TO STATEMENT OF UNDISPUTED MATERIAL FACTS SUBMITTED ON BEHALF OF KLEJNA PURSUANT TO LOCAL RULE 56.1**

714082-1

Axis Reinsurance Company ("AXIS") submits this Statement of Additional Material Facts and Response To Statement of Undisputed Material Facts Submitted on Behalf of Klejna Pursuant to Local Rule 56.1.

1.  Mr. Klejna is a former officer of Refco Inc. and/or one or ore subsidiaries thereof.

*Not Controverted.*

2.  Plaintiff and Counterclaim Defendant AXIS Reinsurance Company ("AXIS") is an insurance company that is organized and exists pursuant to the laws of the State of New York, with its principal place of business in New York.

*Not Controverted.*

3.  On October 17, 2005, Refco, Inc. and many of its direct and indirect subsidiaries filed voluntary petitions for relief in this Court under Chapter 11 of the United States Bankruptcy Code.

*Not Controverted.*

4.  Mr. Klejna has been named a defendant in *In re Refco Sec. Litig.*, 05 Civ. 8626 (S.D.N.Y.) (GEL), a putative class action brought on behalf of Refco bondholders and shareholders (the "Securities Litigation").

*Not Controverted.*

5.  For the policy period, August 5, 2004 to August 11, 2005, Refco Group Ltd., LLC had a Directors & Officers insurance tower as follows: (1) U.S. Specialty Insurance Company directors, Officers and Organization Liability Insurance Policy No. 24-MGU-04-A4151 ($10 million primary coverage) (the "U.S. Specialty 2004-2005 Policy"); (2) Greenwich Insurance Company Policy No.

714051-1

ELU86772-04 ($10 million excess of $10 million) and (3) AXIS SecurExcess Policy No. RNN 503865 ($10 million excess of $20 million) (the "AXIS 2004-2005 Policy").

*Not Controverted, although the policies speak for themselves.*

6. U.S. Specialty Insurance company) ("U.S. Specialty") issued to Refco Group Ltd., LLC a policy binder, dated August 5, 2004.

*Not Controverted.*

7. Pursuant to U.S. Specialty's August 5, 2004 policy binder, Refco Group Ltd., LLC submitted an application to U.S. Specialty.

*Not Controverted.*

8. AXIS issued a policy binder, dated August 5, 2004, to Refco Group Ltd., LLC.

*Not Controverted.*

9. In issuing AXIS SecurExcess Policy No. RNN 503865 for the policy period August 5, 2004 to August 11, 2004, AXIS required no application of its own, relying instead upon the application submitted by Refco Group Ltd., LLC to U.S. Specialty for U.S. Specialty Insurance Company's Directors, Officers and Organization Liability Insurance Policy No. 24-MGU-04-A4151.

*Not Controverted.*

10. Consistent with its August 5, 2004 policy binder, AXIS requested that Refco Group Ltd., LLC provide it with a warranty letter.

*Not Controverted.*

11. Refco Group Ltd., LLC submitted to AXIS a warranty letter, executed by Phillip Bennett on or about January 21, 2005 (the "Warranty Letter"), including attachments to the letter regarding a litigation entitled *Louis Capital Markets, L.P. v. Refco Group Ltd., LLC.*

**Not Controverted.**

12. The Warranty Letter was never submitted to U.S. Specialty nor was it ever attached to Refco Group Ltd., LLC's application to U.S. Specialty.

**Not Controverted. The Warranty Letter expressly became part of the "proposed insurance" ie. the 2005-2006 AXIS Policy. The Warranty Letter had nothing whatsoever to do with the U.S. Specialty Policy. Evidence: See Exhibit O to the Declaration of Joan M. Gilbride ("Gilbride Decl.").**

13. On or about April 25, 2005, AXIS issued SecurExcess Policy No. RNN 503865 to Refco Group Ltd., LLC for the period August 5, 2004 to August 5, 2005.

**Not Controverted.**

14. The Warranty Letter submitted by Refco Group Ltd., LLC to AXIS before any discussions commenced regarding insurance coverage that was later purchased by Refco Inc. for the policy period August 11, 2005 to August 11, 2006.

**Controverted. The Warranty Letter was provided to AXIS as part of the underwriting of the "2005-2006 Policy Period"). Evidence: See Paragraph 7 of the May 2, 2008 Affidavit of Steven Kane ("Kane Aff.")**

15. In 2005, Refco Inc. procured a tower of Directors and Officers Liability insurance, for the period from August 11, 2005 to August 11, 2006 (the "2005-2006 Policy Period"), consisting of a primary policy and five excess policies.

714051-1

*Not Controverted.*

16. For the 2005-2006 Policy Period, U.S. Specialty issued the primary policy, with a $10 million limit of liability (the "2005-2006 U.S. Specialty Policy," or the "2005-2006 Primary Policy").

*Not Controverted.*

17. In issuing Directors, Officers and Corporate Liability Insurance Policy No. 24-MGU-05-A10821, U.S. Specialty did not require a new application from Refco Inc., relying, instead, upon the application submitted by Refco Group Ltd., LLC to U.S. Specialty for the policy period August 5, 2004 to August 11, 2005.

*Not Controverted.*

18. The 2005-2006 Primary Policy names as an "Insured Person" under the Policy "any past, present or future director or officer of the Company."

*Not Controverted, although the Policy speaks for itself.*

19. The 2005-2006 Primary Policy provides that "[t]he Insurer will pay to or on behalf of the Insured Persons Loss arising from Claims...against the Insured Persons for Wrongful Acts."

*Not Controverted, although the Policy speaks for itself.*

20. U.S. Specialty paid the defense costs of the Insureds until the limits of the U.S. Specialty 2005-2006 Policy were exhausted.

***Controverted. This statement is incomplete. U.S. Specialty paid its Limit of Liability subject to a strong reservation of rights and pursuant to an interim funding agreement with the Insureds which expressly permits U.S. Specialty to recover all amounts paid upon an adjudication of no coverage under the U.S. Specialty Policy. Evidence: See Exhibits C and D to the Gilbride Decl.***

714051-1

21.  AXIS Complaint I and AXIS Complaint II list the various lawsuits of which AXIS has received notice under the AXIS 2005-2006 Policy.

**Not Controverted, although AXIS has now received notice of additional lawsuits.**

22.  In addition to the lawsuits listed in AXIS Complaint I, Mr. Klejna has given notice to AXIS of the following Refco-related actions:

(a)  Subpoena to Mr. Klejna in *In re Refco LLC*, 05-60134 (S.D.N.Y) (RDD); and

(b)  *United States v. Funds on Deposit at Bear Stearns Account Number 893-86267 in the Name of Dennis A. Klejna, "Up to And Including $5,800,000, And All Funds Traceable Thereto*, 07 Mag. 2148 (S.D.N.Y.).

**Not Controverted.**

23.  Mr. Klejna properly gave notice to AXIS of each of lawsuits referenced in Paragraphs 87-111 and 121-139 of AXIS Complaint I and in Paragraphs 84-136 of AXIS Complaint II, to which Mr. Klejna is a party, and of the matters referenced in Paragraph 22 above (hereinafter the "Underlying Actions").

**Not Controverted.**

24.  The Securities Litigation and the other Underlying Actions for which Mr. Klejna has sought coverage under the AXIS 2005-2006 Policy are "Claims" for "Wrongful Acts," as defined in the 2005-2006 Primary Policy.

**Controverted. Most are, but at least one is not. AXIS's coverage letters speak for themselves. Also, the Policy speaks for itself.**

25.  "Loss" is defined by the 2005-2006 Primary Policy so as to include Defense Costs and any damages, settlements and judgments that result from a "Claim."

714051-1

*Controverted. As stated, this is overly broad and is not how "Loss" is defined in the Primary Policy. Loss is also constrained by applicable exclusions and other terms to the Primary Policy. The Primary Policy speaks for itself. See Exhibit I to the Gilbride Decl., at p.3. For purposes of the AXIS Policy, the definition of "Loss" is further constrained by the terms of the AXIS Policy and any other Underlying Insurance. See Exhibit E to the Gilbride Decl.*

26. Lexington Insurance Company ("Lexington") issued the first excess policy above the U.S. Specialty 2005-2006 Policy, for the 2005-2006 Policy Period with a $7.5 million limit of liability in excess of $10 million (the "Lexington Policy," or "First Excess Policy").

*Not Controverted, although the Lexington Policy speaks for itself.*

27. Lexington paid the defense costs of the Insureds until the limits of the Lexington Policy were exhausted.

*Controverted. This statement is incomplete. Lexington paid its Limit of Liability subject to a strong reservation of rights and pursuant to an interim funding agreement with the Insureds which expressly permits Lexington to recover all amounts paid upon an adjudication of no coverage under the Lexington Policy. Evidence: See Exhibits C and D to the Gilbride Decl.*

28. The Lexington Policy "indemif[ies] the Insured named in the Declarations…in accordance with the applicable insuring agreements, terms conditions and exclusions…of the Underlying Policy."

*Controverted. This quotation is incomplete and is false as quoted. The Lexington policy speaks for itself. Evidence. See Exhibit C to the AXIS Complaint.*

29. On August 11, 2005, AXIS issued to Marsh, as broker for Refco Inc., a policy binder for its SecurExcess Policy No. RNN 506300 for the period August 11, 2005 to August 11, 2006.

714051-1

*Not Controverted, although the AXIS Binder speaks for itself..*

30.     On March 1, 2006, AXIS issued SecurExcess Policy No. RNN 506300 for the period August 11, 2005 to August 11, 2006 (the "AXIS 2005-2006 Policy").

*Not Controverted.*

31.     The AXIS 2005-2006 Policy states that, except as specifically set forth in the AXIS Policy, "the insurance afforded hereunder should apply in conformance with the provisions of" the 2005-2006 Primary Policy.

*Controverted. As quoted, that statement is inaccurate and incomplete. The AXIS Policy speaks for itself. See Exhibit E to the Gilbride Decl.*

32.     The AXIS 2005-2006 Policy defines "Insureds" as the same persons who may be entitled to insurance under the 2005-2006 Primary Policy.

*Controverted. This statement is an incomplete definition of Insureds under the AXIS Policy. The AXIS Policy speaks for itself. See Exhibit E to the Gilbride Decl., at p.1.*

33.     Mr. Klejna is an "Insured" under the AXIS 2005-2006 Policy.

*Not Controverted.*

34.     The AXIS 2005-2006 Policy defines "Claims(s)" as "event(s) which take place during the Policy Period and which trigger(s) coverage under the insuring agreement(s) of the Underlying Insurance."

*Not Controverted.*

35.     Any "Claim" for a "Wrongful Act" brought against the Counterclaim Plaintiffs that falls within Insuring Agreement (A) of the Primary Policy also falls within the "Insuring Agreement" of the AXIS 2005-2006 Policy.

714051-1

*Controverted. The Insuring Agreement of the AXIS Policy is more restrictive than simply providing coverage for anything which falls within Insuring Agreement (A) of the Primary Policy. The Insuring Agreement of the AXIS Policy speaks for itself and includes restrictions on coverage by the terms, conditions, exclusions and endorsements to any of the Underlying Insurance, as well as to the AXIS Policy itself. Evidence: See Exhibit E to the Gilbride Decl. at p.1.*

36. The AXIS 2005-2006 Policy also covers Defense Costs and any damages, settlements and judgments as defined in the 2005-2006 Primary Policy.

*Controverted. The AXIS Policy covers Defense Costs incurred in connection with a Claim otherwise covered by the AXIS Policy. See Exhibits E and I to the Gilbride Decl.*

37. The AXIS 2005-2006 Policy provides that "[i]f the Underlying Limits are wholly exhausted solely due to actual payment under the Underlying Insurance, this Policy shall continue to apply as primary insurance with respect to the applicable Insurance Product(s)...."

*Not Controverted, although the AXIS Policy speaks for itself and the quotation provided is incomplete.*

38. Marsh never authorized AXIS to add a Knowledge Exclusion to the AXIS 2005-2006 Policy in contravention of the AXIS policy binder, dated August 11, 2005.

*Controverted. Refco's insurance broker, Marsh USA, Inc., provided in writing that a Knowledge Exclusion would be a term of the AXIS Policy, through its incorporation of the Primary Policy. Evidence: See Paragraphs 23 through 49 of the Kane Aff.*

39. At no time prior to binding did AXIS or any of the other excess carriers in the 2005-2006 Program request modification of the severability provisions in the 2005-2006 Primary Policy.

*Controverted. This statement is unclear and ambiguous. There is no requirement for AXIS to "request modification" of any term in the Primary Policy. The AXIS Policy is a separate insurance contract with its own terms. Where those terms conflict with terms in the incorporated Underlying Insurance policies, the terms of the AXIS Policy govern. Evidence: See Exhibit E to the Gilbride Decl.*

40. The Refco, Inc. that was the subject of an enforcement proceeding by the Commodity Futures Trading Commission in 1994 is a different juridical entity than the Refco Inc. that is the subject of the Underlying Actions.

*Controverted. Evidence: See Paragraph 50 of the Kane Aff. In addition, there has not been any discovery to date because a litigation stay is in place and AXIS has reason to believe that discovery will yield additional admissible evidence relevant to this issue. See Gilbride Decl. at Rule 56(f) Statement.*

41. There is no allegation in the Securities Litigation or the other Underlying Actions regarding any conduct regulated under the Commodity Exchange Act or alleged to violate its provisions.

*Controverted. The Securities Litigation and other Underlying Actions are replete with allegations of improper actions by Refco in connection with customer accounts. There is unquestionably an overlap between the jurisdiction of the CFTC and the allegations in the various litigation brought as a result of Refco's demise. Evidence: Kim Decl. at Ex. 1. In addition, there has not been any discovery to date because a litigation stay is in place and AXIS has reason to believe that discovery will yield additional admissible evidence relevant to this issue. See Gilbride Decl. at Rule 56(f) Statement.*

714051-1

42. On March 6, 2006, AXIS' counsel issued a letter denying coverage to Mr. Klejna and other Refco Inc. Officers and directors for the Securities Litigation and other Refco-related actions. *Not Controverted.*

43. On July 30, 2007, Mr. Klejna received an offer from the Lead Plaintiffs in the Securities Litigation to settle the claims made against Mr. Klejna in the Securities Litigation.

*Controverted. Evidence: There has not been any discovery to date because a litigation stay is in place and AXIS has reason to believe that discovery will yield admissible evidence relevant to this issue. See Gilbride Decl. at Rule 56(f) Statement.*

44. On or about July 31, 2007, Mr. Klejna tendered his settlement with Lead Plaintiffs in the Securities Litigation to AXIS.

*Controverted. The purported settlement was subject to various conditions precedent and represented an illusory settlement. The purported settlement presented to AXIS on July 31, 2007 was not even signed by the parties. Evidence: See Exhibit L to the Gilbride Decl. In addition, there has not been any discovery to date because a litigation stay is in place and AXIS has reason to believe that discovery will yield additional admissible evidence relevant to this issue. See Gilbride Decl. at Rule 56(f) Statement.*

45. At the time Mr. Klejna first tendered his settlement with Lead Plaintiffs in the Securities Litigation to AXIS, the full $10 million limit of liability under the AXIS Policy was available to fund that settlement.

*Controverted. The purported settlement presented to AXIS on July 31, 2007 was not signed by any of the parties. AXIS had also denied coverage to Mr. Klejna. Accordingly, none of the AXIS Policy Limit of Liability was "available" to Mr. Klejna for any purpose. Evidence: See*

714051-1

*Exhibits A and L to the Gilbride Decl. In addition, there has not been any discovery to date because a litigation stay is in place and AXIS has reason to believe that discovery will yield additional admissible evidence relevant to this issue. See Gilbride Decl. at Rule 56(f) Statement.*

46.    Since August 1, 2007, AXIS has consistently refused to consent to or to fund Mr. Klejna's settlement with Lead Plaintiffs in the Securities Litigation.

*Controverted. AXIS has never refused its consent to Mr. Klejna entering into any settlement he desires with Lead Plaintiffs in the Securities Litigation. AXIS has repeatedly told Mr. Klejna that it would not raise non-consent by AXIS as a defense to coverage for any settlement he entered into with Lead Plaintiffs in the Securities Litigation. AXIS has denied coverage to Mr. Klejna. AXIS disputes any duty to advance Defense Costs under the AXIS Policy where AXIS has denied coverage, and there certainly is no duty to advance settlement funds under the AXIS Policy where AXIS has denied coverage. Other Insureds have objected to AXIS consenting to or funding the purported Klejna settlement. At all times where there was any signed agreement – even an illusory agreement subject to many conditions precedent – between Klejna and the Lead Plaintiffs in the Securities Litigation, AXIS was subject to a Court Order requiring it to pay Defense Costs. Mr. Klejna never sought to have any Court Order AXIS to fund his purported settlement. AXIS not only refused to fund Mr. Klejna's settlement, it was unable to do so. Evidence: See Exhibits A, L, and R to the Gilbride Decl. In addition, there has not been any discovery to date because a litigation stay is in place and AXIS has reason to believe that discovery will yield additional admissible evidence relevant to this issue. See Gilbride Decl. at Rule 56(f) Statement.*

714051-1

47. AXIS' counsel has advised that AXIS intends to seek payment of the $10 million that AXIS has advanced to the Insureds under the AXIS Policy and that it intends to hold Mr. Klejna jointly liable for the $10 million advanced, plus interest and attorney's fees.

*Not Controverted.*

48. On May 23, 2007, AXIS commenced the action *AXIS Reinsurance Co. v. Bennett,* Adv. Proc. No. 07-01712-RDD (Bankr. S.D.N.Y) (the "AXIS Adversary Proceeding") by filing a Complaint, seeking a declaration that the AXIS Policy does not provide insurance coverage for any of the Insureds for any of the Underlying Action.

*Not Controverted, although the AXIS adversary complaint speaks for itself..*

49. On or about July 31, 2007, Insured Dennis A. Klejna filed an Amended Answer and Counterclaims again AXIS in the Adversary Proceeding.

*Not Controverted.*

50. Count I of Mr. Klejna's counterclaims in the AXIS Adversary Proceeding seeks a declaratory judgment that he is entitled to coverage under the AXIS 2005-2006 Policy for Losses arising out of the Underlying Actions.

*Not Controverted, although the counterclaims speak for themselves.*

51. On or about August 23, 2007, AXIS filed an Answer to Mr. Klejna's Counterclaims in the AXIS Adversary Proceeding.

*Not Controverted.*

52. On or about November 13, 2007, this Court withdrew the bankruptcy reference with respect to the remaining claims then pending in the United States Bankruptcy Court for the

Southern District of New York in the consolidated AXIS adversary proceedings, *AXIS Reinsurance Co. v. Bennett, et al.,* No. 07-1712-RDD, 07-2005-RDD, 07-2032-RDD.

*Not Controverted.*

53.     On or about September 10, 2007, AXIS filed a complaint in *AXIS v. Bennett, et al.,* 07-cv-07924 (S.D.N.Y.) (GEL).

*Not Controverted.*


Pursuant to Local Rule 56.1(b), and Federal Rule of Civil Procedure 56(f), AXIS respectfully submits the following statement of additional material facts:

1.     The Warranty Letter is part of the AXIS Policy.

**Evidence:** *See* **Paragraphs 6 through 14 of the Kane Aff. In addition, there has not been any discovery to date because a litigation stay is in place and AXIS has reason to believe that discovery will yield additional admissible evidence relevant to this issue.** *See* **Gilbride Decl. at Rule 56(f) Statement.**

2.     The exclusionary language in the Warranty Letter applies to all Insureds based on the knowledge of any single Insured.

**Evidence:  Paragraphs 6 through 14 of the Kane Aff. In addition, there has not been any discovery to date because a litigation stay is in place and AXIS has reason to believe that discovery will yield additional admissible evidence relevant to this issue.** *See* **Gilbride Decl. at Rule 56(f) Statement.**

3.     The Warranty Letter excludes coverage for all Insureds for the Underlying Litigation.

714051-1

**Evidence: Paragraphs 6 through 14 of the Kane Aff. In addition, there has not been any discovery to date because a litigation stay is in place and AXIS has reason to believe that discovery will yield additional admissible evidence relevant to this issue.** *See* **Gilbride Decl. at Rule 56(f) Statement.**

4. There was a material non-disclosure in the Application.

**Evidence: Paragraphs 15 through 22 of the Kane Aff. In addition, there has not been any discovery to date because a litigation stay is in place and AXIS has reason to believe that discovery will yield additional admissible evidence relevant to this issue.** *See* **Gilbride Decl. at Rule 56(f) Statement.**

5. The exclusionary language at question 12 of the Application excludes coverage for the Underlying Litigation for all Insureds based on the knowledge of any single Insured.

**Evidence: Paragraphs 15 through 22 of the Kane Aff. In addition, there has not been any discovery to date because a litigation stay is in place and AXIS has reason to believe that discovery will yield additional admissible evidence relevant to this issue.** *See* **Gilbride Decl. at Rule 56(f) Statement.**

6. The Knowledge Exclusion is a term of the AXIS Policy.

**Evidence: Paragraphs 23 through 49 of the Kane Aff. In addition, there has not been any discovery to date because a litigation stay is in place and AXIS has reason to believe that discovery will yield additional admissible evidence relevant to this issue.** *See* **Gilbride Decl. at Rule 56(f) Statement.**

7. The Knowledge Exclusion excludes coverage for the Underlying Litigation for all Insureds based on the knowledge of any single Insured.

714051-1

**Evidence: Paragraphs 23 through 49 of the Kane Aff. In addition, there has not been any discovery to date because a litigation stay is in place and AXIS has reason to believe that discovery will yield additional admissible evidence relevant to this issue.** *See* **Gilbride Decl. at Rule 56(f) Statement.**

8. Litigation prior to August 5, 2004 is related to the current litigation.

**Evidence: Paragraphs 50 through 51 of the Kane Aff. In addition, there has not been any discovery to date because a litigation stay is in place and AXIS has reason to believe that discovery will yield additional admissible evidence relevant to this issue.** *See* **Gilbride Decl. at Rule 56(f) Statement.**

9. The Refco Inc. named in a 1994 CFTC complaint is related to the Refco Inc. which was formed as part of the August 2005 IPO.

**Evidence: Paragraphs 50 through 51 of the Kane Aff. In addition, there has not been any discovery to date because a litigation stay is in place and AXIS has reason to believe that discovery will yield additional admissible evidence relevant to this issue.** *See* **Gilbride Decl. at Rule 56(f) Statement.**

10. The Prior Litigation Exclusion excludes coverage for all Insureds for the Underlying Litigation.

**Evidence: Paragraphs 50 through 51 of the Kane Aff. In addition, there has not been any discovery to date because a litigation stay is in place and AXIS has reason to believe that discovery will yield additional admissible evidence relevant to this issue.** *See* **Gilbride Decl. at Rule 56(f) Statement.**

11. Whether each of the Movants had knowledge of the fraud at Refco.

714051-1

**Evidence:** There has not been any discovery to date because a litigation stay is in place and AXIS has reason to believe that discovery will yield additional admissible evidence relevant to this issue. *See* **Gilbride Decl. at Rule 56(f) Statement.**

Dated: May 2, 2008

                    Respectfully submitted,

                    KAUFMAN BORGEEST & RYAN LLP

                    By: _____
                    Wayne E. Borgeest
                    Joan M. Gilbride
                    Robert A. Benjamin

                    200 Summit Lake Drive
                    Valhalla, New York 10595
                    (914) 741-6100 (Telephone)
                    (914) 741-0025 (Facsimile)
                    wborgeest@kbrlaw.com
                    jgilbride@kbrlaw.com
                    rbenjamin@kbrlaw.com

                    *Attorneys for AXIS Reinsurance Company*

714051-1