```
DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X          Electronically Filed
AXIS REINSURANCE COMPANY,                         :
                              Plaintiff,          :          No. 07-CV-07924-GEL
       v.                                         :
                                                  :
                                                  :
PHILLIP R. BENNETT, et al.,                       :
                                                  :
                              Defendants.         :
------------------------------------------------------------X
                                                  :
In re                                             :          Chapter 11
                                                  :
REFCO, INC., et al.,                              :          Case No. 05-60006-RDD
                                                  :
                              Debtors.            :          Jointly Administered
------------------------------------------------------------X
AXIS REINSURANCE COMPANY,                         :          Adv. Proc. No. 07-01712-RDD
                                                  :          Reference Withdrawn:
                                                  :          No. 08-CV-03242-GEL
                              Plaintiff,          :          Appeals:
       v.                                         :          (1) No. 07-CV-09420-GEL
                                                  :          (2) No. 07-CV-09842-GEL
PHILLIP R. BENNETT, et al.,                       :          (3) No. 07-CV-10302-GEL
                                                  :
                              Defendants.         :
------------------------------------------------------------X
TONE N. GRANT, et al.,                            :          Adv. Proc. 07-02005-RDD
                                                  :          consolidated with 07-01712-RDD
                                                  :          Reference Withdrawn:
                                                  :          No. 08-CV-03243-GEL
                              Plaintiffs,         :          Appeals:
       v.                                         :          (1) No. 07-CV-09843-GEL
                                                  :          (2) No. 07-CV-10302-GEL
AXIS REINSURANCE COMPANY,                         :
                                                  :
                              Defendant.          :
------------------------------------------------------------X
LEO R. BREITMAN, et al.,                          :          Adv. Proc. No. 07-02032-RDD
                                                  :          consolidated with 07-01712-RDD
                                                  :          Reference Withdrawn:
                                                  :          No. 08-CV-03303-GEL
                              Plaintiffs,         :          Appeal:
       v.                                         :          (1) No. 07-CV-10302-GEL
                                                  :
AXIS REINSURANCE COMPANY,                         :
                                                  :
                              Defendant.          :
------------------------------------------------------------X
```

# DECLARATION OF JOAN M. GILBRIDE

State of New York    )
                     )ss:
County of New York   )

      I, Joan M. Gilbride, declare under penalty of perjury that the following declaration is true and accurate and made based on my personal knowledge except where otherwise stated:

    1.    I am a member of Kaufman Borgeest & Ryan LLP, attorneys for plaintiff AXIS Reinsurance Company ("AXIS") in this action.

    2.    This Declaration is submitted, pursuant to Local Rule 56.1 and FRCP 56(f), in support of AXIS's opposition to the Summary Judgment Motions filed by Klejna, Sexton, Sherer, Silverman, Breitman, Gantcher, Harkins, Jaeckel, Lee O'Keklley, Schoen, Murphy, and Grant..

    3.    Attached as Exhibit A is a true and accurate copy of the March 6, 2006 letter from Wayne E. Borgeest to Pam Sylwestrzak.

    4.    Attached as Exhibit B is a true and accurate copy of the October 24, 2007 transcript of the proceedings before Bankruptcy Judge Drain.

    5.    Attached as Exhibit C are true and accurate copies of examples of reservation of rights letters sent on behalf of the Underlying Insurers, U.S. Specialty (a/k/a HCC) and Lexington.

    6.    Attached as Exhibit D are true and accurate copies of examples of interim funding agreements between the Underlying Insurers, U.S. Specialty (a/k/a HCC) Lexington, and Mr. Klejna. Based on information and belief, similar interim funding agreements were executed between the Underlying Insurers and the other Insureds.

7.   Attached as Exhibit E is a true and accurate copy of AXIS's Securexcess Policy RNN 506300 (the "AXIS Policy").

8.   Attached as Exhibit F is a true and accurate copy of the December 19, 2007 transcript of the proceedings before Magistrate Judge Ellis.

9.   Attached as Exhibit G is a true and accurate copy of the February 15, 2008 transcript of the proceedings before Judge Buchwald.

10.  Attached as Exhibit H is a true and accurate copy of the February 20, 2008 transcript of the proceedings before Judge Buchwald.

11.  Attached as Exhibit I is a true and accurate copy of U.S. Specialty's Directors, Officers and Corporate Liability Insurance Policy 24-MGU-05-A10821 (the "Primary Policy").

12.  Attached as Exhibit J is a true and accurate copy of the U.S. Specialty Application signed on February 8, 2005 by Philip Bennett as authorized agent for all proposed insureds (the "Application").

13.  Attached as Exhibit K is a true and accurate copy of the November 13, 2007 Order of Judge Lynch.

14.  Attached as Exhibit L are true and accurate copies of a collection of letters sent to counsel for Mr. Klejna on behalf of AXIS.

15.  Attached as Exhibit M are true and accurate copies of: (1) the October 10, 2007 Reply Memorandum of Defendants Dennis Klejna, William M. Sexton, Gerald Sherer and Philip Silverman in Support of their Motion for Summary Judgment to Require AXIS to Advance Defense Costs in the Underlying Litigations; and (2) the January 28, 2008 Appellee Insureds' Joint Response to AXIS Reinsurance Company's Supplemental Brief Concerning Effect of Maggio Plea.

16.     Attached as Exhibit N is a true and accurate copy of the March 12, 2008 letter sent to Bankruptcy Judge Drain by Wayne E. Borgeest, Joan M. Gilbride and Robert A. Benjamin.

17.     Attached as Exhibit O is a true and accurate copy of the Warranty Letter signed on January 21, 2005 by Philip Bennett, on behalf of all Insureds (the "Warranty Letter").

18.     Attached as Exhibit P is a true and accurate copy of a April 17, 2008 letter to New York State Supreme Court Judge Freedman by John H. Eickemeyer.

19.     Attached as Exhibit Q is a true and accurate copy of a portion of the April 17, 2008 transcript of the proceedings before Judge Buchwald.

20.     Attached as Exhibit R is a true and accurate copy of the October 19, 2007 Order of Bankruptcy Judge Drain (including the October 22, 2007 Errata Order).

## Statement Pursuant to FRCP 56(f)

21.     AXIS's Adversary Proceeding Complaint was dismissed by the Bankruptcy Court. *See* Exhibit S, which is a full and complete copy of the August 31, 2007 Order of Bankruptcy Judge Drain.

22.     The Insureds dictated, and the Bankruptcy Court agreed, that the AXIS action must "take a back seat" to the Underlying Litigation.

23.     AXIS filed a similar complaint for declaratory judgment in the District Court on September 7, 2007, Index No. 07-CV-07924-GEL (SDNY) (the "AXIS Complaint").

24.     The AXIS Complaint was stayed by Order of this Court dated November 13, 2007. *See* Exhibit K.

25. Based on the foregoing, AXIS has not had any opportunity to conduct any discovery whatsoever, because the complaint it filed in the Bankruptcy Court was dismissed and the complaint it filed in the District Court was stayed.

26. Prior to any coverage litigation between AXIS and the Insureds, AXIS made reasonable requests for information from the Insureds. *See e.g.*, Exhibit A. None of the Insureds responded to any of AXIS's reasonable requests for information.

27. AXIS has continued to make informal requests for information from certain Insureds, none of whom have provided any meaningful response.

28. The Bankruptcy Court previously held that, prior to the filing of a similar Summary Judgment Motion in the Bankruptcy Court by Mr. Klejna, discovery was necessary and must take place. The Bankruptcy Court directed Mr. Klejna's counsel to propose a discovery schedule to AXIS. Counsel never proposed such a schedule. *See* Exhibit B, at p. 27-28.

29. Neither Mr. Klejna, nor any of the other Movants have requested any discovery from AXIS whatsoever.

30. The instant Summary Judgment Motions are premature in the absence of any discovery. AXIS has not had any opportunity to examine relevant documentary evidence contained within Refco's files, its broker's files, or the Insureds' files. AXIS has not had any opportunity to depose the people involved in the underwriting process, including Marsh employees and Refco employees. AXIS has not had any opportunity to depose Mr. Bennett, the individual who signed the Warranty Letter and the Application on behalf of all Insureds.

31.     The Movants rely heavily on the factual Declarations of Ellen Brooks, Pamela Sylwestrzak, and Helen Kim. None of these declarants has been subject to cross-examination by AXIS, and none has produced a single document for AXIS's review.

32.     AXIS is confident that, if given the opportunity to conduct reasonable discovery, it will be able to present additional facts and admissible evidence essential to justify its opposition to these Motions for Summary Judgment and prevail on its own motion for Summary Judgment.

I hereby declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Dated: Valhalla, New York
       May 2, 2008

                                          _____
                                          Joan M. Gilbride
                                          KAUFMAN BORGEEST & RYAN LLP
                                          200 Summit Lake Drive
                                          Valhalla, New York 10595
                                          (914) 741-6100 (Telephone)
                                          (914) 741-0025 (Facsimile)
                                          jgilbride@kbrlaw.com