# EXHIBIT L

# KAUFMAN BORGEEST & RYAN LLP

ATTORNEYS AT LAW

200 SUMMIT LAKE DRIVE
VALHALLA, NEW YORK 10595

TELEPHONE: 914-741-6100
FACSIMILE: 914-741-0025
www.kbrlaw.com

ANDREW S. KAUFMAN†
WAYNE E. BORGEEST
JULIANNA RYAN
LEE E. BERGER
LORETTA A. KREZ*
JOAN M. GILBRIDE††
JONATHAN D. RUBIN†
JUDITH M. FISHER*
A. MICHAEL FURMAN*
MICHAEL P. MEZZACAPPA*†
DOUGLAS J. FITZMORRIS
STEVEN D. WEINER
SCOTT A. SCHECHTER
CHRISTOPHER E. DIGIACINTO*
ANN MARIE COLLINS*†
JONATHAN B. BRUNO*
PAUL J. COLUCCI
MARGARET J. DAVINO*††
JEFFREY C. GERSON!!
ROCCO F. MATRA◊
JOHN R. MULLANY*

OF COUNSEL
MARIBETH SLEVIN
SHERRI M. FELDMAN◊

APPELLATE COUNSEL
JACQUELINE MANDELL
—
JONATHAN R. HAMMERMAN
HEATHER LASCHEWER*
CAROL E. DOTY††
BARBARA-ANN M. COSTELLO
MELINDA R. MARGOLIES*
JEFFREY S. WHITTINGTON*
ELIZABETH O'BRIEN TOTTEN
RICHARD A. FRETTI
REBECCA KILOUFF
KRISTOPHER M. DENNIS*
CHRISTINE HEENAN
BELINDA DODDS-MARSHALL*†
JULIE A. KEEGAN
STEPHANIE B. GITNIK
JEFFREY W. KLEINER*
JENNIFER BIRNBAUM
MICHAEL R. JANES
A. EVON HOWARD◊
LEONARD B. COOPER††
REBECCA GOODMAN
ANDREW R. JONES

JAMES T. DE SILVA
KEITH L. KAPLAN††
VINCENT C. ANSALDI††
DAVID J. VARRIALE*††
DOUGLAS J. DOMSKY
TIMOTHY E. McCARTHY*
JEFFREY A. GRAINICK
TRACEY REISER-PERTOSOH†
KATHERINE J. O'BRIEN††
DAMIEN SMITH†
ANDREW R. KOWLOWITZ*◊
MATTHEW M. FERGUSON*
D. RYAN BLOOMQUIST
CRISTINA LA MARCA
EDWARD R. NORIEGA◊
MATTHEW SPERGEL
PAUL T. CURLEY
ROBERT A. BENJAMIN*
KATHRYN C. COLLINS
JANINE C. CIALLELLAH
ELAN R. KANDEL*††
BRIAN M. SHER*
PAIGE E. COOPERMAN
MARGARET M. O'CONNOR

JOSHUA R. SANDBERG
THOMAS L. GALLIVAN
EILEEN R. FULLERTON††
CORRIE A. HURM
DENNIS J. DOZIS*
LYNN M. DUZETTE
RISA D. TARKOFF*
MILLI SHAH*
LAURA R. JUFFA
JOSEPH F. DEPAOLA
BETSY PHILIP
SARA K. WALKER
KERI R. WASSERSTEIN*
REMI D. FLAISHMAN*
MELISSA A. MANNING*

† ALSO ADMITTED IN PA
* ALSO ADMITTED IN NJ
‡ ALSO ADMITTED IN DC
!! ALSO ADMITTED IN CT
× ALSO ADMITTED IN MA
◊ ALSO ADMITTED IN TX
✦ ALSO ADMITTED IN FL
⊗ ALSO ADMITTED IN CA
⊞ ADMITTED IN NJ ONLY
□ ADMITTED IN CA ONLY
◊ BARRISTER AT LAW
ADMITTED IN ENGLAND & WALES

August 3, 2007

## VIA EMAIL AND CERTIFIED MAIL
## RETURN RECEIPT REQUESTED

Helen Kim, Esq.
Baker Hostetler LLP
600 Anton Boulevard, Suite 900
Costa Mesa, CA 92626-7221

Re:        Insured    :    Refco, Inc.

             Policy No.  :    506300

             Claim No.   :    BH 9826

             Our File No. :    481.001

Dear Ms. Kim:

As you know, we represent Axis Reinsurance Company ("Axis"). This responds to your July 31, 2007 email demanding that Axis consent to and fund a settlement involving one of your clients, Dennis Klejna. Your email attaches an unexecuted Memorandum of Understanding between Mr. Klejna and Lead Plaintiffs in *In re Refco Securities Litigation* (SDNY 05cv8626). Your email also demands that Axis provide consent to the MOU within 72 hours.

As you are also aware, Axis disclaimed coverage for this matter under the captioned policy over a year ago. None of the insureds, including Mr. Klejna, ever challenged this coverage disclaimer – the only exception being certain filings made within the last twenty days in response to the Adversary Action that Axis filed against your client and others. None of the Insureds, including Mr. Klejna, have ever provided Axis with any information whatsoever about the matters they have submitted for coverage.[1] Moreover, your email demanding Axis's consent to settlement is the first indication Axis has had of any settlement discussions in this matter.

---

[1] Each of the various letters Axis has sent disclaiming coverage for this matter included the statement "Axis's denial of coverage of the captioned matter is necessarily based upon information that has been made available at this point. If you have any other information we should consider, please let us know."

As you also know, there is an automatic stay in effect imposed by 11 U.S.C. Sec. 362(a) which prevents Axis from paying any policy proceeds without a lifting of that stay. Additionally, the parties, including Axis and Mr. Klejna are currently in litigation with respect to Axis's denial of coverage in this matter.

Under the present circumstances – 1) a bankruptcy stay in effect; 2) no rational basis provided to Axis upon which to evaluate Mr. Klejna's alleged liability or the reasonableness of the proposed MOU[2]; 3) Axis's unchallenged denial of coverage over a year ago; 3) potential prejudice to other insureds based upon the express terms of the MOU which have not been disclosed to any other insured[3]; 4) litigation pending between the parties concerning the existence of coverage for Mr. Klejna or any other insured; and 5) the presentation of a substantially complete and already negotiated agreement with less than 72 hours to review and assess – Axis can not reasonably be expected to provide approval to fund or consent to the proposed settlement.

Nothing in this letter is intended to, or does waive any of Axis's rights, privileges or defenses under the captioned policy, at law, or in equity, all of which are expressly reserved.

Regards,

KAUFMAN BORGEEST & RYAN LLP

Joan M. Gilbride
Robert A. Benjamin

cc:
(via email only)
Harold Neher, Axis

---

None of the Insureds, including your client, have ever provided Axis with any additional information in response to this request.
[2] Given your statements that Mr. Klejna is an "innocent" insured, the proposed settlement amount appears facially unreasonable.
[3] Axis can not show a preference for one insured against all other insureds. The proposed MOU would not only substantially deplete the entire Axis policy, Mr. Klejna would be actively working against all other insureds by virtue of the agreement to assist in the prosecution of the underlying action.

# KAUFMAN BORGEEST & RYAN LLP

ANDREW S. KAUFMAN†
WAYNE E. BORGEEST
JULIANNA RYAN
LEE E. BERGER
LORETTA A. KREZ*
JOAN M. GILBRIDE††
JONATHAN D. RUBIN‡
JUDITH M. FISHER*
A. MICHAEL FURMAN*
MICHAEL P. MEZZACAPPA*†
DOUGLAS J. FITZMORRIS
STEVEN D. WEINER
SCOTT A. SCHECHTER
CHRISTOPHER P. DiGIACINTO*
ANN MARIE COLLINS*††
JONATHAN A. BRUNO*
PAUL J. COLUCCI
MARGARET J. DAVINO*††
JEFFREY C. GERSON††
ROCCO P. MATEA◊
JOHN B. MULLANY*

OF COUNSEL:
MARIBETH SLEVIN
SHERRI M. FELDMAN◊

APPELLATE COUNSEL:
JACQUELINE MANDELL

JONATHAN R. HAMMERMAN
HEATHER LASCHEVER*
CAROL S. DOTY††‡
BARBARA-ANN M. COSTELLO
MELINDA R. MARGOLIES‡
JEFFREY K. WHITTINGTON*
ELIZABETH O'BRIEN TOTTEN
RICHARD A. PRETTI
REBECCA KILDUFF
KRISTOPHER M. DENNIS*
CHRISTINE HEENAN
BELINDA DODDS-MARSHALL*‡
JULIE A. KEEGAN
STEPHANIE B. GITNIK
JEFFREY W. KLEINER*
JENNIFER BIRNBAUM
MICHAEL R. JANES
R. EVON HOWARD*
LEONARD B. COOPER††
REBECCA GOODMAN
ANDREW R. JONES

JAMES T. DE SILVA
KEITH L. KAPLAN††
VINCENT C. ANSALDI††
DAVID J. VARRIALE*††
DOUGLAS J. DOMSKY
TIMOTHY E. MCCARTHY*
JEFFREY A. GRALNICK
TRACEY REISER-PERTOSOH
KATHERINE J. JOHNSON
DAMIEN SMITH
ANDREW S. KOWLOWITZ*◊
MATTHEW M. FERGUSON*◊
D. RYAN BLOOMQUIST
CRISTINA LA MARCA
EDWARD R. NORIEGA◊
MATTHEW SPERGEL
PAUL T. CURLEY
ROBERT A. BENJAMIN*
KATHRYN C. COLLINS
JANINE C. CIALLELLA††
ELAN R. KANDEL*††
BRIAN M. SHER*
PAIGE E. COOPERMAN
MARGARET M. O'CONNOR

JOSHUA B. SANDBERG
THOMAS L. GALLIVAN
BELEDA R. FULLERTON††
CORRIE A. HURM
DENNIS J. DOZIS*
LYNN M. DUKETTE
RISA D. TARKOFF*
MELLI SHAH*
LAURA B. JUFFA
JOSEPH B. DENOLA
BETSY PHILIP
SARA K. WALKER
KERI R. WASSERSTEIN*
REMI D. FLAISHMAN*
MELISSA A. MANNING*

‡ ALSO ADMITTED IN PA
* ALSO ADMITTED IN NJ
† ALSO ADMITTED IN DC
†† ALSO ADMITTED IN CT
◊ ALSO ADMITTED IN MA
◊ ALSO ADMITTED IN TX
* ALSO ADMITTED IN FL
◊ ALSO ADMITTED IN CA
☐ ADMITTED IN NJ ONLY
☐ ADMITTED IN CA ONLY
☐ ADMITTED IN CA ONLY
☐ BARRISTER AT LAW
☐ ADMITTED IN ENGLAND & WALES

ATTORNEYS AT LAW

200 SUMMIT LAKE DRIVE
VALHALLA, NEW YORK 10595

TELEPHONE: 914-741-6100
FACSIMILE: 914-741-0025
www.kbrlaw.com

August 7, 2007

**VIA EMAIL AND CERTIFIED MAIL**
**RETURN RECEIPT REQUESTED**

Helen Kim, Esq.
Baker Hostetler LLP
600 Anton Boulevard, Suite 900
Costa Mesa, CA 92626-7221

| Re: | Insured | : | Refco, Inc. |
|---|---|---|---|
| | Policy No. | : | 506300 |
| | Claim No. | : | BH 9826 |
| | Our File No. | : | 481.001 |

Dear Ms. Kim:

We are in receipt of your August 3, 2007 letter and your August 6, 2007 letter. We disagree with the assertions made in both of those letters. We write to respond to the question raised at the beginning of your August 3, 2007 letter and the request for a meeting with Axis made in your August 6, 2007 letter.

As noted in our August 3, 2007 letter, Axis disclaimed coverage for this matter and filed coverage litigation seeking a declaration affirming its coverage disclaimer. Accordingly, Mr. Klejna should proceed as a prudent uninsured in connection with this matter. In light of Axis's coverage disclaimer, Axis will not raise non-consent to any settlement involving Mr. Klejna as an additional ground for disclaimer. However, Axis does not -- and can not -- take any view as to the reasonableness of any settlement or

NEW YORK CITY • WESTCHESTER • LONG ISLAND • NEW JERSEY • CALIFORNIA

whether settlement is advisable at this juncture. In this respect, Axis reserves its rights, and we understand that your client reserves all of his rights as well.

Notwithstanding Axis's position, Axis is willing to meet with you at a mutually convenient time and place as requested.

Nothing in this letter is intended to, or does waive any of Axis's rights, privileges or defenses under the captioned policy, at law, or in equity, all of which are expressly reserved.

Regards,

KAUFMAN BORGEEST & RYAN LLP

Joan M. Gilbride
Robert A. Benjamin

cc:
(via email only)
Harold Neher, Axis

# KAUFMAN BORGEEST & RYAN LLP

**ATTORNEYS AT LAW**

200 SUMMIT LAKE DRIVE
VALHALLA, NEW YORK 10595

TELEPHONE: 914-741-6100
FACSIMILE: 914-741-0025
www.kbrlaw.com

October 2, 2007

ANDREW S. KAUFMAN‡
WAYNE B. BORGEEST
JULIANNA RYAN
LEE E. BERGER
LORETTA A. KREZ*
JOAN M. GILBRIDE‡‡
JONATHAN D. RUBIN‡
JUDITH M. FISHER*
A. MICHAEL FURMAN*
MICHAEL P. MEZZACAPPA*‡
DOUGLAS J. FITZMORRIS
STEVEN D. WEINER
SCOTT A. SCHECHTER
CHRISTOPHER E. DiGIACINTO*
ANN MARIE COLLINS*‡
JONATHAN B. BRUNO*
PAUL J. COLUCCI
MARGARET J. DAVINO*‡
JEFFREY C. GERSON‡‡
ROCCO E MATRA✦
JOHN B. MULLAHY*

OF COUNSEL
MARISETH SLEVIN
SHERRI M. FELDMAN*

APPELLATE COUNSEL
JACQUELINE MANDELL

JONATHAN R. HAMMERMAN
HEATHER LASCHEVER*
CAROL S. DOTTI‡‡
BARBARA-ANN M. COSTELLO
MELINDA B. MARGOLIES*
JEFFREY S. WHITTINGTON*
ELIZABETH O'BRIEN TOTTEN
RICHARD A. PRETTI
REBECCA KILDUFF
KRISTOPHER M. DENNIS*
CHRISTINE HEENAN
BELINDA DODDS-MARSHALL*‡
JULIE A. KEEGAN
STEPHANIE B. GITNIK
JEFFREY W. KLEINER*
JENNIFER BIRNBAUM
MICHAEL R. JANES
R. EVON HOWARD*
LEONARD B. COOPER‡‡
ANDREW R. JONES
JAMES T. DE SILVA

KEITH L. KAPLAN‡‡
VINCENT C. ANSALDI‡‡
DAVID J. VARRIALE*‡‡
DOUGLAS J. DOMSKY
TIMOTHY P. MCCARTHY*
JEFFREY A. GRAUNCK
TRACEY REISER-PERTOSON
KATHERINE J. O'BRIEN‡‡
DAMIEN SMITH
ANDREW S. KOWLOWITZ*✦
MATTHEW M. FERGUSON*
D. RYAN BLOOMQUIST
CRISTINA LA MARCA
EDWARD R. NOREIGA‡
MATTHEW SPIEGEL
PAUL T. CURLEY
ROBERT A. BENJAMIN*
KATHRYN C. COLLINS
JANINE C. CALLELLA‡‡
ELAN R. KANDEL*‡‡
BRIAN M. SHER
PAIGE E. COOPERMAN
MARGARET M. O'CONNOR
JOSHUA E. SANDBERG

THOMAS G. GALLIVAN
EILEEN R. FULLERTON‡‡
CORRIE A. HURM
DENNIS J. DOZIS‡
LYNN M. DUKETTE
RISA D. TARKOFF*
MILLI SHAH*
LAURA B. JUFFA
JOSEPH P. DaPAOLA
KATELIN R. O'ROURKE
BETSY PHILIP
SARA K. WALKER
KERI B. WASSERSTEIN*
REMI D. FLAISHMAN*
MELISSA A. MANNING*
THOMAS LOCKSTEIN

‡ ALSO ADMITTED IN PA
† ALSO ADMITTED IN NJ
‖ ALSO ADMITTED IN DC
‡‡ ALSO ADMITTED IN CT
★ ALSO ADMITTED IN MA
✦ ALSO ADMITTED IN TX
✴ ALSO ADMITTED IN FL
✪ ALSO ADMITTED IN CA
□ ADMITTED IN NJ ONLY
◊ ADMITTED IN CA ONLY
✧ BARRISTER AT LAW
▪ ADMITTED IN ENGLAND & WALES

**VIA E-MAIL**
Helen B. Kim
Baker Hostetler LLP
12100 Wilshire Boulevard, 15ᵗʰ Floor
Los Angeles, CA 90025-7120

|   |   |   |
|---|---|---|
| Re: | : | Axis Reinsurance Company v. Phillip Bennett, et al. |
| Index No. | : | 07-CV-07924 (GEL) |

Dear Ms. Kim:

This will respond to your September 22, 2007 letter concerning the Memorandum of Understanding signed by Mr. Klejna and Lead Plaintiffs in the *In re Refco Securities Litigation* ("MOU").

Axis has carefully considered the arguments set forth in your September 22ⁿᵈ letter as well as your September 6, 2007 letter, as well as objections received by other insureds to Axis's proposed funding of the MOU. For the reasons set forth below, Axis declines to fund the MOU. As set forth in our August 7, 2007 letter, Axis will not raise non-consent to any settlement in the event that your client decides to proceed with the MOU and ultimately a Court decides that the MOU is covered under the terms and provisions of the Axis policy.

As you well know, Axis denied coverage in its entirety for this matter by letter dated March 6, 2006. To date, although Axis commenced litigation seeking a declaration from the Bankruptcy Court concerning its coverage obligations under the policy, no Court has issued any such ruling. Indeed, the Bankruptcy Court dismissed Axis' complaint seeking a declaration with respect to its coverage obligations.

In addition to the reasons set forth in our earlier letters concerning the MOU, we note that the amount of the MOU, when considered in conjunction with the defense costs submitted on behalf of other insureds, exceeds the total limits of the Axis policy. Thus, under no circumstances could Axis agree to fund the MOU since it implicates coverage excess of the Axis policy limits.

Ltr. to Helen B. Kim
Page 2 of 2

We note that the reasoning set forth in your September 22, 2007 letter is flawed for several reasons, including the fact that the Axis policy defines "loss" to include only amounts that an insured person is legally obligated to pay. Until there is approval of the MOU by the District Court, Mr. Klejna is not legally obligated to pay the MOU. It is a condition precedent of the MOU that it is not final until it is approved. Moreover, we understand that you have stated on several occasions that the amount of the MOU is negotiable. As such, it is clearly not a legal obligation.

Finally, given the objections raised by the other insureds, and given that the terms of the MOU clearly are potentially prejudicial to Axis' other insureds, Axis could not fund the MOU. We urge you and your client to, at minimum, provide the MOU to the Bankruptcy Court for review, if not to all other insureds.

Your numerous references to comments by the Bankruptcy Court are taken out of context. At no point has the Bankruptcy Court, or any Court, expressed any opinion concerning the MOU or potential coverage for the MOU. Axis' attempt to obtain clarity from a Court with respect to the MOU and lack of coverage have been thwarted by its insureds.

Axis continues to maintain its disclaimer in this matter and expects that Mr. Klejna will act prudently under the circumstances.

Very truly yours,

KAUFMAN BORGEEST & RYAN LLP

Joan M. Gilbride

cc:

Harold Neher
Wayne E. Borgeest
Ann Marie Collins
Robert Benjamin
Joseph L. Chairez

641095-1
KAUFMAN BORGEEST & RYAN LLP

# KAUFMAN BORGEEST & RYAN LLP

ANDREW S. KAUFMAN†
WAYNE R. BORGEEST
JULIANNA RYAN
LEE R. BERGER
LORETTA A. KREZ*
JOAN M. GILBRIDE†‡
JONATHAN D. RUBIN‡
JUDITH M. FISHER*
A. MICHAEL FURMAN*
MICHAEL P. MEZZACAPPA*†
DOUGLAS J. FITZMORRIS
STEVEN D. WEINER
SCOTT A. SCHECHTER
CHRISTOPHER Z. DiGIACINTO*
ANN MARIE COLLINS*†
JONATHAN R. BRUNO*
PAUL J. COLUCCI
MARGARET J. DAVINO*†‡
JEFFREY C. GERSONI†
ROCCO B MATRA◊
JOHN R. MULLANT*

OF COUNSEL
MARIBETH SLEVIN
SHERRI M. FELDMAN°

APPELLATE COUNSEL
JACQUELINE MANDELL

JONATHAN R. HAMMERMAN
HEATHER LASCHEWER*
CAROL S. DOTY†‡
BARBARA-ANN M. COSTELLO
MELINDA R. MARGOLIES*
JEFFREY S. WHITTINGTON°
ELIZABETH O'BRIEN TOTTEN
RICHARD A. PRETTI
REBECCA KILDUFF
KRISTOPHER M. DENNIS*
CHRISTINE HEENAN
BELINDA DODGS-MARSHALL*‡
JULIE A. KEEGAN
STEPHANIE R. GITNIK
JEFFREY W. KLEINER*
JENNIFER SIEMBAUM
MICHAEL R. JANES
R. EVON HOWARD°
LEONARD B. COOPER†‡
ANDREW R. JONES
JAMES T. DE SILVA

KEITH L. KAPLAN††
VINCENT C. ANSALDI††
DAVID J. VARRIALE*††
DOUGLAS J. DOMSKY
TIMOTHY R. MCCARTHY*
JEFFREY A. GRAUNICK
TRACEY KEISER-PERTOSO††
KATHERINE J. O'BRIEN††
DAMIEN SMITH
ANDREW S. KOWLOWITZ*◊
MATTHEW M. FERGUSON*
D. RYAN BLOOMQUIST
CRISTINA LA MARCA
EDWARD R. NORIEGA°
MATTHEW SPERGEL
PAUL T. CURLEY
ROBERT A. BENJAMIN*
KATHRYN C. COLLINS
JANINE C. CIALLELLA††
ELAN R. KANDEL*††
BRIAN M. SHER*
PAIGE E. COOPERMAN
MARGARET M. O'CONNOR
JOSHUA B. SANDBERG

THOMAS L. GALLIVAN
EILEEN R. RULLKOETTI
DENNIS J. DOZIS*
LYNN M. DUXETTE
ERRA D. TAKEOFF*
MILLI SHAH*
KATHRYN M. WALSH
LAURA R. TUFFA
KATRIN S. O'ROURKE
BETSY PHILIP
SARA K. WALKER
KERI R. WASSERMAN*
REMI D. FLAKSMAN*
MELISSA A. MANNING*
THOMAS LOOKSTEIN
MICHAEL NERI
ROBERT B. FOERTE
LORRAINE C. SYLVESTER*
JESSICA MOLINARES

† ALSO ADMITTED IN PA
* ALSO ADMITTED IN NJ
◊ ALSO ADMITTED IN CT
‡ ALSO ADMITTED IN DC
° ALSO ADMITTED IN MA
◊ ALSO ADMITTED IN TX
° ALSO ADMITTED IN FL
° ALSO ADMITTED IN CA
° ADMITTED IN NJ ONLY
◊ ADMITTED IN CA ONLY
◊ BARRISTER AT LAW
ADMITTED IN ENGLAND & WALES

ATTORNEYS AT LAW

200 SUMMIT LAKE DRIVE
VALHALLA, NEW YORK 10595

TELEPHONE: 914-741-6100
FACSIMILE: 914-741-0025
www.kbrlaw.com

November 12, 2007

## VIA EMAIL AND CERTIFIED MAIL
## RETURN RECEIPT REQUESTED

Helen Kim, Esq.
Baker Hostetler LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, CA 90025-7120

|       |            |   |             |
|-------|------------|---|-------------|
| Re:   | Insured    | : | Refco, Inc. |
|       | Policy No. | : | 506300      |
|       | Claim No.  | : | BH 9826     |
|       | Our File No. | : | 481.001   |

Dear Ms. Kim:

We are in receipt of your November 9, 2007 letter. For all of the reasons detailed in our prior correspondence regarding Mr. Klejna's earlier proposed settlement, Axis also declines to fund the current proposed settlement.

We note that the proposed settlement attached to your November 9, 2007 letter is a draft settlement agreement with incomplete terms and has not been executed by the parties. As currently drafted, the current settlement proposal does not constitute a legal obligation by any party to pay until the settlement proposal has received approval by a court with proper jurisdiction to grant such approval. Accordingly, such settlement would not constitute Loss, as that term is defined in the primary policy and incorporated by the Axis Policy, until it is approved by a court.

On March 6, 2006, Axis disclaimed coverage to Mr. Klejna for this matter. Accordingly, Mr. Klejna should proceed as a prudent uninsured in connection with this matter. In light of Axis's coverage disclaimer, Axis will not raise non-consent to any settlement involving Mr. Klejna as an additional ground for disclaimer. However, Axis

does not – and can not – take any view as to the reasonableness of any settlement or whether settlement is advisable at this juncture. In this respect, Axis reserves its rights, and we understand that your client reserves all of his rights as well.

Axis also notes that it has received objection from several other Insureds to the prior proposed settlement. The current proposed settlement appears to be substantially identical to the earlier proposed settlement. Axis cannot prefer one Insured over another, and the current proposed settlement clearly requires Mr. Klejna to actively participate with and assist plaintiffs in the prosecution of claims against other Insureds.

Axis further notes that the current settlement proposal calls for payment of $50,000 by Mr. Klejna and $7,550,000 by the Insurers. This amount is in excess of the remaining limit of liability in the Axis Policy. As such, the current settlement proposal constitutes a demand in excess of remaining policy limits. Axis cannot bind Excess Insurers to any proposed settlement, and Axis is unable to consent to fund this proposed settlement.

Based on the foregoing, Axis requests that Mr. Klejna immediately disclose the current proposed settlement to the Excess Insurers and other Insureds.

Nothing in this letter is intended to, or does waive any of Axis's rights, privileges or defenses under the captioned policy, at law, or in equity, all of which are expressly reserved.

Regards,

KAUFMAN BORGEEST & RYAN LLP

Joan M. Gilbride

# KAUFMAN BORGEEST & RYAN LLP

ATTORNEYS AT LAW

200 SUMMIT LAKE DRIVE
VALHALLA, NEW YORK 10595

TELEPHONE: 914-741-6100
FACSIMILE: 914-741-0025
www.kbrlaw.com

ANDREW S. KAUFMAN†
WAYNE E. BORGEEST
JULIANNA RYAN
LEE B. BERGER
LORETTA A. KREZ*
JOAN M. GILBRIDE†‡
JONATHAN D. RUBIN‡
JUDITH M. FISHER*
A. MICHAEL FURMAN*
MICHAEL P. MEZZACAPPA*†
DOUGLAS J. FITZMORRIS
STEVEN D. WEINER
SCOTT A. SCHECHTER
CHRISTOPHER R. DIGIACINTO*
ANN MARIE COLLINS*†
JONATHAN R. BRUNO*
PAUL J. COLUCCI
MARGARET J. DAVINO*‡
JEFFREY C. GERSON†‡
ROCCO F. MATRA*
JOHN R. MULLAHY*

OF COUNSEL
MARIBETH SLEVIN
SHERRI M. FELDMAN*

APPELLATE COUNSEL
JACQUELINE MANDELL

JONATHAN R. HARWITZMAN
HEATHER LASCHEWER*
CAROL S. DOTY†‡
BARBARA ANN M. COSTELLO
MELINDA B. MARGOLIES*
JEFFREY S. WHITTINGTON*
ELIZABETH O'BRIEN TOTTEN
RICHARD A. FRETT‡
REBECCA KILDUFF
KRISTOPHER M. DENNIS*
CHRISTINE HEENAN
BELINDA DODDS-MARSHALL*‡
JULIE A. KEEGAN
STEPHANIE B. GITNIK
JEFFREY W. KLEINER*
JENNIFER BIRENBAUM
MICHAEL R. JANES
R. EVON HOWARD*
LEONARD B. COOPER‡‡
ANDREW R. JONES
JAMES T. DE SILVA

KEITH L. KAPLAN†‡
VINCENT C. ANSALDINI
DAVID J. VAKKALE*†‡
DOUGLAS J. DOMSKY
TIMOTHY E. MCCARTHY*
JEFFREY A. CRAUNICK
TRACEY REZEK-PERTOSO‡‡
KATHERINE J. O'BRIEN†‡
DAMIEN SMITH
ANDREW S. KOWLOWITZ*◊
MATTHEW M. FERGUSON*
D. RYAN BLOOMQUIST
CRISTINA LA MARCA
EDWARD R. NONZIGAR
MATTHEW SPENGEL
PAUL T. CURLEY
ROBERT A. BENJAMIN*
KATHRYN C. COLLINS
JANINE C. CIALLELLA†‡
ELAN R. XANDER†‡
BRIAN M. SHER*
PAIGE E. COOPERMAN
MARGARET M. O'CONNOR
JOSHUA R. SANDBERG

THOMAS J. GALLIVAN
EILEEN E. FULLERTON†‡
DENNIS J. DOZIS*
LYNN M. DURETTE
RITA D. TANKOFF*
MILLI SHAH*
KATHREEN M. WALSH
LAURA R. RIFRA
KATHLIN E. O'ROURKE
BETSY PHILIP
SARA K. WALKER
KERI R. WASSERSTEIN*
READ D. FLAISHMAN*
MELISSA A. MANNING*
THOMAS LOORSTEIN
MICHAEL NERI
ROBERT E. FREETE
LORRAINS C. SYLVESTER*
JESSICA MOLINARES

——————
† ALSO ADMITTED IN DE
* ALSO ADMITTED IN NJ
‡ ALSO ADMITTED IN DC
†‡ ALSO ADMITTED IN CT
◊ ALSO ADMITTED IN MA
◊ ALSO ADMITTED IN TX
◊ ALSO ADMITTED IN FL
◊ ALSO ADMITTED IN IL
◊ ALSO ADMITTED IN CA
* ADMITTED IN NJ ONLY
◊ ADMITTED IN CA ONLY
◊ BARRISTER AT LAW
ADMITTED IN ENGLAND & WALES

November 27, 2007

**VIA EMAIL AND CERTIFIED MAIL
RETURN RECEIPT REQUESTED**

Helen Kim, Esq.
Baker Hostetler LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, CA 90025-7120

| Re: | | | |
|---|---|---|---|
| | Insured | : | Refco, Inc. |
| | Matter | : | *In re Refco, Inc. Securities Litigation* |
| | Policy No. | : | 506300 |
| | Claim No. | : | BH 9826 |
| | Our File No. | : | 481.001 |

Dear Ms. Kim:

We are in receipt of your November 20, 2007 letter demanding that Axis confirm that it will reimburse Mr. Klejna for the costs of notice in connection with a proposed partial settlement of the captioned securities class action.

Axis has previously communicated to you that it has denied coverage to Mr. Klejna for this matter. Judge Drain's October 19, 2007 Order requires Axis to advance Defense Costs. It is Axis's view that the costs of notice to the class extends beyond the definition of Defense Costs. Such notice costs are typically paid from the settlement amount – for which amount Axis has denied coverage. Also, the notice costs are only being incurred as a result of the settlement, not in defense of the Claim. Accordingly, Axis does not believe the notice costs fall within the costs Axis was ordered to advance by the Bankruptcy Court.

Nothing in this letter is intended to, or does waive any of Axis's rights, privileges or defenses under the captioned policy, at law, or in equity, all of which are expressly reserved.

Regards,

KAUFMAN BORGEEST & RYAN LLP

Joan M. Gilbride

# KAUFMAN BORGEEST & RYAN LLP

ATTORNEYS AT LAW

200 SUMMIT LAKE DRIVE
VALHALLA, NEW YORK 10595

TELEPHONE: 914-741-6100
FACSIMILE: 914-741-0025
www.kbrlaw.com

ANDREW S. KAUFMAN†
WAYNE E. BORGEEST
JULIANNA RYAN
LEE E. BERGER
LORETTA A. KREZ*
JOAN M. GILBRIDE††
JONATHAN D. RUBIN‡
JUDITH M. FISHER∗
A. MICHAEL FURMAN∗
MICHAEL P. MEZZACAPPA*§
DOUGLAS J. FITZMORRIS
STEVEN D. WEINER
SCOTT A. SCHECHTER
CHRISTOPHER E. DIGIACINTO*
ANN MARIE COLLINS*†
JONATHAN B. BRUNO*
PAUL J. COLUCCI
MARGARET J. DAVINO*†
JEFFREY G. GERSON†
ROCCO F. MATRA*
JOHN B. MULLAHY*

OF COUNSEL
MARIBETH SLEVIN
SHERRI M. FELDMAN*

APPELLATE COUNSEL
JACQUELINE MANDELL

JONATHAN R. HARMERMAN
HEATHER LASCHEWER*
CAROL S. DOTY†
BARBARA-ANN M. COSTELLO
MELINDA B. MARGOLIES*
JEFFREY E. WHITTINGTON*
ELIZABETH O'BRIEN TOTTEN
RICHARD A. PRETTI
REBECCA KILDUFF
KRISTOPHER M. DENNIS*
CHRISTINE HEENAN
BELINDA DODDS-MARSHALL*†
JULIE A. KEEGAN
STEPHANIE B. GITNIK
JEFFREY W. KLEINER*
JENNIFER BIRNBAUM
MICHAEL R. JANES
R. EVON HOWARD*
LEONARD B. COOPER††
ANDREW A. JONES
JAMES T. DE SILVA

KEITH L. KAPLAN††
VINCENT C. ANSALDITT
DAVID J. VARRIALE*††
DOUGLAS J. DOMSKY
TIMOTHY E. MCCARTHY*
JEFFREY A. CHALNICK
TRACEY REISEN-PERTOSOff
KATHERINE J. O'BRIEN†
DAMIEN SMITH
ANDREW S. KOWLOWITZ*♦
MATTHEW M. FERGUSON*
D. RYAN BLOOMQUIST
CRISTINA LA MARCA
EDWARD R. NORIEGA*
MATTHEW SPERGEL
PAUL T. CURLEY
ROBERT A. BENJAMIN*
KATHRYN C. COLLINS
JANINE C. CIALLELLA*†
ELAN R. KANDEL*†‡
BRIAN M. SHER*
PAIGE E. COOPERMAN
MARGARET M. O'CONNOR
JOSHUA B. SANDBERG

THOMAS L. GALLIVAN
EILEEN R. FULLERTON††
DENNIS J. DOZIS*
LYNN M. DUKETTE
RISA D. TARKOFF*
MILLI SHAH*
KATHRYN M. WALSH
LAURA E. JUFFA
KATELIN B. O'ROURKE
BETSY PHILIP
SARA K. WALKER
KEIJI R. WASSERSTEIN*
REMI D. FLAISHGAM*
MELISSA A. MANNING*
THOMAS LOGUSTEIN
MICHAEL NERI
ROBERT E. FEKETE
LORRAINE C. SYLVESTER*
JESSICA MOLINARES

─────
† ALSO ADMITTED IN PA
* ALSO ADMITTED IN NJ
‡ ALSO ADMITTED IN DC
†† ALSO ADMITTED IN CT
∗ ALSO ADMITTED IN MA
♦ ALSO ADMITTED IN TX
§ ALSO ADMITTED IN FL
◊ ALSO ADMITTED IN IL
♢ ADMITTED IN NJ ONLY
⊗ ADMITTED IN CA ONLY
§§ BARRISTER AT LAW
ADMITTED IN ENGLAND & WALES

December 13, 2007

## VIA EMAIL AND CERTIFIED MAIL
## RETURN RECEIPT REQUESTED

Helen Kim, Esq.
Baker Hostetler LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, CA 90025-7120

| Re: | | | |
|-----|---|---|---|
| | Insured | : | Refco, Inc. |
| | Policy No. | : | 506300 |
| | Claim No. | : | BH 9826 |
| | Our File No. | : | 481.001 |

Dear Ms. Kim:

We are in receipt of your December 11, 2007 letter. For all of the reasons detailed in our prior correspondence, Axis continues to decline to fund the current proposed settlement.

As previously noted, the current proposed settlement does not constitute a legal obligation by any party to pay until the settlement proposal has received approval by a court with proper jurisdiction to grant such approval. Accordingly, such settlement would not constitute Loss, as that term is defined in the primary policy and incorporated by the Axis Policy, until it is finally approved by a court.

On March 6, 2006, Axis disclaimed coverage to Mr. Klejna for this matter. Accordingly, Mr. Klejna should proceed as a prudent uninsured in connection with this matter. In light of Axis's coverage disclaimer, Axis has advised you several times it will not raise non-consent to any settlement involving Mr. Klejna as an additional ground for disclaimer. However, Axis does not – and can not – take any view as to the reasonableness of any settlement or whether settlement is advisable at this juncture.

Nevertheless, your December 11 letter makes note of several reasons you believe Mr. Klejna is an innocent insured "in a unique position in that he is the only Refco officer who has been identified affirmatively by the Refco Trustee as an innocent officer." While we do not agree with your characterization of the Trustee's allegations, if you believe you have such substantial evidence that Mr. Klejna is an innocent officer, the quantum of the proposed settlement appears to be facially unreasonable. In this respect, Axis reserves its rights, and we understand that your client reserves all of his rights as well.

In any event, the representations made to Axis, and upon which Axis relies to deny coverage, were made on behalf of all insureds, including Mr. Klejna. While we understand that you disagree with Axis's application of the Policy terms, Axis continues to assert that the knowledge of any Insured bars coverage for all Insureds.

Axis also cannot prefer one Insured over another, and the current proposed settlement clearly requires Mr. Klejna to actively participate with and assist plaintiffs in the prosecution of claims against other Insureds.

Axis further notes that the current settlement proposal calls for payment of $50,000 by Mr. Klejna and $7,550,000 by the Insurers. This amount is in excess of the remaining limit of liability in the Axis Policy. As such, the current settlement proposal constitutes a demand in excess of remaining policy limits. Axis cannot bind Excess Insurers to any proposed settlement, and Axis is unable to consent to fund this proposed settlement. Additionally, given the current "burn rate" on court-ordered defense costs Axis must pay, and the Court's December 10 comments regarding the timing of approval of the proposed settlement, it appears the proposed settlement will not constitute a legal obligation to pay until well after Axis's limit of liability has been exhausted.

Nothing in this letter is intended to, or does waive any of Axis's rights, privileges or defenses under the captioned policy, at law, or in equity, all of which are expressly reserved.

Regards,

KAUFMAN BORGEEST & RYAN LLP

Joan M. Gilbride
Robert A. Benjamin

KAUFMAN BORGEEST & RYAN LLP          Page 2

# KAUFMAN BORGEEST & RYAN LLP

ATTORNEYS AT LAW

200 SUMMIT LAKE DRIVE
VALHALLA, NEW YORK 10595

TELEPHONE: 914-741-6100
FACSIMILE: 914-741-0025
www.kbrlaw.com

January 30, 2008

**VIA EMAIL AND FEDERAL EXPRESS**

Helen Kim, Esq.
Baker Hostetler LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, CA 90025-7120

Re:　　Insured　　　:　Refco, Inc.
　　　　Policy No.　　:　506300
　　　　Claim No.　　:　BH 9826
　　　　Our File No.　:　481.001

Dear Ms. Kim:

　　　　We are in receipt of your January 22, 2008 letter. For all of the reasons detailed in our prior correspondence, Axis cannot agree to fund the current proposed settlement.

　　　　On March 6, 2006, Axis disclaimed coverage to Mr. Klejna for this matter. Accordingly, Mr. Klejna should proceed as a prudent uninsured in connection with this matter. In light of Axis's coverage disclaimer, Axis has advised you several times it will not raise non-consent to any settlement involving Mr. Klejna as an additional ground for disclaimer. However, Axis does not – and can not – take any view as to the reasonableness of any settlement or whether settlement is advisable at this juncture.

　　　　Moreover, the current settlement proposal calls for payment of $50,000 by Mr. Klejna and $7,550,000 by the Insurers (the "Insurer Payment"). As you are aware, and based on Mr. Klejna's summary judgment motion, Axis is subject to an October 19, 2007 Court Order, requiring Axis to advance Defense Costs to the Insureds until either: (1) there has been a determination on coverage; or (2) the Limit of Liability has been exhausted. Were Axis to agree to fund any portion of the Insurer Payment, it would be in violation of the Court Order.

NEW YORK CITY • WESTCHESTER • LONG ISLAND • NEW JERSEY • CALIFORNIA

Axis further notes, even if there were otherwise coverage, the current proposed settlement does not constitute a legal obligation by any party to pay until the settlement proposal has received final approval by a court with proper jurisdiction to grant such approval. Accordingly, such settlement would not constitute Loss, as that term is defined in the primary policy and incorporated by the Axis Policy, until it is finally approved by a court.

Your letter notes that the Court preliminarily approved the settlement. This approval pursuant to Rule 23 includes a determination that the Class is receiving adequate compensation – not a determination that the defendant is not paying too much in the settlement. For the reasons detailed in our December 13, 2007 letter, the quantum of the settlement does not appear to be reasonable. Accordingly, Axis reserves its rights in this respect.

Axis also cannot prefer one Insured over another, and the current proposed settlement clearly requires Mr. Klejna to actively participate with and assist plaintiffs in the prosecution of claims against other Insureds.

In addition, the Insurer Payment is in excess of the remaining limit of liability in the Axis Policy. As such, the current settlement proposal constitutes a demand in excess of remaining policy limits. Axis cannot bind Excess Insurers to any proposed settlement, and Axis is unable to consent to fund this proposed settlement. Given the current "burn rate" on court-ordered defense costs Axis must pay,[1] and the Court's January 22, 2008 Order, it appears the proposed settlement will not be the subject of a final approval hearing and, if granted, constitute a legal obligation to pay, until well after Axis's limit of liability has been exhausted through the court-ordered payment of defense costs.

Nothing in this letter is intended to, or does waive any of Axis's rights, privileges or defenses under the captioned policy, at law, or in equity, all of which are expressly reserved.

Regards,

KAUFMAN BORGEEST & RYAN LLP

Joan M. Gilbride
Robert A. Benjamin

---

[1] We note that Axis attempted to secure a stay of the Bankruptcy Court Order to stay further payment of defense costs and further erosion of the Axis Policy. Your client, along with the other Insureds, opposed Axis's attempt to stay the Bankruptcy Court Order.

# KAUFMAN BORGEEST & RYAN LLP

### ATTORNEYS AT LAW

ANDREW S. KAUFMAN‡
WAYNE R. BORGEEST
JULIANNA RYAN
LEE R. BERGER
LORETTA A. KREZ*
JOAN M. GILBRIDE‡†
JONATHAN D. RUBIN‡
JUDITH M. FISHER*
A. MICHAEL FURMAN*
MICHAEL E. MEZZACAPPA*‡
DOUGLAS J. FITZMORRIS
STEVEN D. WEINER
SCOTT A. SCHECHTER
CHRISTOPHER E. DIGIACINTO*
JONATHAN B. BRUNO*
PAUL J. COLUCCI
MARGARET J. DAVINO*‡‡
JEFFREY C. GERSON‡†
ROCCO E. MATRA‡*
JOHN R. MULLAHY*
MELINDA R. MARGOLIES‡
JEFFREY S. WHITTINGTON*
CHRISTINE KEENAN

OF COUNSEL:
MARIBETH SLEVIN
SHERRI M. FELDMAN°

APPELLATE COUNSEL:
JACQUELINE MANDELL

JONATHAN R. HARWERMAN
HEATHER LASCHEVER*
CAROL S. DOTY†‡
BARBARA-ANN M. COSTELLO
ELIZABETH O'BRIEN TOTTEN
RICHARD A. PRETTI
REBECCA KILDUFF
KRISTOPHER M. DENNIS*
BELINDA DODDS-MARSHALL*‡
JULIE A. KEEGAN
STEPHANIE B. GITNIK
JEFFREY W. KLEINER*
JENNIFER BIRNBAUM
MICHAEL R. JANES
R. EVON HOWARD*
LEONARD B. COOPER‡†
ANDREW R. JONES
KEITH L. KAPLAN†‡
VINCENT C. ANSALDI†‡
DAVID J. VARRIALE*††

DOUGLAS J. DOMSKY
TIMOTHY E. MCCARTHY*
JEFFREY A. GRALNICK
TRACEY REISER-PERTOSON
KATHERINE J. O'BRIEN‡
DAMIEN SMITH
ANDREW S. KOWLOWITZ*‡
MATTHEW M. FERGUSON*
D. RYAN BLOOMQUEST
CRISTINA LA MARCA
EDWARD R. NORIEGA°
MATTHEW SPENGEL
PAUL T. CURLEY
ROBERT A. BENJAMIN*
KATHRYN C. COLLINS
JANINE C. CIALLELLA†‡
ELAN R. KANDEL*††
BRIAN M. SHER*
MARGARET M. O'CONNOR
JOSHUA B. SANDBERG
THOMAS L. GALLIVAN
EILEEN R. FULLERTON†‡
DENNIS J. DOZIS*
LYNN M. DUKETTE
RISA D. TARKOFF*
MILLI SHAH*

KATHRYN M. WALSH
LAURA B. JUFFA
KATELIN R. O'ROURKE
BETSY PHILIP
SARA K. WALKER
KERI R. WASSERSTEIN*
REMI D. FLEISHMAN*
MELISSA A. MANNING*
THOMAS LOOKSTEIN
ROBERT E. FEKETE
JULIE A. MICKIEWICZ°
LORRAINE C. SYLVESTER*
JESSICA MOLINARES
JENNIFER M. HAMILTON

† ALSO ADMITTED IN PA
* ALSO ADMITTED IN NJ
‡ ALSO ADMITTED IN DC
‡‡ ALSO ADMITTED IN CT
◊ ALSO ADMITTED IN MA
◊ ALSO ADMITTED IN TX
° ALSO ADMITTED IN FL
◊ ALSO ADMITTED IN CA
◊ ADMITTED IN NJ ONLY
◊ ADMITTED IN CA ONLY
◊ ADMITTED IN CT ONLY
◊ BARRISTER AT LAW
   ADMITTED IN ENGLAND & WALES

200 SUMMIT LAKE DRIVE
VALHALLA, NEW YORK 10595

TELEPHONE: 914-741-6100
FACSIMILE: 914-741-0025
www.kbrlaw.com

February 19, 2008

**VIA EMAIL AND FEDERAL EXPRESS**

Helen Kim, Esq.
Katten Muchin Rosenman LLP
2029 Century Park East
Suite 2600
Los Angeles, CA 90067

| Re: | Insured | : | Refco, Inc. |
| | Policy No. | : | 506300 |
| | Claim No. | : | BH 9826 |
| | Our File No. | : | 481.001 |

Dear Ms. Kim:

We are in receipt of your January 31, 2008 letter. For all of the reasons detailed in our prior correspondence, Axis cannot agree to fund the current proposed settlement.

We respond to the issues in your letter in the order presented:

1)     The Bankruptcy Court Order speaks for itself. Axis was ordered to advance defense costs until one of two things happen – the limit of liability is reached through such payments, or a court decides the underlying issue of coverage. Settlement demands were not included in the Order. If you wanted to have the Order modified to require Axis to fund Mr. Klejna's settlement, you should have made that motion. You didn't. Axis cannot simply ignore the Bankruptcy Court Order. Your letter mentions a motion Axis filed before Judge Lynch seeking a declaration of priority. Axis never made any such motion before Judge Lynch. Axis attempted to have Judge Drain address the issue of priority, but the Insureds – including Mr. Klejna – objected to that.

2)    The Policy speaks for itself.  The settlement is not Loss until there is a "legal obligation to pay."  Axis has informed you several times that it will not raise "consent" as an issue.  We do not understand why you keep trying to make it one.  Until the conditions in the settlement are met, including final approval, there is no "legal obligation to pay" -- and the settlement does not constitute Loss.

3)    The settlement proposal you submitted to Axis on August 30, 2007 was never finalized and became void by its terms.  It never became Loss.  The settlement which has now received preliminary approval is completely separate from the earlier proposed settlement.  This new settlement, which received preliminary approval, was first received by Axis on December 12, 2007.  When received on December 12, 2007, the proposed settlement called for a payment significantly in excess of Axis's remaining policy limit.  Your assertion that "the Klejna settlement has priority over all settlements, judgments and legal fees tendered to Axis after that date" has already been rejected by the Court and is entirely misguided.

4)    Axis again notes that it has denied coverage for Mr. Klejna.  A court has ordered Axis to advance defense costs in spite of this coverage denial.  No court, however, has found that Axis's denial of coverage was incorrect.  The proposed settlement is not a "defense cost" and, having denied coverage, Axis has no contractual or other basis to "advance" it.

5)    Axis denied coverage to Mr. Klejna on March 6, 2006.  The Maggio and Bennett pleas further support this coverage denial.  If any of the Insureds knew of anything which might give rise to a Claim, coverage is excluded for all Insureds.  Messrs. Maggio and Bennett have now admitted that each knew of the fraud.  This is yet another basis for Axis to deny coverage for all Insureds.

Nothing in this letter is intended to, or does waive any of Axis's rights, privileges or defenses under the captioned policy, at law, or in equity, all of which are expressly reserved.

Regards,

KAUFMAN BORGEEST & RYAN LLP

Joan M. Gilbride
Robert A. Benjamin

# EXHIBIT M

Hearing: October 12, 2007 10:00 a.m.

HELEN B. KIM (HK-8757)
BAKER & HOSTETLER LLP
12100 Wilshire Blvd, Suite 1500
Los Angeles, CA 90025
Telephone:     310-979-8460
Facsimile:     310-820-8859

MATTHEW R. GOLDMAN (MG-0719)
WENDY J. GIBSON
BAKER & HOSTETLER LLP
3200 National City Center
1900 E. 9th Street
Cleveland, OH 44114
Telephone:     216-621-0200
Facsimile:     216-696-0740
*Attorneys for Defendant Dennis A. Klejna*

RICHARD CASHMAN (RC-4769)
HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, NY 10036-6524
Telephone:     212-832-8300
Facsimile:     212-763-7600
*Attorneys for Defendant Philip Silverman*

STUART I. FRIEDMAN (SF-9186)
IVAN KLINE (IK-9591)
FRIEDMAN & WITTENSTEIN
A Professional Corporation
600 Lexington Avenue
New York, NY 10022
Telephone:     212-750-8700
Facsimile:     212-223-8391
*Attorneys for Defendants William M. Sexton
and Gerald M. Sherer*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| REFCO INC., et al., | Case No. 05-60006 (RDD) |
| Debtors. | Jointly Administered |
| AXIS REINSURANCE COMPANY, | Adv. Proc. No. 07-01712 RDD |
| Plaintiff, | |
| v. | |
| PHILLIP R. BENNETT, et al., | [caption continued on next page] |
| Defendants. | |

**REPLY MEMORANDUM OF DEFENDANTS DENNIS KLEJNA, WILLIAM M.
SEXTON, GERALD SHERER AND PHILIP SILVERMAN IN SUPPORT OF THEIR
MOTION FOR SUMMARY JUDGMENT TO REQUIRE AXIS TO ADVANCE
DEFENSE COSTS IN THE UNDERLYING LITIGATIONS**

```
-------------------------------------x
TONE N. GRANT, et al.                 :    Adv. Proc. No. 07-2005-rdd

                Plaintiffs,           :

        v.                            :

AXIS REINSURANCE COMPANY,             :

                Defendant.            :
-------------------------------------x
LEO R. BREITMAN, et al.               :    Adv. Proc. No. 07-2032-rdd

                Plaintiffs,           :

        v.                            :

AXIS REINSURANCE COMPANY,             :

                Defendant.            :
-------------------------------------x
```

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ........................................................................................ 1

ARGUMENT .................................................................................................................. 3

I.    AXIS DOES NOT MEANINGFULLY RESPOND TO THE MOVING
INSUREDS' DEMONSTRATION THAT AXIS HAS A CLEAR DUTY TO
ADVANCE DEFENSE COSTS ............................................................................ 3

    A.    Axis Does Not Dispute That Advancement Of Defense Costs Is Required
Under New York Law Where, As Here, The Terms Of The Policy Require
The Carrier To Pay Defense Costs On An As-Incurred Basis Pending A
Final Determination of Coverage ................................................................. 3

    B.    Axis Has Failed To Demonstrate The Existence Of Any Material Issues
Of Fact Precluding Entry Of Summary Judgment Against It ........................ 10

II.    AXIS' REQUEST THAT THIS COURT DICTATE THE PRIORITY OF
PAYMENTS IS NOT PROPERLY BEFORE THIS COURT ................................ 12

CONCLUSION ............................................................................................................. 13

-i-

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Associated Elec. & Gas Ins. Services Ltd. v. Rigas,*
   382 F. Supp.2d 685 (E.D. Pa. 2004) ................................................................ 5, 10

*Brady v. I2Techs. Inc.,*
   No. CIV.A. 1543-N, 2005 WL 3691286, *3 (Del. Ch. 2005) ....................................... 3

*Century 21, Inc. v. Diamond State Ins. Co.,*
   442 F. 3d 79 (2d Cir. 2006) ............................................................................... 8

*Contemporary Mission, Inc. v. United States Postal Service,*
   648 F.2d 97 (2d Cir. 1981) .............................................................................. 12

*Federal Ins. Company v. Kozlowski,*
   18 A.D.3d 33, 792 N.Y.S.2d 397 (1st Dep't 2005)....................................... 3, 7, 8, 9, 10

*G-I Holdings, Inc. v. Reliance Ins. Co.,*
   No. 00-CV-6189(DMC), 2006 WL 776809 (D.N.J. Mar. 24, 2006) ............................. 3

*International Multifoods Corp. v. Commercial Union Ins. Co.,*
   309 F.3d 76 (2d Cir. 2002)................................................................................. 5

*Kincaid v. Simmons,*
   414 N.Y.S.2d 407 (4th Dept. 1979) ..................................................................... 8

*Little v. MGIC Indemnity Corp.,*
   836 F.2d 789 (3d Cir. 1987) ............................................................................... 5

*McCostis v. Home Ins. Co. of Indiana,*
   31 F.3d 110 (2d Cir. 1994) ................................................................................. 5

*Morgan Stanley Group Inc. v. New England Ins. Co.,*
   225 F.3d 270 (2d Cir 2000) ............................................................................... 5

*National Union Fire Ins. Co. of Pittsburgh, PA v. Brown,*
   787 F. Supp. 1424 (S.D. Fla. 1991), aff'd, 963 F.2d 385 (11th Cir. 1992) ............................ 3, 9

*Net2Globe Int'l, Inc. v. Time Warner Telecom of New York,*
   273 F. Supp.2d 436 (S.D.N.Y. 2003) ................................................................... 6

*Sereika v. Patel,*
   411 F. Supp.2d 397 (S.D.N.Y. 2006) ................................................................. 12

-ii-

## TABLE OF AUTHORITIES
### (continued)

Page(s)

*Servidone Constr. Corp. v. Security Ins. Co. of Hartford,*
   64 N.Y. 2d 419, 488 N.Y.S.2d 139 (1985) .................................................................. 8

*Sun-Times Media Group, Inc. v. Royal & Sunalliance Ins. Co. of Canada,*
   No. CIV.A. 06C-11108RRC, 2007 WL 1811265*10-11 (Del. Super. June 20, 2007) .......... 3, 10

*WorldCom, Inc. Securities Litigation, In re,*
   354 F. Supp. 2d 455 (S.D.N.Y. 2005) .................................................................. 3, 6, 9

*Zurich American Insurance Co. v. Atlantic Mutual Insurance Co.,*
   531 N.Y.S.2d 911 (1ˢᵗ Dept. 1988), *aff'd*, 74 N.Y. 2d 621, 541 N.Y.S.2d 970 (1989) ............... 8

## STATUTES

Federal Rule of Civil Procedure 56(f) ........................................................................ 11

## OTHER AUTHORITIES

11 Williston on Contracts § 32.5 (4th ed. 1999) ............................................................ 6

Defendants Dennis Klejna, William M. Sexton, Gerald Sherer and Philip Silverman (the "Moving Insureds") submit this Reply in further support of their motion for summary judgment to compel plaintiff Axis Reinsurance Company ("Axis") to pay their defense costs as incurred in the underlying litigations relating to Refco.

## PRELIMINARY STATEMENT

In its opposition, Axis contends that the Axis Policy "is specifically drafted to prevent the advancement of Defense Costs unless Axis agrees they are covered under the Axis Policy" (Opp.[1] at 18). According to Axis, "the express terms of the Axis Policy leave the determination of coverage to Axis" for purposes of advancement of defense costs. (*Id.*) But Axis fails to cite any language that "expressly" so provides. The reason is clear: the Policy contains no such provision.

Axis also flatly asserts that "no Court has addressed the language which appears in the Axis Policy." (Opp. at 7.) But, in truth, this Court has twice addressed the language that appears in the Axis Policy and has rejected Axis' interpretation of its Policy on both occasions. *See* the Court's August 30, 2007 and September 11, 2007 Orders.

Axis does not dispute that the underlying litigations for which the Moving Insureds seek payment of their defense costs "constitute a Claim which falls within the Insuring Agreement," (Opp. at 12.) Nor does it dispute that, subject to possible repayment upon a final determination of coverage, the Axis Policy expressly requires "the payment of 'covered defense costs on an as-incurred basis.'" (*e.g.* Opp. at 6, 10). Axis argues, however, that it may avoid this express

---

[1] "Opp." refers to the Axis Reinsurance Company's Memorandum of Law In Opposition to the Defendants' motions for Summary Judgment.

- 1 -

obligation to pay defense costs "as incurred" merely by making a unilateral determination that coverage should ultimately be denied. (Opp. at 5, 12.)

But Axis' position is contrary to the plain terms of the Axis Policy. Moreover, it is a position that in similar cases has repeatedly been rejected by state and federal courts in New York and elsewhere. In fact, Axis is unable to cite a single case that has ever allowed an insurer to escape policy language calling for the advancement of defense costs as incurred based on the insurer's unilateral contention that that it will ultimately be able to establish facts sufficient to invoke an exclusion.

In anticipation of entry of summary judgment ordering Axis to pay defense costs as incurred, Axis requests that this Court adjudicate the allocation and priority of payments as between the individual Insureds. However, as there is no claim for apportionment pending before this Court, this request is improper.

Accordingly, the Moving Insureds' motion for summary should be granted.

## ARGUMENT

**I.   AXIS DOES NOT MEANINGFULLY RESPOND TO THE MOVING INSUREDS' DEMONSTRATION THAT AXIS HAS A CLEAR DUTY TO ADVANCE DEFENSE COSTS**

### A.   Axis Does Not Dispute That Advancement Of Defense Costs Is Required Under New York Law Where, As Here, The Terms Of The Policy Require The Carrier To Pay Defense Costs On An As-Incurred Basis Pending A Final Determination of Coverage

Axis does not dispute that an insurance carrier must advance defense costs pending a final determination of coverage where expressly required to do so by the terms of its insurance policy. In fact, Axis seems to concede the Moving Insureds' basic premise: as Judge Cote's opinion in *WorldCom* demonstrates, where the terms of its policy provide for the advancement of defense costs, an insurer must advance defense costs until there has been an adjudication of no coverage. (*See* Opp. at 9-11; *In re WorldCom, Inc. Securities Litigation,* 354 F. Supp. 2d 455 (S.D.N.Y. 2005) (hereinafter *"WorldCom"*); *Federal Ins. Company v. Kozlowski,* 18 A.D.3d 33, 792 N.Y.S.2d 397 (1st Dep't 2005).

The obligation to advance defense costs as required by the terms of the policy is a legal principle that is not unique to New York substantive law. To the contrary, it is an obligation that is widely recognized under "general insurance contract principles." *See, e.g., Sun-Times Media Group, Inc. v. Royal & Sunalliance Ins. Co. of Canada,* No. CIV.A. 06C-11108RRC, 2007 WL 1811265, *10-11 (Del. Super. June 20, 2007) (recognizing duty under "general insurance contract principles" to advance defense costs as required by policy terms); *Brady v. i2Techs. Inc.,* No. CIV.A. 1543-N, 2005 WL 3691286, *3 (Del. Ch. 2005); *G-I Holdings, Inc. v. Reliance Ins. Co.,* No. 00-CV-6189(DMC), 2006 WL 776809 (D.N.J. Mar. 24, 2006); *National Union Fire Ins. Co. of Pittsburgh, PA v. Brown,* 787 F. Supp. 1424, 1431-34 (S.D. Fla. 1991), *aff'd,* 963 F.2d 385 (11th Cir. 1992).

Nor is there any dispute in the case at bar that the Axis Policy incorporates the language from the now-exhausted Primary policy with respect to the payment of defense costs, to wit, the provisions of Insuring Agreement A requiring the insurer to pay Defense Costs stemming from Claims for Wrongful Acts, and Condition D(2), which provides:

> The Insurer will pay covered Defense Costs on an as-incurred basis. If it is finally determined that any Defense Costs paid by the Insurer are not covered under this Policy, the Insureds agree to repay such non-covered Defense Costs to the Insurer."

(*See* Axis Reinsurance Company's Statement of Add'l Facts and Response to Statement of Undisputed Material Facts Submitted by Klejna, Sexton, Sherer and Silverman ("Axis 56.1 Statement") at ¶ 12.) Condition D(2) plainly contemplates a two-step process: first, payment by Axis of "covered Defense Costs *on an as-incurred basis*" and, second, the Insureds' "repay[ment]" of Defense Costs in the event it is "finally determined that any Defense Costs paid by the Insurer are not covered." *Id.*

As Axis acknowledges, both U.S. Specialty, the primary carrier, and Lexington Insurance Company, the first excess carrier, while reserving their rights, advanced defense costs pursuant to these terms of the U.S. Specialty Policy (Axis 56.1 Statement ¶¶ 24, 25.) Nevertheless, throughout these proceedings and again on this motion for summary judgment, Axis argues for a novel interpretation of Condition D(2) -- an interpretation never asserted by either U.S. Specialty or Lexington.

Axis recognizes an obligation to advance Defense Costs, but argues that it is required to do so only where coverage is undisputed. Axis repeatedly asserts that "[t]he Axis Policy expressly allows Axis to make the initial determination of whether or not something is covered." (Opp. at 5; *id.* at 18.) But it fails to cite any provision to that effect. This is not surprising: there is no such provision in the Axis Policy. Nevertheless, on that basis, Axis asks this Court to rule

- 4 -

that it is obligated to "pay covered Defense Costs" only at the conclusion of a coverage dispute, in the face of language in the Policy expressly requiring that Axis "pay covered Defense Costs ... *as incurred*" and requiring that the Insureds "repay ... non-covered Defense Costs" if and when "it is finally determined that any Defense Costs paid by the Insurer are not covered under this Policy." (Axis 56.1 Statement ¶ 12.)

Indeed, the provisions for advancement of defense costs would be rendered illusory if, as Axis claims, it may avoid any obligation to advance Defense Costs simply by disclaiming coverage. Its disclaimer would eviscerate the Insurer's express obligation to "pay covered Defense Costs on an as-incurred basis" and render meaningless the Insureds' obligation to "*repay* ... [any] non-covered Defenses Costs" only in the event of a final adverse determination regarding coverage. *Id.*

If an insurer wishes to exercise a unilateral right to avoid advancing defense costs by asserting the applicability of an exclusion that would ultimately bar coverage for a claim, it must include language in its policy that clearly and unambiguously gives it such right. *See Associated Elec. & Gas Ins. Sec. Ltd. v. Rigas*, 382 F. Supp. 2d 685, 699-702 (E.D. Pa. 2004) ) (citing *Little v. MGIC Indemnity Corp.*, 836 F.2d 789 (3d Cir. 1987)). In the absence of language in the policy granting that unilateral right to the insurer, any ambiguity arising from Axis' failure to address this issue in the Axis Policy must be construed against Axis and in favor of coverage for the Insureds. *See, e.g., International Multifoods Corp. v. Commercial Union Ins. Co.*, 309 F.3d 76, 83, 88 n.7 (2d Cir. 2002); *Morgan Stanley Group Inc. v. New England Ins. Co.*, 225 F.3d 270, 276 (2d Cir. 2000); *McCostis v. Home Ins. Co. of Indiana*, 31 F.3d 110, 113 (2d Cir. 1994).

Since the interpretation urged by Axis renders superfluous and meaningless both the obligation to pay "on an as-incurred basis" and the insureds' obligation to "repay ... non-covered

Defense Costs" only upon a "final" determination, that interpretation must be rejected. It is axiomatic that contracts should be interpreted "in a manner that gives reasonable meaning to all of its provisions," and that "an interpretation which gives effect to all provisions of the contract is preferred to one which renders a portion of the writing superfluous, useless or inexplicable." 11 Williston on Contracts § 32.5 at pp. 427-28 (4th ed. 1999); *see, e.g., Net2Globe Int'l, Inc. v. Time Warner Telecom of New York*, 273 F. Supp.2d 436, 445 (S.D.N.Y. 2003).

Axis devotes the bulk of its Opposition to the presence of the word "covered" in the first sentence of Condition D(2). (Opp. at 9-19.) Axis contends that the inclusion of the word "covered" critically distinguishes the language of the Axis Policy from the language in the *WorldCom* policy. (Opp. at 10.) But the meaning of the Axis Policy is as clear as the *WorldCom* policy on the insurer's obligation to pay defense costs as incurred.

Like the *WorldCom* Policy, the Axis Policy unambiguously contemplates the payment by the insurer of Defense Costs, "as incurred," for any Claim that could fall within the coverage of the policy, and repayment by the insured "if it is finally determined that any Defense Costs paid by the Insurer are not covered under this Policy." Indeed, if it were true that "[t]he Axis Policy [was] specifically drafted to prevent the advancement of Defense Costs unless Axis agrees they are covered under the Axis Policy" (Opp. at 18), there would never be any occasion for the Insureds to repay "non-covered Defense Costs." Similarly, while Axis contends that the Insureds' obligation to repay non-covered Defense Costs applies only "in situations where the insurer advances defense costs subject to a reservation of rights" (Opp. at 14), under Axis' interpretation, that could never happen; the insurer's declination of coverage would be sufficient to avoid a reservation of rights under any circumstances.

-6-

In short, the term "covered" in the first sentence of Condition D(2) does not have remotely the significance Axis suggests. It serves merely to limit the Insurer's obligation to advance Defense Costs to the sort of claims that are covered by the policy.[2] Thus, the Moving Insureds are not arguing, as Axis suggests (Opp. at 15 n.9), that Axis would have to advance defense costs for a claim that on its face could not fall within the coverage of the Axis Policy.[3]

That this is the proper meaning of the term, "covered," as used in Condition D(2) is made clear by Condition D(3) of the U.S. Specialty Policy, the provision that immediately follows Condition D(2). Condition D(3) explains that a single "Claim" can include both "Loss covered by this Policy and loss not covered by this Policy ... either because the Claim includes both covered and uncovered matters, or because the Claim is made both against Insured Persons ... and against others not included within the definition of Insured Person." U.S. Specialty Policy at p. 8 of 11. The U.S. Specialty Policy also defines a single "Claim" to include all claims "alleging, arising out of, based upon or attributable to the same facts, circumstances, situations, transaction or events or a series of related facts, circumstances, situations, transactions or events." U.S. Specialty Policy at p. 7 of 11. Thus, the U.S. Specialty Policy expressly contemplates that a "Claim" may include both "Loss" covered by the Policy and "loss not covered by the Policy."

Our interpretation of the term "covered" is confirmed by the approach taken in *Kozlowski*, 18 A.D.3d 33, 792 N.Y.S.2d 397. There, the court specifically recognized that "the

---

[2] As "Defense Costs" is defined in the Primary Policy so as to include costs in *any* action of any type against an Insured, absent the insertion of "covered" into the first sentence, Condition D(2) would require the Insurer to advance Defense Costs for Claims that on their face cannot fall within the coverage of the policy.

[3] Indeed, if the Insureds had attempted to seek defense costs regarding the Edward McElwreath case or any other "indisputably" excluded matter, as Axis posits in its Opposition (at 15 n.9), the Insureds presumably would fail on any motion for preliminary injunctive relief. Further, in such a case where an exclusion is indisputably triggered on the face of a claim, Axis could seek and obtain summary judgment, since such a claim would not significantly overlap with any issues in the Underlying Actions and could be adjudicated immediately, as a matter of law.

duty to ... pay defense costs turns solely on whether, as to each of the underlying actions, the complaint alleges any facts or grounds that bring the action within the liability coverage purchased." 18 A.D.3d at 40; 792 N.Y.S.2d at 402.[4] The *Kozlowski* court concluded that the insurer could not avoid advancement of defense costs merely by alleging facts that would, if ultimately proven, result in a determination of no coverage. *Id.* That same logic applies here.

Axis acknowledges that "the Underlying Actions constitute a Claim which falls within the Insuring Agreement." (Opp. at 12.) Thus, the Underlying Actions constitute Losses that are expressly covered by the U.S. Specialty Policy and the costs of defending them are "covered Defense Costs" under Condition D(2).

Citing *Kozlowski,* 18 A.D.3d 33, 792 N.Y.S.2d 397, Axis also argues that, in this case, rather than seeking rescission, it seeks to apply an exclusion – the "prior knowledge" exclusion – and that its mere invocation of an exclusion is somehow entitled to deference by this Court. (Opp. at 19-21.) But, as we demonstrated in our moving brief, an insurer's invocation of an exclusion is *not* entitled to deference. To the contrary, under generally accepted principles of insurance contract interpretation, an exclusion clause must be construed strictly to give the interpretation most beneficial to the insured. (Moving Br. at 14-15.) Moreover, Axis' claims are

---

[4]  This holding in *Kozlowski* plainly refutes Axis' "policy" argument (*see* Opp. at 15, 21-22) that the Insureds' interpretation of the Axis Policy should be rejected because it may require insurers to advance defense costs for claims for which there is ultimately held to be no coverage. Of course, the language of Condition (D)(2) expressly contemplates that very result. Moreover, it is well-established from case law addressing the comparable "duty to defend" that an insurer will be required to bear the costs of defending an insured even where it appears clear that an exclusion from coverage will ultimately be established. *See, e.g., Zurich American Insurance Co. v. Atlantic Mutual Insurance Co.,* 531 N.Y.S.2d 911, 139 A.D.2d 379 (1st Dept. 1988) (insurer required to defend individuals in action even where their answers took themselves out of possible coverage), *aff'd,* 74 N.Y. 2d 621, 541 N.Y.S.2d 970 (1989); *Kincaid v. Simmons,* 414 N.Y.S.2d 407, 66 A.D.2d 428 (4th Dept. 1979) (insurer required to defend insured even where he made admission to insurer that would trigger exclusion). *See also Century 21, Inc. v. Diamond State Ins. Co.,* 442 F. 3d 79, 82-83 (2d Cir. 2006) (under New York law, "a defense obligation may be avoided only where there is 'no possible factual or legal basis' on which an insurer's duty to indemnify under any provision of the policy could be held to attach;" *quoting Servidone Constr. Corp. v. Security Ins. Co. of Hartford,* 64 N.Y. 2d 419, 424, 488 N.Y.S.2d 139, 142 (1985).

tantamount to a request for rescission, as it seeks to avoid coverage for all Insureds for all of the

Underlying Actions on the ground that Bennett committed a fraud.

Nor does *Kozlowski* support Axis' position. As in *WorldCom*, the *Kozlowski* court

*enforced* a duty to advance defense costs pending a final determination of coverage. 18 A.D.3d

at 41-42, 792 N.Y.S.2d at 403-404. As the *Kozlowski* court held:

> under a directors and officers liability policy calling for the reimbursement of
> defense expenses ... 'insurers are required to make contemporaneous interim
> advances of defense expenses where coverage is disputed, subject to recoupment
> in the event it is ultimately determined no coverage was afforded.'"

18 A.D.3d at 42, 792 N.Y.S.2d at 403, *quoting National Union Fire Ins. Co. of Pittsburgh, Pa. v.*

*Brown*, 787 F. Supp. at 1430.

The Kozlowski court interpreted the "personal profits" exclusion relied on by the insurer

as applicable to any claim that *alleged* improper profits or gain (i.e., regardless of the merits of

any such claim), and was thus able to analyze whether certain claims *on their face* fell entirely

within the exclusion.[5] The Court did *not* allow the insurer to seek to establish extraneous facts

which might establish an exclusion, as Axis seeks to do here.

Furthermore, no one in *Kozlowski* disputed the existence of the exclusion cited by the

insurer. In sharp contrast to *Kozlowski*, the Moving Insureds/Counterclaimants in this case

affirmatively allege that, in March 2006, after the Moving Insureds' claims had already been

made, in violation of both the Condition Policy Binder that Axis issued on August 11, 2005 and

the automatic bankruptcy stay, Axis improperly added the Knowledge Exclusion to the policy

purporting to make the exclusion retroactive to August 11, 2005. Declaration of Helen B. Kim,

---

[5] That the Court interpreted the "personal profits" exclusion in this manner is apparent from its reference only to the allegations in the underlying actions, and the lack of citation by the court to any evidence or any determination that any of the insureds had in fact obtained any improper profits or gain. *See* 792 N.Y.S.2d at 403.

dated Sept. 25, 2007 ("Kim Decl."), Ex. 11, Counterclaim ¶¶ 43-46; Ex. 12, Counterclaim ¶¶ 43-46; Ex. 13, Counterclaim ¶¶ 43-46.

We are not aware of any case – and Axis cites none – in which advancement of defense costs was denied, based on an exclusion the very existence of which is disputed, or based on an exclusion that requires proof of a disputed fact.  To the contrary, where an exclusion is disputed or arguably inapplicable, courts will construe the policy in favor of coverage, absent the insurer's ability to demonstrate that the exclusion is "definitely" applicable. *See Sun-Times, supra, 2007 WL 1811265,* at *6; *Associated Elec. & Gas Ins. Services Ltd. v. Rigas,* 382 F. Supp. 2d 685 (insurer cannot unilaterally determine that it was entitled to rescind policy or to apply a prior knowledge exclusion; insurer obligated to honor contractual obligation to advance defense costs as incurred pending determination of coverage); *see* Moving Br. at 14-15.[6]

**B.    Axis Has Failed To Demonstrate The Existence Of Any Material Issues Of Fact Precluding Entry Of Summary Judgment Against It**

Axis has not pointed to any material fact in dispute that could alter the Moving Insureds' entitlement as a matter of law to payment of defense costs as incurred in the Underlying Actions. Summary judgment would not be precluded even if there were an ambiguity in the policy notwithstanding its clear requirement for the payment of defense costs as incurred.  The claimed existence of possible differing interpretations of a policy does not require a trial when the issue can be resolved on the basis of the policy alone.  *See, e.g., Japour v. Ed Ryan & Sons Agency,* 215 A.D.2d 817, 818, 625 N.Y.S. 2d  750, 751 (3d Dep't 1995) ("The existence of an ambiguity,

---

[6] *Kozlowski* also enforced a severability provision that "preclude[d] [the insurer] from imputing to Kozlowski statements or knowledge of other insureds." 18 A.D.3d at 39, 792 N.Y.S.2d at 401.  The Axis Policy at bar also contains a severability provision – Endorsement No. 10 to the U.S. Specialty Policy as to which the Axis Policy follows form – that "precludes [Axis] from imputing to [the Moving Insureds] statements or knowledge of other insureds" such as Bennett, upon whose alleged knowledge Axis' invocation of the disputed Prior Knowledge exclusion depends.

however, does not necessarily require that the matter be decided by a trier of fact, for the interpretation of any contract presents a question of law to be determined by the court when the ambiguity can be resolved on the basis of the contract alone, without reference to extrinsic evidence"; "[a]n insurer must demonstrate that its interpretation is not only reasonable, but the only fair interpretation."). This is particularly so given the fundamental principles requiring insurance policy ambiguities to be resolved against insurers as the drafters of their policies, and requiring insurers to demonstrate the applicability of exclusions by clear and unmistakable policy language. *See, e.g., Westview Assoc. v. Guaranty Nat. Ins. Co.*, 95 N.Y. 2d 334, 339, 717 N.Y.S. 2d 75, 77 (2000) ("At the very least, defendant's interpretation presents an ambiguity in the umbrella policy which must be resolved against the insurer [on summary judgment], as drafter of the agreement.").

Axis does note that the Moving Insureds have not addressed in their moving papers certain "other issues of contract interpretation" they previously asserted were in dispute. These concern whether a so-called Warranty Letter, the alleged "Knowledge Exclusion" or an omission in the application to the U.S. Specialty Policy may provide a basis on which coverage could ultimately be denied to the Moving Insureds. Axis suggests that the Moving Insureds have waived such issues. (*See* Opp. at 20 n.15).

But as we have demonstrated above and in our original memorandum in support of summary judgment, Condition D(2) of the primary U.S. Specialty policy, as to which the Axis Policy follows form, without more, requires that Axis pay defense costs "as-incurred." Based on that provision alone, under all applicable authorities, summary judgment should be entered in the Moving Insureds' favor.

.

To the extent that Axis believes that these "other issues of contract interpretation" are relevant to the instant motion and might somehow provide a defense regarding its advancement obligation, Axis should have raised and argued them in its Opposition. Having failed to properly present whatever facts its considers relevant to this motion, and having failed to fully brief whatever arguments it might have made, it is Axis, not the Moving Insureds, who have waived any argument based on those matters.[7]

Nor is a blanket reference to Axis' sudden desire to conduct discovery sufficient grounds for denying a motion for summary judgment. As we noted in our moving papers, a nonmoving party cannot create a genuine issue of material fact by providing evidence that is "merely colorable, conclusory, speculative or not significantly probative." (Moving Br. at 9.) Here, Axis has not sought any discovery in these adversary proceedings, nor indicated through affidavits what relevant and material evidence discovery might possibly produce or why a continuance is needed, as required by Fed. R. Civ. Pro. 56(f). *See, e.g., Contemporary Mission, Inc. v. United States Postal Service*, 648 F.2d 97, 107 (2d Cir. 1981) (party cannot defeat motion for summary judgment through mere speculation as to what discovery might uncover); *Sereika v. Patel*, 411 F. Supp.2d 397, 408-09 (S.D.N.Y. 2006) (summary judgment granted where opposing party had not requested discovery, did not set forth specific discoverable information that would raise a material issue of fact, and did not submit an affidavit pursuant to Rule 56(f)).

## II.    AXIS' REQUEST THAT THIS COURT DICTATE THE PRIORITY OF PAYMENTS IS NOT PROPERLY BEFORE THIS COURT

In its Opposition, Axis requests that this Court "include a finding of priority of payments in its order." (Opp. at 23.) Axis' request for such affirmative relief, on the last page of its

---

[7] The Moving Insureds' position regarding the so-called Warranty Letter, the "Knowledge Exclusion" and the application omission were fully set forth in the Moving Insureds' briefs in support of their motion for preliminary

-12-

Opposition, is improper. There is no pleading or motion before this Court – by either the Moving Insureds or Axis – that requests any directive as to priority of payments, or any apportionment among the individual insureds. Whatever the rights or obligations of the parties may be in this regard, Axis cannot properly seek to adjudicate them through its opposition to the Insureds' motions for summary judgment on payment of defense costs.

## CONCLUSION

Based on the foregoing, the Moving Insureds' motion for summary judgment for a permanent injunction to compel Plaintiff Axis Reinsurance Company to pay their defense costs, as incurred, in certain underlying litigations relating to Refco should be granted.

Dated:  October 10, 2007

Respectfully submitted,

HELEN B. KIM (HK-8757)
BAKER & HOSTETLER LLP

/s/ Helen B. Kim
12100 Wilshire Blvd., Suite 1500
Los Angeles, CA 90025
Telephone:  310-979-8460
Facsimile:  310-820-8859

MATTHEW R. GOLDMAN (MG-0719)
WENDY J. GIBSON
BAKER & HOSTETLER LLP
3200 National City Center
1900 E. 9th Street
Cleveland, Ohio 44114
Telephone:  216-621-0200
Facsimile:  216-696-0740
*Attorneys for Defendant Dennis A. Klejna*

injunction, which was granted by this Court on August 30, 2007.

STUART I. FRIEDMAN (SF-9186)
IVAN KLINE (IK-9591)
FRIEDMAN & WITTENSTEIN
A Professional Corporation


 /s/ Ivan Kline
600 Lexington Avenue
New York, NY 10022
Telephone: 212-750-8700
Facsimile: 212-223-8391
*Attorneys for Defendants William M. Sexton
and Gerald M. Sherer*

RICHARD CASHMAN (RC-4769)
HELLER EHRMAN LLP


 /s/ Richard Cashman
Richard Cashman (RC-4769)
Times Square Tower
7 Times Square
New York, NY 10036-6524
Telephone: 212-832-8300
Facsimile: 212-763-7600
*Attorneys for Defendant Philip Silverman*

- 14 -

## CERTIFICATE OF SERVICE

A copy of the foregoing has been served via email, on October 10, 2007, on the attached service list.

/s/ Helen B. Kim
Helen B. Kim

J. Gregory Milmoe
Skadden, Arps, Slate, Meagher & Flom LLP
Four Time Square
New York, NY 10036-6522

Steven Wilamowsky
Bingham McCutchen
399 Park Avenue
New York, NY 10022-4689

Andrew D. Velez-Rivera
Office of the U.S. Trustee
33 Whitehall Street, Suite 2100
New York, NY 10004

Robert M. Novick
Jeffrey R. Gleit
Kasowitz Benson Torres & Friedman LLP
1633 Broadway
New York, NY 10019

Wayne E. Borgeest
Joan M. Gilbride
Robert A. Benjamin
Kaufman Borgeest & Ryan LLP
200 Summit Lake Dr.
Valhalla, New York 10595

Stuart I. Friedman
Ivan Kline
Friedman & Wittenstein
600 Lexington Avenue
New York, NY 10022

Richard Cashman
Chakshu S. Patel
Heller Ehrman LLP
Times Square Tower
7 Times Square
New York, NY 10036-6524

Barbara Moses
Rachel Marissa Korenblat
Morvillo, Abramowitz, Grand, Lason, Anello &
Bohrer, P.C.
565 Fifth Avenue
New York, NY 10017

Luc A. Despins
Milbank, Tweek, Hadley & McCloy LLP
1 Chase Manhattan Plaza
New York, NY 10005

Donald S. Bernstein
Davis Polk & Wardwell
450 Lexington Avenue
New York, NY 10017

Timothy B. DeSieno
Mark W. Deveno
Bingham McCutcheon LLP
399 Park Avenue
New York, NY 10022-4689

Susheel Kirpalani
Quinn Emanuel Urquhart Oliver & Hedges LLP
51 Madison Avenue
New York, NY 10017

Jeffrey T. Golenbock
Golenbock Eiseman Assor Bell & Peskoe LLP
437 Madison Avenue
New York, NY 10022

Scott E. Hershman
Stephen R. Blacklocks
Richard Soto
Hunton & Williams LLP
200 Park Avenue
New York, NY 10166

Greg A. Danilow
Paul A. Ferrillo
Weil Gotshal & Manges LLP
767 Fifth Avenue, 35th Floor
New York, New York 10153

Laura E. Neish
Norman L. Eisen
Thomas G. Macauley
Zuckerman, Spaeder LLP
1540 Broadway, Suite 1604
New York, NY 10036-4039

Gabriel Del Virginia
Law Offices of Gabriel Del Virginia
641 Lexington Avenue, 21st Floor
New York, New York 10022

Daniel J. Standish
Jonathan M. Jacobs
Cara T. Duffield
Wiley Rein LLP
1776 K Street NW
Washington DC 20006

Michael S. Etkin
Ira M. Levee
Lowenstein Sandler PC
65 Livingston Avenue
Roseland, NJ 07068

Stuart M. Grant
James J. Sabella
Megan McIntyre
Grant & Eisenhofer PA
485 Lexington Avenue
New York, NY 10017

Blake Tyler Hannafan
Michael T. Hannafan & Associates, Ltd.
One East Wacker Drive, Suite 1208
Chicago, IL 60601

Dylan G. Trache
Wiley Rein LLP
7925 Jones Branch Drive
McLean, VA 22102

Michael S. Etkin
Ira M. Levee
Lowenstein Sandler PC
1251 Avenue of the Americas, 18th Floor
New York, NY 10020

John P. Coffey
John C. Browne
Jeremy Robinson
Bernstein Litowitz Berger & Grossman LLP
1285 Avenue of the Americas
New York, NY 10019

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007
Greg A. Danilow (GD 1621)
Michael F. Walsh (MW 8000)

Attorneys for Appellees Leo R.
Breitman, Nathan Gantcher, David V.
Harkins, Scott L. Jaeckel, Thomas H.
Lee, Ronald L. O'Kelley, and Scott A.
Schoen

BAKER & HOSTETLER LLP
12100 Wilshire Blvd., Suite 1500
Los Angeles, CA 90025
Telephone: (310) 979-8460
Facsimile: (310) 820-8859
Helen B. Kim (HK 8757)

Attorneys for Appellee Dennis A.
Klejna

SAUL EWING LLP
245 Park Avenue, 24th Floor
New York, NY 10167
Telephone: (212) 672-1996
Facsimile: (212) 672-1920
John J. Jerome (JJ 2413)

Attorneys for Appellee Joseph Murphy

FRIEDMAN & WITTENSTEIN
A Professional Corporation
600 Lexington Avenue
New York, NY 10022
Telephone: (212) 750-8700
Facsimile: (212) 223-8391
Stuart I. Friedman (SF 9186)
Ivan Kline (IK 9591)

Attorneys for Appellees William M.
Sexton and Gerald M. Sherer

HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, NY 10036
Telephone: (212) 832-8300
Facsimile: (212) 763-7600
Richard Cashman (RC 4769)

Attorneys for Appellee Philip
Silverman

ZUCKERMAN SPAEDER LLP
1540 Broadway, Suite 1604
New York, NY 10036
Telephone: (212) 704-9600
Norman L. Eisen (NE 1198)
Thomas G. Macauley (TM 3944)
Laura E. Neish (LN 0040)

-and-

HANNAFAN & HANNAFAN, Ltd.
One East Wacker Drive, Suite 2800
Chicago, IL 60601
Telephone: (312) 527-0055
Michael T. Hannafan
Blake T. Hannafan

Co-attorneys for Tone N. Grant

GOLENBOCK EISEMAN ASSOR
BELL & PESKOE LLP
437 Madison Avenue, 35th Floor
New York, NY 10022
Telephone: (212) 907-7300
Jeffrey T. Golenbock (JG 2217)
Adam C. Silverstein (AS 4876)

Attorneys for Appellee Phillip R.
Bennett

MORVILLO, ABRAMOWITZ,
GRAND, IASON, ANELLO &
BOHRER, P.C.
565 Fifth Avenue
New York, NY 10017
Telephone: (212) 856-9600
Facsimile: (212) 856-9494
Barbara Moses (BM 2952)
Rachel Korenblat (RK 0170)

- and -

LAW OFFICES OF GABRIEL DEL
VIRGINIA
641 Lexington Avenue, 21st Floor
New York, NY 10022
Telephone: (212) 371-5478
Gabriel Del Virginia (GV 4951)

Co-Attorneys for Appellee Robert C.
Trosten

UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------x
AXIS REINSURANCE COMPANY,          :
                                   :
            Appellant,             :    No. 07-CV-7924 (GEL)
                                   :
      v.                           :
                                   :
PHILLIP R. BENNETT, *et al.*,      :    [caption continued on next page]
                                   :
            Appellees.             :
-----------------------------------------x

### APPELLEE INSUREDS' JOINT RESPONSE TO AXIS REINSURANCE COMPANY'S SUPPLEMENTAL BRIEF CONCERNING EFFECT OF MAGGIO PLEA

```
-------------------------------------------x
In re                                      :
                                           :    Chapter 11
REFCO, INC., et al.,                       :    Case No. 05-60006 (RDD)
                                           :    (Jointly Administered)
                        Debtors.           :
-------------------------------------------x
AXIS REINSURANCE COMPANY,                  :
                                           :
                        Plaintiff,         :
                                           :    Adv. Proc. No. 07-01712 (RDD)
                 v.                        :
                                           :
PHILLIP R. BENNETT, et al.,                :
                                           :
                        Defendants.        :
-------------------------------------------x
TONE N. GRANT, et al.,                     :
                                           :
                        Plaintiffs,        :
                                           :
                 v.                        :    Adv. Proc. No.  07-2005 (RDD)
                                           :
AXIS REINSURANCE COMPANY,                  :
                                           :
                        Defendant.         :
-------------------------------------------x
LEO R. BREITMAN, et al.,                    :
                                           :
                        Plaintiffs,        :
                                           :
                 v.                        :    Adv. Proc. No.  07-2032 (RDD)
                                           :
AXIS REINSURANCE COMPANY,                  :
                                           :
                        Defendant.         :
-------------------------------------------x
AXIS REINSURANCE COMPANY,                  :    (1) No. 07-CV-9420 (GEL)
                                           :    (2) No. 07-CV-9842 (GEL)
                        Plaintiff,         :    (3) No. 07-CV-10302 (GEL)
                                           :
                 v.                        :
                                           :
PHILLIP R. BENNETT, et al.,                :
                                           :
                        Defendants.        :
-------------------------------------------x
TONE N. GRANT, et al.,                     :
                                           :
                        Plaintiffs,        :
                                           :
                 v.                        :    No. 07-CV-9843 (GEL)
                                           :
AXIS REINSURANCE COMPANY,                  :
                                           :
                        Defendant.         :
-------------------------------------------x
```

*413555.1*

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

STATEMENT OF FACTS ................................................................................................. 3

AGRUMENT ...................................................................................................................... 5

AXIS'S MOTION FOR A STAY PENDING APPEAL
SHOULD BE DENIED YET AGAIN .............................................................................. 5

    A.    Axis Has Not Shown a Strong Likelihood, or Even a Substantial
           Possibility, of Success on the Merits ...................................................... 6

    B.    Axis Has Not Demonstrated That It Will
           Suffer Irreparable Injury Absent a Stay ............................................... 9

    C.    The Insureds Will Be Severely and Immediately
           Harmed by a Stay ................................................................................ 11

    D.    A Stay Would Not Be in the Public Interest ......................................... 13

CONCLUSION ................................................................................................................. 14

## TABLE OF AUTHORITIES

### CASES

*In re Adelphia Commc'ns Corp.,*
  323 B.R. 345 (S.D.N.Y. 2005)...................................................................................12

*In re Adelphia Commc'ns Corp.,*
  361 B.R. 337 (S.D.N.Y. 2007)................................................................................5, 6

*In re Allied Digital Tech. Corp.,*
  306 B.R. 505 (Bankr. D. Del. 2004) ........................................................................12

*Bergonzi v. Rite Aid Corp.,*
  No. Civ. A-20453, 2003 WL. 22407303 (Del. Ch. Ct. Oct. 20, 2003)...................... 8-9

*In re Bogdanovich,*
  No. 00 Civ. 2266 (JGK), 2000 WL 1708163 (S.D.N.Y. Nov. 14, 2000) .....................5

*Brenntag Int'l Chems., Inc v. Bank of India,* ........................................................10
  175 F.3d 245 (2d Cir. 1999)

*Dubose v. Pierce,*
  761 F.2d 913 (2d Cir. 1985)......................................................................................5

*In re Enron Sec., Deriv. & ERISA Litig.,*
  391 F. Supp. 2d 541 (S.D. Tex. 2005) ........................................................................8

*Federated Strategic Income Fund v. Mechala Group Jamaica Ltd.,*
  No. 99 Civ. 10517 (HB), 1999 WL 993648 (S.D.N.Y. Nov. 2, 1999) .......................10

*Great Am. Ins. Co. v. Gross,*
  No. 3:05CV159, 2005 U.S. Dist. LEXIS 8003 (E.D. Va. May 3, 2005).......8-9, 11-13

*Hirschfeld v. Bd. of Elections in the City of N.Y.,*
  984 F.2d 35 (2d Cir.1993)..........................................................................................5

*Mitsubishi Power Sys., Inc. v. The Shaw Group, Inc.,*
  No. 04 Civ. 1251 (RMB), 2004 WL 527047 (S.D.N.Y. Mar. 16, 2004).....................10

*In re Prudential Lines, Inc.,*
  No. 93 Civ. 1481, 1994 WL. 142017 (S.D.N.Y. Apr. 20, 1994)...............................6-7

*Rodriguez v. DeBuono,*
  175 F.3d 227 (2d Cir. 1999)........................................................................................5

*In re Tower Automotive Inc.,*
  241 F.R.D. 162 (S.D.N.Y. 2006) ...........................................................................6

*United States v. Gottlieb,*
  817 F.2d 475 (8th Cir. 1987) ................................................................................9

*United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.,*
  44 F.3d 1082 (2d Cir. 1995).................................................................................12

*In re W.T. Grant Co.,*
  432 F. Supp. 105 (S.D.N.Y. 1977) .........................................................................7

*In re WorldCom, Inc. Sec. Litigation,*
  354 F. Supp. 2d 455 (S.D.N.Y. 2005)............................................................. 12-14

## STATUTES

Fed. R. Bank. P. 9024 ..............................................................................................7

Fed. R. Civ. P. 60(b) ................................................................................................7

## PRELIMINARY STATEMENT

By Order dated January 2, 2008 (the "January 2 Order"), this Court denied the letter application of Axis Reinsurance Company ("Axis") for an immediate stay of the October 19, 2007 Order (the "October 19 Order") of the Bankruptcy Court (Drain, B.J.), requiring Axis to advance defense costs, pending this Court's determination of Axis's appeal from that Order. Axis based its request on the recent guilty plea of Santo C. Maggio, a former officer of Refco and an insured under the Axis policy. In denying Axis's request in the January 2 Order, the Court held that Axis's letter brief had "failed to make an adequate showing of the first three factors" pertinent to a stay application. The Court nevertheless directed the parties to "address the issues raised by the Maggio plea in supplemental briefs to the Court."

Axis did submit a supplemental brief, but, as is clear from even a cursory reading, that brief largely repeats the contents of Axis's prior letter application to the Court and rehashes its arguments on appeal, rather than addressing any issues purportedly raised by the Maggio plea. Indeed, Axis discusses the Maggio plea only in passing, and provides the Court with no additional facts or arguments to cure its previous "fail[ure] to make an adequate showing" in support of a stay.

As discussed below, the Court should once again deny Axis's request for a stay. Axis has made no showing that the Maggio plea -- the lynchpin of its stay motion -- has even marginally improved, let alone established a likelihood of success on, the merits of its appeal. Nor could Axis make such a showing, given that the Maggio plea, which occurred well after entry of the October 19 Order, had no bearing on the Bankruptcy Court's rulings from which Axis now appeals and is not relevant to any issue on appeal. Axis believes that the plea is relevant to the ultimate issue of coverage under Axis's policy -- an issue not before this Court on

appeal -- but even as to that issue, in denying Axis's initial request for a stay pending appeal, the Court observed that "whether the guilty plea of the insured Santo Maggio defeats coverage for all the insureds depends on whether certain 'warranty' documents form part of the policy, a contested issue the merits of which cannot be discerned adequately on the minimal briefing submitted." Axis's supplemental submission does nothing to advance the merits of that contested issue.

Nor does Axis's submission cure the deficiencies in its prior effort to show that it will be irreparably injured in the absence of a stay or that, on the other hand, the insureds would not suffer substantial harm if a stay were granted. In its January 2 Order, the Court found that "since the advancement of fees represents simply the payment of money that in principle can be recovered if the Order is reversed, Axis has not established irreparable injury," whereas "the insureds, including certain individuals who face criminal prosecution, will likely be severely and immediately harmed if advancement of their legal fees is suddenly stopped pending resolution of the pending case." Axis's supplemental brief provides no basis for altering those conclusions -- conclusions on which the Maggio plea necessarily has no bearing. Furthermore, even if the Court were to consider the public interest in deciding Axis's stay motion (which it should not), it is clear that the public interest favors denying the motion. The availability and enforcement of D&O policies, including their provisions on advancement obligations, are important factors in attracting individuals to serve public corporations as officers and directors. The Maggio plea does not change that fact.

In sum, in response to a directive from the Court to show how the Maggio plea affects Axis's motion for a stay pending appeal and/or the merits of the appeal itself, Axis has

come forward with nothing of substance. Its stay motion should be denied for a second time, and the October 19 Order should be affirmed.

## STATEMENT OF FACTS

This Court is aware of the basic facts underlying Axis's appeal from the October 19 Order, having received completed briefing on the appeal, which remains under consideration. We set forth the salient facts and procedural history pertinent to Axis's supplemental brief.

Axis appeals from the October 19 Order of the Bankruptcy Court granting the insureds' motions for summary judgment and requiring Axis to advance defense costs pending a final determination of coverage issues. (Axis also appeals from the Bankruptcy Court's denial of Axis's motion to dismiss counterclaims seeking a declaratory judgment of coverage.) While rejecting Axis's position that Axis has the right to unilaterally determine the applicability of exclusions for the purposes of advancing defense costs, the Bankruptcy Court did not rule on the applicability of any of the exclusions or other alleged defenses to coverage relied on by Axis. Instead the court concluded that those issues would need to be determined in the underlying coverage litigation.

In opposing the insureds' summary judgment motion, Axis advanced the same argument it now makes, *i.e.*, that certain warranty documents, which Axis claims are part of the policy, exclude coverage.[1] Then, as now, the insureds disputed the effect of these documents, arguing that neither document was properly part of the policy. In granting summary judgment, the Bankruptcy Court concluded that the issues relating to these items would have to be

---

[1] The two principal documents on which Axis relies are a warranty letter signed by Philip R. Bennett in which he stated that no insured had knowledge of any fact which might afford grounds for any claim, and a "knowledge exclusion" endorsement which purports to bar coverage for all insureds for claims arising out of any facts as to which any insured had knowledge as of the inception of the policy.

determined as part of the underlying coverage dispute. (Transcript of Hearing on Summary Judgment Motion Before the Honorable Robert D. Drain, October 12, 2007 (attached as Ex. H to the Gilbride Declaration submitted on Axis's appeal, at 41-43.)

On December 19, 2007, while Axis's appeal from the October 19 Order was pending, Santo C. Maggio pleaded guilty to four counts of fraud, including two counts of securities fraud, one count of conspiracy to commit fraud and one count of wire fraud. On December 20, 2007, Axis's counsel wrote to this Court, and requested an immediate stay of the October 19 Order pending its appeal from that Order. Axis argued that such a stay was warranted because Maggio in his plea admitted to participation in fraudulent activities at Refco prior to the inception of the Axis policy, and implicated other insureds in that activity. (Letter to Court from Joan M. Gilbride, Esq., dated December 19, 2007, at 2.) Axis argued that Maggio's plea "established" that Axis's unilateral denial of coverage was "correct, as a matter of law." (*Id.*) It further argued that absent the requested stay, Axis's appeal would become moot, because if it succeeded on the appeal, Axis would have little realistic hope of recovering the advancements from the insureds. (*Id.*, at 2-3.)

The Court denied Axis's request for a stay by the January 2 Order, holding that the argument that the Maggio guilty plea defeats coverage for all insureds "depends on whether certain 'warranty' documents form part of the policy, a contested issue the merits of which cannot be discerned adequately on the minimal briefing submitted." The Court also held that since the advancement of fees "represents simply the payment of money that in principle can be recovered if the Order is reversed," Axis had not established irreparable injury. Additionally, the Court recognized that the insureds, including the three indicted insureds (who face trial in March 2008), "will likely be severely and immediately harmed if advancement of their legal fees is

*413555.1*                                          4

suddenly stopped pending resolution of the pending case." Nevertheless, the Court "directed

[the parties] to address the issues raised by the Maggio plea in supplemental briefs to the Court."

## ARGUMENT

### AXIS'S MOTION FOR A STAY PENDING APPEAL SHOULD BE DENIED YET AGAIN

The Court recited the applicable standard for granting a stay pending appeal in its

January 2 Order: "To obtain a stay pending appeal [of an order of the Bankruptcy Court], [a

party] must show: (1) a strong likelihood of success on the merits of the appeal; (2) that the

movant will suffer irreparable injury if the stay is denied; (3) that no substantial harm will be

suffered by others if the stay is granted; and (4) that the stay is in the public's interest." *In re*

*Bogdanovich*, No. 00 Civ. 2266 (JGK), 2000 WL 1708163, at *3 (S.D.N.Y. Nov. 14, 2000)

(*citing Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999)).[2]

---

[2]   In its supplemental brief, Axis recites a slightly different standard.  In particular, Axis cites to cases observing that, on motion for a stay pending appeal, a court is to consider "whether a movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal" -- not, as this Court previously noted, a "strong likelihood of success on the merits." (Axis Supp. Br. at 4-5.)  In fact, the Second Circuit and District Courts within the Circuit have recited both formulations of the standard.  *Compare Rodriguez*, 175 F.3d at 234 ("To determine whether a stay of an order pending appeal is appropriate, a court must evaluate . . . (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits.") *with Hirschfeld v. Bd. of Elections in the City of N.Y.*, 984 F.2d 35, 39 (2d Cir.1993) ("In this Circuit, four factors are considered before staying the actions of a lower court [including] (3) whether the movant has demonstrated a 'substantial possibility, although less than a likelihood of success' on the appeal.") (*quoting Dubose v. Pierce*, 761 F.2d 913, 920 (2d Cir.1985)); *and compare In re Bogdanovich, supra*, 2000 WL 1708163, at *3 (quoted above) *with In re Adelphia Commc'ns Corp.*, 361 B.R. 337, 346 (S.D.N.Y. 2007) ("Four factor are considered [on a motion for stay pending appeal, including] . . . (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood, of success on appeal").

Axis also cites case law for the proposition that "[t]he decision to grant the stay involves a balancing of four factors, wherein a stronger showing on one factor may excuse a lesser showing on another." (Axis Supp. Br. at 5 (*citing In re Adelphia Commc'ns Corp.*, 361 B.R. at 346)). Even the cases Axis cites for that proposition, however, recognize that "[a] number of lower courts within the Second Circuit have concluded that the failure of the movant to satisfy any one

In the January 2 Order, the Court held that Axis failed to make an adequate showing of any of the first three factors (and, as a result, found it unnecessary to consider the fourth factor, *i.e.*, the public interest.) Axis's supplemental brief provides the Court with no basis for altering that conclusion.

**A.    Axis Has Not Shown a Strong Likelihood, or Even a Substantial Possibility, of Success on the Merits**

Axis does not argue that the Maggio plea is dispositive of the merits of its appeal. It does not even argue that the plea materially alters the merits. Axis contends only that the plea is supportive or corroborative of its existing arguments. According to Axis, the Maggio plea "serves to *underscore* what Axis has been arguing all along," *i.e.*, that it rightfully determined that there is no coverage under the policy and thus is not required to pay defense costs as incurred. (Axis Supp. Br. at 4 (emphasis added).)   Although Axis used different words, it made the same argument in its letter application to the Court. The Court properly rejected the argument then, and should reject it again now.

As a matter of law, the Maggio plea -- which occurred a full two months after the October 19 Order -- cannot give rise to a substantial possibility of success on the merits of Axis's appeal; indeed, it cannot impact the appeal at all. It is well settled that a court's appellate review of a bankruptcy court order is "limited to 'all documents and evidence bearing on the proceedings below and considered by the bankruptcy judge in reaching his decision.'" *In re Tower Automotive Inc.*, 241 F.R.D. 162, 171 n.8 (S.D.N.Y. 2006) (*quoting In re Prudential*

---

of the four factors a motion for a stay pending appeal of a bankruptcy court 'dooms the motion.'" *In re Adelphia Commc'ns Corp.*, 361 B.R. at 346–47.

In deciding Axis's motion, the Court need not reconcile these differences in the case law. Under even the most favorable reading to Axis of the standard, it is clear that Axis's motion for a stay pending appeal -- regardless of the Maggio plea -- should be denied.

*Lines, Inc.*, No. 93 Civ. 1481, 1994 WL 142017, at *2 (S.D.N.Y. Apr. 20, 1994)); *accord In re*

*W.T. Grant Co.*, 432 F.Supp. 105, 107 (S.D.N.Y. 1977) ("The record on appeal should contain

all documents and evidence bearing on the proceedings below and considered by the bankruptcy

judge in reaching his decision."), *aff'd*, 559 F.2d 1206 (2d Cir. 1977). The Maggio plea, which

did not yet exist on October 19, was obviously not a document that bore on or was considered by

the Bankruptcy Court in issuing the October 19 Order. Accordingly, the Court cannot consider it

now in the context of Axis's appeal.[3] Moreover, since the Bankruptcy Court did not make any

ruling on the applicability of any of the exclusions relied on by Axis (but determined instead that

any such ruling would have to await determination in the underlying coverage litigation), Axis's

belief that the Maggio plea is relevant to coverage could not make that plea -- no matter when it

occurred -- relevant to the merits of the pending appeal.

      Even if it were appropriate for the Court to consider the Maggio plea in the

context of the appeal, Axis fails to offer anything more in its supplemental brief than what it

offered in its letter application, which was rejected as insufficient.   In the January 2 Order, the

Court observed that the issue of whether the Maggio plea defeats coverage for all insureds

"depends on whether certain 'warranty' documents form part of the policy, a contested issue the

merits of which cannot be discerned adequately on the minimal briefing submitted."[4]  Having

---

[3] The recourse that the Federal Rules of Civil Procedure, and hence the Bankruptcy Rules
(which incorporate them), provide to litigants, such as Axis, who believe they are entitled to
relief from an order based on subsequent events is a motion for reconsideration. *See* Fed. R. Civ.
P. 60(b); Fed. R. Bank. P. 9024. Axis has not made such a motion.

[4] The parties' dispute concerning the validity of the warranty documents is described in various
motion papers submitted below, which now form part of the record on appeal, and is not repeated
at length herein. In brief, the insureds contend that: (1) the January 14, 2005 warranty letter
signed by Bennett is not part of the Axis policy, because the letter is not incorporated or referred
to in the policy, the endorsements or the binder for the policy and evidence indicates that the
letter was executed in connection with a prior policy; (2) the knowledge exclusion also is not
party of the Axis policy, because it, too, is not included in the binder for the policy and evidence

been afforded the opportunity to supplement its "minimal briefing" in order to describe the effect

of the Maggio plea, Axis has nothing to add. It argues that because "Maggio, an Insured under

the Axis Policy, pleaded guilty to – among several other things – securities fraud – and admitted

knowledge of the fraud at Refco prior to the underwriting of the Axis Policy[,] . . . [i]t is now

beyond cavil that the claim is excluded from coverage" under exclusions in certain warranty

documents. (Axis Supp. Br. at 6-7). But this argument begs the question whether the warranty

documents form part of the policy in the first place. Axis simply assumes -- without any factual

or legal showing -- that the exclusions apply.

   Moreover, assuming *arguendo* that the warranty documents were part of the Axis

policy, Axis still has not shown that the Maggio plea excuses it from paying defense costs. As

the Bankruptcy Court concluded, the plain language of the Axis policy provides that "absent a

final determination by an objective fact finder, the insurer is obligated to pay defense costs that

the insured reasonably contends are covered, notwithstanding the insurer's view that those costs

are excluded or not covered under the policy." (Axis Desig. Item 36, at 13.) Ample case law

holds that a guilty plea is not a final determination, and thus does not excuse an insurer from its

advancement obligations on the basis of an exclusion. *See, e.g.*, *In re Enron Sec., Deriv. &*

*ERISA Litig.*, 391 F.Supp. 2d 541, 574-75 (S.D. Tex. 2005) (concluding that "the majority view,

requiring payment of defense expenses up until a final adjudication, is the better rule" and that a

guilty plea is not a final adjudication); *Great Am. Ins. Co. v. Gross*, No. 3:05CV159, 2005 U.S.

Dist. LEXIS 8003, at * 18 (E.D. Va. May 3, 2005) (finding that the "mere entry of [insureds']

---

indicates that the exclusion was not intended to be part of the policy; and (3) Bennett's failure to
answer an entire question in the application, as a matter of law, cannot constitute grounds for
denial of coverage. *See, e.g.*, Reply Memorandum of Defendants Dennis Klejna, Joseph
Murphy, William M. Sexton, Gerald Sherer and Philip Silverman in Support of Motion to
Require Axis to Pay Defense Costs, at 10-16.

guilty pleas is not enough to bar entitlement to Policy benefits [*i.e.*, defense costs] under the

Fraud Exclusion"); *Bergonzi v. Rite Aid Corp.*, No. Civ. A-20453, 2003 WL 22407303, at *2-3

(Del. Ch. Ct. Oct. 20, 2003) (noting that "there is Delaware Supreme Court and United States

Supreme Court authority that the entry of a guilty plea, before sentencing, is *not* a final

disposition," and thus holding that, notwithstanding the insured's guilty plea, he "has a presently

enforceable right to advancement"); *accord United States v. Gottlieb*, 817 F.2d 475, 476 (8th Cir.

1987) (holding that the denial of a motion to withdraw a guilty plea is not a final judgment

because the "court still must sentence [the defendant] and enter judgment"). Axis's

supplemental brief does not even address, let alone distinguish, this body of case law.[5]

        In short, Axis's supplemental brief provides no basis for the Court to alter its prior

conclusion that Axis has failed to make a sufficient showing on the merits to justify a stay.

**B.  Axis Has Not Demonstrated That It Will Suffer Irreparable Injury Absent a Stay**

        Axis effectively concedes that the Maggio plea is irrelevant to the Court's

consideration of the irreparable harm factor. Indeed, Axis does not even mention the plea in the

context of arguing that it will be irreparably harmed if its stay motion is denied. Rather, Axis is

left merely to expand upon the argument it previously advanced -- *i.e.*, that, absent a stay, it will

be irreparably injured because, if its appeal is granted, "it will have no practical ability to recover

the amounts paid" while the appeal is pending. (Axis Supp. Br. at 8.) In denying Axis's prior

motion for a stay in the January 2 Order, the Court rejected this argument.

---

[5] In addition, as the insureds pointed out in motion papers below, the severability provisions in
the primary (U.S. Specialty) policy, to which the Axis policy follows form, preclude the
imputation of Maggio's actions or knowledge to other insureds, and thus Maggio's plea could
only be a basis for denying coverage as to Maggio. *See, e.g.*, Memorandum of Defendants
Dennis Klejna, Joseph Murphy, William M. Sexton, Gerald Sherer and Philip Silverman in
Support of Motion to Require Axis to Pay Defense Costs, at 8 n.7.

Axis's citation to additional case law does not warrant a different result. While the language of the cases cited by Axis broadly states that irreparable injury exists when "there is a substantial chance that upon the final resolution of the action the parties cannot be returned to the positions they previously occupied," the actual holdings of the cases are not nearly as broad. (Axis Supp. Br. at 9 (quoting *Brenntag Int'l Chems., Inc. v. Bank of India*, 175 F.3d 245, 249 (2d Cir. 1999).) Rather, the cases recognize an "exception" to the general rule that monetary injury does not constitute irreparable harm -- known as the "insolvency" exception -- where "the defendant is insolvent or insolvency is threatened." *Federated Strategic Income Fund v. Mechala Group Jamaica Ltd.*, No. 99 Civ. 10517 (HB), 1999 WL 993648, at * 8 (S.D.N.Y. Nov. 2, 1999) (cited by Axis); *see Brenntag Int'l Chems., Inc.*, 175 F.3d at 249 ("[C]ourts have excepted from the general rule regarding monetary injury situations involving obligations owned by insolvents"); *Mitsubishi Power Sys., Inc. v. The Shaw Group, Inc.*, No. 04 Civ. 1251 (RMB), 2004 WL 527047, at * 2 (S.D.N.Y. Mar. 16, 2004) ("Courts have generally applied this limited exception where insolvency is imminent"). Axis has not made any showing that this "limited exception" applies under the circumstances here. In fact, Axis has presented no evidence to support its allegation as to its purported inability to recoup monies advanced from any of the insureds.

Notably, Axis has not cited a single case involving D&O insurance where a court has permitted the insurer to withhold defense costs because the insured might not be able to pay back the advanced funds if the insurer ultimately wins the coverage dispute. To the contrary, at least one court has held that while advancing defense costs to insureds -- even insureds who have pled guilty to criminal charges -- may expose the insurer to increased monetary liability, "this monetary liability was contractually agreed to by the parties"; hence, the insurer "cannot be

irreparably harmed by doing that which it agreed to do under the plain language under the Policy or by doing what it was contractually obligated to do." *Great Amer. Ins. Co.*, 2005 U.S. Dist. LEXIS 8003, at * 15-16.

Any other conclusion would countenance the Catch-22 that Axis and other insurers seek to employ in order to evade their advancement obligations: If the insured is of modest means, then the insurer would be entitled to withhold defense costs pending a determination of coverage on the theory that "it will have no practical ability to recover the amounts paid" if it later prevails in its coverage dispute. (Axis Supp. Br. at 8.) On the other hand, if the insured has means, then the insurer would be entitled to withhold defense costs pending a determination of coverage on the theory that the insured will not suffer substantial harm if he has to pay attorneys' fees out of his or her own pocket while coverage is decided. (Axis Supp. Br. at 10-11.) While such a Catch-22 is favored by Axis and other insurers, it is not favored by the law. Accordingly, notwithstanding the Maggio plea, Axis's supplemental brief, like its letter brief, fails to establish the second stay factor -- that Axis will be irreparably harmed in the absence of a stay.

**C.      The Insureds Will Be Severely and Immediately Harmed by a Stay**

In the January 2 Order, the Court found that "the insureds, including certain individuals who face criminal prosecution, will likely be severely and immediately harmed if advancement of their legal fees is suddenly stopped pending resolution of the pending case." The Maggio plea does not alter that finding, and Axis, in its supplemental brief, does not contend otherwise. Rather, Axis disputes the Court's prior finding on the basis of its bare assertion -- ungrounded in any evidentiary showing -- that "[i]t certainly is not uncommon for law firms to bill clients on bi-monthly or even quarterly schedules" and thus that a delay in payment of

defense costs would not disrupt the insured's defense efforts or arrangements. (Axis Supp. Br. at 10.)[6]

Axis's position finds no support in the case law, which overwhelmingly holds that insureds, such as the Appellees, face irreparable harm absent advancement. *See In re WorldCom, Inc. Sec. Litig.*, 354 F. Supp. 2d 455, 469 (S.D.N.Y. 2005) ("The failure to receive defense costs when they are incurred constitutes 'an immediate and direct injury'") (*quoting Wedtech Corp. v. Fed. Ins. Co.*, 740 F. Supp. 214, 221 (S.D.N.Y. 1990)); *In re Adelphia Commc'ns Corp.*, 323 B.R. 345, 374 (inability of directors and/or officers to defend themselves has serious consequences, and is irreparable); *Great Am. Ins. Co.*, 2005 U.S. Dist. LEXIS 8003, at * 18 (denial of preliminary injunction requiring advancement "would essentially cripple [insureds'] defense and leave them with no ability to defend their interests"); *In re Allied Digital Tech. Corp.*, 306 B.R. 505, 513 (Bankr. D. Del. 2004) (granting directors and officers relief from stay to obtain payment for defense costs, finding that they otherwise would be prevented from conducting a meaningful defense to the Trustee's claims "'and may suffer substantial and irreparable harm'" (citation omitted)). Not surprisingly, Axis does not cite a single case supporting its position that, under the circumstances here, the insureds would not be substantially harmed if Axis were permitted to cease advancing defense costs.

---

[6] Axis also faults the insureds for not having provided the Court with proof of their economic circumstances. In so doing, Axis improperly seeks to shift the burden on its motion. As the movant, it is Axis's burden to demonstrate that the factors to be considered on a stay motion weigh in its favor; it is not the insureds' burden to demonstrate that the requirements for a stay are not satisfied. *See United States v. Private Sanitation Indus. Ass'n of Nassau/Suffolk, Inc.*, 44 F.3d 1082, 1084 (2d Cir. 1995) (the party seeking a stay bears the burden of proving its entitlement to that relief). Moreover, even if Axis's assumptions concerning the insureds' arrangements with their lawyers were correct, its position would be unavailing. Axis points to no authority -- and we are aware of none -- permitting an appellant to obtain a stay on appeal by showing that the harm resulting from such a stay would be borne by the appellees' counsel, rather than solely by the appellees themselves.

In sum, the January 2 Order properly held that, if a stay were granted, the insureds would suffer severe and immediate injury, and Axis's supplemental brief does not demonstrate otherwise.

**D.    A Stay Would Not Be in the Public Interest**

The Court previously found that, because Axis had failed to establish that any of the first three factors weigh in favor of a stay, the Court need not address the fourth factor, *i.e.,* whether public interest supports the granting of a stay. Nothing in Axis's supplemental brief requires the Court to alter that approach. Nevertheless, to the extent the Court determines to consider the public interest factor, it should find that that factor supports denying Axis's stay motion.

Axis claims that "no public policy is served by gifting the Insureds millions of dollars to reward them for successfully defrauding their Insurer." (Axis Supp. Br. at 11.) In other words, Axis's position is that permitting *accused* wrongdoers -- for at this point that is all the insureds are -- to collect insurance, even as advancement subject to repayment if there is no coverage, is contrary to the public interest. (Axis Supp. Br. at 11.) But insuring accused wrongdoers is precisely what D&O insurers contract to do. Thus, as one court put it, "[p]ublic policy is served by requiring [the insurer] to continue forwarding the costs of defense to [insureds] because it is in the public interest to see parties abide by their contractual obligations." *Great Am. Ins. Co.,* 2005 U.S. Dist. LEXIS 8003, at * 19 (granting preliminary injunction obligating insurer to advance defense costs to insureds who pled guilty). Moreover, as Judge Cote recognized in *Worldcom,* if the insureds cannot rely on the coverage provided by D&O insurance policies, companies will find it difficult to retain capable officers and directors. *See In*

*re WorldCom Sec. Litig.*, 354 F. Supp. 2d at 470. These policy considerations weigh against granting Axis's stay motion.

Accordingly, Axis's supplemental brief, just like its letter brief, fails to establish that any of the factors to be considered on a stay motion favor Axis.

## CONCLUSION

For the reasons set forth above, Axis's request for a stay of the Order of the Bankruptcy Court dated October 19, 2007 should be denied. Moreover, because Axis has not demonstrated that the Maggio plea has any effect on its appeal, the October 19 Order should be affirmed.

Dated: January 28, 2008
        New York, New York


/s Michael F. Walsh
_____
Greg A. Danilow, Esq. (GD 1621)
Michael F. Walsh, Esq. (MW 8000)

WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153-0119
Telephone: (212) 310-8000
Facsimile: (212) 310-8007

*Attorneys for Appellees Leo R. Breitman,*
*Nathan Gantcher, David V. Harkins,*
*Scott L. Jaeckel, Thomas H. Lee,*
*Ronald L. O'Kelley, and Scott A. Schoen*


/s Helen B. Kim
_____
Helen B. Kim, Esq. (HK 8757)

BAKER & HOSTETLER LLP
12100 Wilshire Blvd., Suite 1500
Los Angeles, CA 90025
Telephone: (310) 979-8460
Facsimile: (310) 820-8859

*Attorneys for Appellee Dennis A. Klejna*


/s Norman L. Eisen
_____
Norman L. Eisen, Esq. (NE 1198)
Thomas G. Macauley (TM 3944)
Laura E. Neish (LN 0040)

ZUCKERMAN SPAEDER LLP
1540 Broadway, Suite 1604
New York, NY 10036
Telephone: (212) 704-9600

-and-

HANNAFAN & HANNAFAN, Ltd.
One East Wacker Drive, Suite 2800
Chicago, IL 60601
Telephone: (312) 527-0055
Michael T. Hannafan
Blake T. Hannafan

*Co-Attorneys for Appellee Tone N. Grant*

/s Ivan O. Kline

Stuart I. Friedman, Esq. (SF 9186)
Ivan Kline, Esq. (IK 9591)

FRIEDMAN & WITTENSTEIN
A Professional Corporation
600 Lexington Avenue
New York, NY  10022
Telephone: (212) 750-8700
Facsimile: (212) 223-8391

*Attorneys for Appellees William M.*
*Sexton and Gerald M. Sherer*

/s John J. Jerome

John J. Jerome (JJ 2413)
Timothy E. Hoeffner (TH 4195)

SAUL EWING LLP
245 Park Avenue, 24th Floor
New York, NY 10167
Telephone: (212) 672-1996
Facsimile: (212) 672-1920

*Attorneys for Appellee Joseph Murphy*

/s Jeffrey T. Golenbock

Jeffrey T. Golenbock, Esq. (JG 2217)
Adam C. Silverstein, Esq. (AS 4876)

GOLENBOCK EISEMAN ASSOR
BELL & PESKOE LLP
437 Madison Avenue, 35th Floor
New York, NY  10022
Telephone: (212) 907-7300

*Attorneys for Appellee Phillip R. Bennett*

/s Richard Cashman

Richard Cashman, Esq. (RC 4769)

HELLER EHRMAN LLP
Times Square Tower
7 Times Square
New York, NY  10036
Telephone: (212) 832-8300
Facsimile: (212) 763-7600

*Attorneys for Appellee Philip Silverman*

/s Barbara Moses

Barbara Moses, Esq. (BM 2952)
Rachel Korenblat, Esq. (RK 0170)

MORVILLO, ABRAMOWITZ,
GRAND, IASON, ANELLO &
BOHRER, P.C.
565 Fifth Avenue
New York, NY  10017
Telephone: (212) 856-9600
Facsimile: (212) 856-9494

-and-

LAW OFFICES OF GABRIEL DEL
VIRGINIA
641 Lexington Avenue, 21st Floor
New York, NY 10022
Telephone: (212) 371-5478
Gabriel Del Virginia (GV 4951)

*Co-attorneys for Appellee Robert C.*
*Trosten*

413555.1

15