UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x
AXIS REINSURANCE COMPANY,                    :    Adv. Proc. No. 07-01712 RDD
                                             :    (Reference Withdrawn:
              Plaintiff,   :    Case No. 08-cv-03242 (GEL))
   v.                                        :
                                             :
PHILLIP R. BENNETT, et al.,                  :
                                             :
              Defendants.  :
------------------------------------------------------------------- x
AXIS REINSURANCE COMPANY,                    :    Case No. 07-cv-07924 (GEL)
                                             :
              Plaintiff,   :
   v.                                        :
                                             :    *Electronically Filed*
PHILLIP R. BENNETT, et al.,                  :
                                             :
              Defendants.  :
------------------------------------------------------------------- x

**REPLY DECLARATION OF PAMELA SYLWESTRZAK
IN FURTHER SUPPORT OF MOTIONS FOR
SUMMARY JUDGMENT AGAINST AXIS REINSURANCE COMPANY**

I, PAMELA SYLWESTRZAK, hereby declare:

    1.    I am a Senior Vice President of Marsh USA, Inc. ("Marsh") and I respectfully submit this reply declaration in further support of the motions of various insureds, made pursuant to Fed. R. Civ. P. 56, for entry of summary judgment against Axis Reinsurance Company ("Axis"). This declaration is based on my personal knowledge and my review of certain documents in Marsh's files.

    2.    As I stated in paragraphs 8-11 of my prior declaration, dated March 27, 2008, the letter dated January 14, 2005, executed by Refco's Phillip Bennett on or about January 21, 2005 (the "Warranty Letter"), which was attached as Exhibit E to my prior declaration, was explicitly requested by Axis, and was supplied by Refco Group Ltd. LLC, solely in connection with the Axis 2004-2005 Policy.

3.  According to Marsh's files, Marsh transmitted the Warranty Letter to Steven Kane at Axis via email on January 25, 2005. I was copied on that January 25, 2005 email. A true and accurate copy of the email, dated January 25, 2005, transmitting the Warranty Letter to Mr. Kane at Axis, is attached hereto as Exhibit M.

4.  Marsh provided the policy forms and endorsements for the U.S. Specialty 2005-2006 Policy to Axis long before Axis issued its August 11, 2005 Policy Binder. A true and accurate copy of the June 8, 2005 email from Marsh's James Schneider, sent to both Sean Lukac of Axis and to me, and attaching the U.S. Specialty quotation, main policy form and endorsements, is annexed hereto as Exhibit N.

5.  Moreover, prior to issuing its final policy binder, dated August 11, 2005, Axis had already received U.S. Specialty's final policy binder, dated August 10, 2005, which made no reference to any inverted warranty or knowledge exclusion endorsement to the Primary Policy. A true and accurate copy of the August 10, 2005 e-mail from Marsh's Kenny Li, sent to Sean Lukac of Axis and forwarding U.S. Specialty's policy binder of the same date, is annexed hereto as Exhibit O.

6.  To the best of my knowledge, at no time prior to the issuance of the Axis 2005-2006 Policy on March 1, 2006, did Axis ever request that U.S. Specialty add a Knowledge Exclusion to the Primary Policy, nor did Axis ever advise Marsh that Axis needed a Knowledge Exclusion in order to issue its policy.

7.  I have also read the Affidavit of Steven Kane, dated May 1, 2008, submitted in opposition to the insureds' motions for summary judgment. Mr. Kane has misconstrued the meaning of my August 11, 2005 internal email to my colleague, Kenny Li. In that email, which is attached as Exhibit C to Mr. Kane's affidavit, I conveyed a copy of the application that Refco Group Ltd. LLC had submitted to U.S. Specialty in connection with the 2004-2005 Program (*i.e.*,

31432838

the "8/4/04 placement"), I advised Mr. Li that U.S. Specialty did not require a new application for the 2005-2006 Program (*i.e.,* "the 8/11/05 binding of the IPO"), and I brought to Mr. Li's attention that Refco Group Ltd. LLC had not signed the warranty in the application it had submitted to U.S. Specialty in connection with the 2004-2005 Program and, as a result, that U.S. Specialty had added an inverted warranty endorsement to its 2004-2005 Policy.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: Chicago, Illinois
May 22, 2008

/s/ Pamela Sylwestrzak
Pamela Sylwestrzak

31432838