UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
AXIS REINSURANCE COMPANY,                :   Case No. 07-cv-07924 (GEL)
                                         :
                  Plaintiff,             :
         v.                              :
                                         :   *Electronically Filed*
PHILLIP R. BENNETT, et al.,              :
                                         :
                  Defendants.            :
---------------------------------------------------------------x

## TONE N. GRANT'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION FOR SUMMARY JUDGMENT DISMISSING COMPLAINT OF AXIS REINSURANCE COMPANY

Defendant Tone N. Grant, by and through undersigned counsel, respectfully submits this reply memorandum of law in further support of his motion, pursuant to Rule 56 of the Federal Rules of Civil Procedure, for summary judgment dismissing the Complaint against him in *Axis Reinsurance Co. v. Bennett, et al.,* No. 07-cv-07924 (S.D.N.Y.).

Mr. Grant joined in the motion by certain defendants in this action seeking dismissal of Axis's Complaint (the "Summary Judgment Motion"). Mr. Grant hereby adopts and incorporates by reference the arguments set forth in the joint reply brief submitted today by defendants Dennis A. Klejna, William M. Sexton, Gerard Sherer, Joseph Murphy, Philip Silverman, Leo R. Breitman, Nathan Gantcher, David V. Harkins, Scott L. Jaeckel, Thomas H. Lee, Ronald O'Kelley and Scott A. Schoen (the "Joint Reply Brief"). Mr. Grant submits this separate reply brief to respond fully to certain comments Axis directed specifically at him in its Opposition Brief. None has any bearing on the merits of the Summary Judgment Motion.

I.  **MR. GRANT'S CONVICTION DOES NOT CURE AXIS'S FAILURES OF PLEADING AND PROOF.**

While Axis makes repeated reference to Mr. Grant's conviction on criminal charges arising out of his affiliation with Refco (*see* Axis Br. at 1, 2, 5, 28, 32, 33), the fact of Mr. Grant's conviction cannot salvage Axis's failure to meet the requirements necessary to stave off summary judgment. As movants have demonstrated, Count I of the Complaint must be dismissed because the January 2005 Warranty Letter was not properly part of the Axis Policy. Because it was not part of the Axis Policy, Axis cannot rely on it to deny coverage—a circumstance that Mr. Grant's conviction does not affect in the slightest. Nor can the conviction alter movants' conclusive showing that Count II fails because Refco's incomplete application to U.S. Specialty provides no basis to deny coverage. Similarly, Count III must be dismissed because the Knowledge Exclusion was not part of the Axis Policy, and Count IV must be dismissed because the 1994 CFTC enforcement proceeding is insufficient to trigger the Prior Acts Exclusion. Mr. Grant's conviction does not affect Axis's failures in pleading and proof as to all four of these counts, and summary judgment should be granted.[1]

II.  **AXIS'S CLAIMS OF MISREPRESENTATIONS ARE DEMONSTRABLY UNTRUE.**

Axis's assertion that the Insureds made "outright misrepresentations" to Axis and the Bankruptcy Court concerning the availability of other insurance should also be disregarded by this Court. Not only is the accusation irrelevant, Mr. Grant has previously demonstrated that it is false. Axis attaches to its opposition papers its March 12, 2008 letter to Judge Drain, in which it

---

[1] With respect to Axis's arguments concerning exclusions A and B, Axis concedes that "both these exclusions require a final adjudication," which has not yet occurred. Axis Br. at 33. We note, moreover, that a conviction by itself does not establish the applicability of an exclusion. *See Great Am. Ins. Co. v. Gross*, No. Civ. A. 305CV159, 2005 WL 1048752 at *6 (E.D. Va. May 3, 2005) ("mere entry of [insureds'] guilty pleas" insufficient to establish applicability of exclusion).

claimed that the Insureds made "misrepresentations" by moving for preliminary injunctive relief against Axis when they "knew" another insurer would pay defense costs if Axis refused to do so. *See* Gilbride Decl., Ex. N.  Axis omits to include in its papers Mr. Grant's responsive letter to Judge Drain of March 14, 2008, attached hereto as Exhibit 1, which demonstrates that Axis's assertions are unfounded, and given the actual course of events, absurd.  Axis also omits to mention that Judge Drain has taken absolutely no action on its accusations.  This Court should similarly disregard them.

## CONCLUSION

Axis's side shots at Mr. Grant are an attempt to distract the Court from what is amply demonstrated in movants' submissions in support of the Summary Judgment Motion—that Axis's claims for a declaratory judgment fail as a matter of law, and that its Complaint should be dismissed.  For the foregoing reasons, and for the reasons set forth in movants' initial brief and the Joint Reply Brief, Mr. Grant respectfully requests that the Court enter summary judgment dismissing Axis's Complaint.

Dated: May 23, 2008
       New York, New York

ZUCKERMAN SPAEDER LLP

By: s/ Laura E. Neish

Norman L. Eisen (*pro hac vice pending*)
Laura E. Neish (LN-0040)
1540 Broadway, Suite 1604
New York, NY 10036
Tel. (212) 704-9600
Email: neisen@zuckerman.com
Email: lneish@zuckerman.com

- and -

1822263.1

                HANNAFAN & HANNAFAN, LTD.
                Michael T. Hannafan
                Blake T. Hannafan
                One East Wacker Drive, Suite 2800
                Chicago, IL 60601
                Tel: (312) 527-0055
                Email: bth@hannafanlaw.com

*Attorneys for Tone N. Grant*