UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/4/08

This Document Relates To:

| | |
|---|---|
| In re REFCO, INC. SECURITIES LITIGATION | 05 Civ. 8626 (GEL) |
| AMERICAN FINANCIAL INTERNATIONAL GROUP- ASIA, LLC, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>PHILLIP R. BENNETT, et al.,<br><br>Defendants. | 05 Civ. 8988 (GEL) |
| THOMAS H. LEE EQUITY FUND V, L.P., et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>PHILLIP R. BENNETT, et al.,<br><br>Defendants. | 05 Civ. 9608 (GEL) |

[Caption continued on next page]

**CONSENT ORDER GOVERNING**
**EXPERT REPORTS, DISCLOSURES AND DISCOVERY**

| | |
|---|---|
| In re REFCO CAPITAL MARKETS, LTD. BROKERAGE CUSTOMER SECURITIES LITIGATION | 06 Civ. 643 (GEL) |
| THOMAS H. LEE EQUITY FUND V, L.P., et al.,<br><br>                      Plaintiffs,<br><br>vs.<br><br>MAYER BROWN ROWE & MAW LLP, et al.,<br><br>                      Defendants. | 07 Civ. 6767 (GEL) |
| THOMAS H. LEE EQUITY FUND V, L.P., et al.,<br><br>                      Plaintiffs,<br><br>vs.<br><br>GRANT THORNTON LLP,<br><br>                      Defendants. | 07 Civ. 8663 (GEL) |
| AXIS REINSURANCE COMPANY,<br><br>                      Plaintiffs,<br><br>vs.<br><br>PHILLIP R. BENNETT, et al.,<br><br>                      Defendants. | 07 Civ. 7924 (GEL) |

[Caption continued on next page]

| | |
|---|---|
| In re REFCO, INC. | 07 Civ. 9420 (GEL) |
| VR GLOBAL PARTNERS, L.P., et al.,<br><br>          Plaintiffs,<br><br>vs.<br><br>PHILLIP R. BENNETT, et al.,<br><br>          Defendants. | 07 Civ. 8686 (GEL) |
| CAPITAL MANAGEMENT SELECT FUND LTD., et al.,<br><br>          Plaintiffs,<br><br>vs.<br><br>PHILLIP R. BENNETT, et al.,<br><br>         Defendants. | 07 Civ. 8688 (GEL) |
| MARC S. KIRSCHNER, as Trustee of the Refco Litigation Trust,<br><br>          Plaintiffs,<br><br>vs.<br><br>THOMAS H. LEE PARTNERS, L.P., et al.,<br><br>         Defendants. | 07 Civ. 7074 (GEL) |

[Caption continued on next page]

| | |
|---|---|
| MARC S. KIRSCHNER, as Trustee of the Refco Private Actions Trust,<br><br>      Plaintiffs,<br><br>vs.<br><br>PHILLIP R. BENNETT, et al.,<br><br>      Defendants. | 07 Civ. 8165 (GEL) |
| MARC S. KIRSCHNER, as Trustee of the Refco Litigation Trust,<br><br>      Plaintiffs,<br><br>vs.<br><br>THOMAS HACKL, et al.,<br><br>      Defendants. | 07 Civ. 9238 (GEL) |
| MARC S. KIRSCHNER, as Trustee of the Refco Litigation Trust,<br><br>      Plaintiffs,<br><br>vs.<br><br>GRANT THORNTON, LLP, et al.,<br><br>      Defendants. | 07 Civ. 11604 (GEL) |
| KENNETH KRYS and CHRISTOPHER STRIDE, as Joint Official Liquidators of SPHINX LTD., et al.,<br><br>      Plaintiffs,<br><br>vs.<br><br>CHRISTOPHER SUGRUE, et al.,<br><br>      Defendants. | 08 Civ. 3065 (GEL) |

**IT IS HEREBY AGREED**, by and among the parties to the above-captioned Refco-related litigations presently pending before the Hon. Gerard E. Lynch in the United States District Court for the Southern District of New York (the "Refco-Related Litigations"), through their counsel, that the following provisions of this Order shall govern expert reports, disclosures and discovery in the Refco-Related Litigations:

1. Notwithstanding the language in Rule 26(a)(2)(B) (or any other potentially applicable rule) regarding the "data or other information considered" by the expert in rendering the report or forming the expert's opinions, the parties shall not be required to disclose or produce in discovery or at trial any:

    (a) drafts of expert reports, regardless of whether such drafts have been disclosed or otherwise transmitted to in-house or outside counsel, employees, or consultants for the party or parties who have retained such expert;

    (b) notes or other documents prepared by the expert, or his or her staff, unless relied upon as a basis for his or her opinions;

    (c) documents or information constituting or reflecting oral or written communications between the expert and his or her staff, unless relied upon as a basis for his or her opinions; or

    (d) documents or information constituting or reflecting oral or written communications between the expert and the party, parties, or counsel who retained the expert in this action, unless relied upon as a basis for his or her opinions.

2. Experts, their staff and counsel are free to discard, and need not preserve, copies of any of the documents listed in paragraphs 1(a) through 1(d) above.

3. Each expert shall be required to (i) identify all documents produced by any party or nonparty in discovery and all deposition testimony on which he or she has relied as a basis for his or her opinions and (ii) identify and (if requested) produce copies of all other documents, deposition testimony or other information not included in clause (i) above on which he or she has relied as a basis for his or her opinions. Parties shall identify the documents referenced in 3(i) by "Bates" numbers and shall identify the deposition testimony by deponent name.

4. Any expert may be examined at deposition or trial with respect to documents or information on which he or she did not rely as a basis for his or her opinions, other than the documents or information listed in Paragraphs 1(a) – 1(d) hereof.

SO ORDERED
this 3rd day of June, 2008

*/s/ Gerard E. Lynch*

Honorable Gerard E. Lynch
United States District Judge