HELEN B. KIM (HK-8757)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Telephone:   310-788-4525
Facsimile:   310-712-8226

 -and-

PHILIP A. NEMECEK (PN-3319)
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, NY  10022-2585
Telephone:   212-940-8834
Facsimile:   212-940-8776

*Attorneys for Defendant and Counterclaim
Plaintiff Dennis A. Klejna*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AXIS REINSURANCE COMPANY,<br><br>    Plaintiff,<br>v.<br><br>PHILLIP R. BENNETT, et al.,<br><br>    Defendants. | Case No. 07-cv-07924 (GEL)<br>Case No. 08-cv-03242 (GEL)<br><br>*Electronically Filed* |
| AXIS REINSURANCE COMPANY,<br><br>    Plaintiff,<br>v.<br><br>PHILLIP R. BENNETT, et al.,<br><br>    Defendants. | |

**<u>DEFENDANT AND COUNTERCLAIM PLAINTIFF DENNIS A. KLEJNA'S
MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR RECONSIDERATION</u>**

# INTRODUCTION

By his motion for summary judgment, Defendant and Counterclaim Plaintiff Dennis A. Klejna asked this Court, among other things, to dismiss Count III of Axis's Complaint, wherein Axis seeks to deny coverage based on a "Knowledge Exclusion" appended as an endorsement to the Axis 2005-2006 Policy. In support of his prayer, Mr. Klejna showed, as a matter of law, that the operative insurance document at issue before this Court was not the SecurExcess Policy No. RNN506300 that Plaintiff Axis Reinsurance Company ("Axis") had issued to Refco Inc. ("Refco") on March 1, 2006, after many of the Underlying Actions had been commenced and claims had arisen, but the Policy Binder that Axis had issued nearly seven months earlier, on August 11, 2005.

There is no dispute that Refco's insurance broker offered to have an inverted warranty included in the Axis Policy Binder if Axis "[s]hould need one to bind" (Kane Aff. Ex. A). Nor is there any dispute that the Policy Binder issued by Axis on August 11, 2005 did not contain the Knowledge Exclusion (Kane Aff. Ex. D). Axis acknowledged in its opposition papers that it made a conscious decision to omit the Knowledge Exclusion from its August 11 Policy Binder (Kane Aff. ¶¶ 42-46), stating that it did so "[b]ecause AXIS expected the Knowledge Exclusion to be included in the Primary Policy" (id. ¶ 45). Neither is there any dispute that Axis was mistaken in its belief that the Primary Policy would contain a Knowledge Exclusion (id. ¶ 46), or that this mistake resulted from the manner in which Axis interpreted an email forwarded by Refco's insurance agent (id. ¶¶ 36-46).

In its Opinion and Order dated June 18, 2008, this Court found that "the extensive recitation of events in Kane's affidavit ... suffices to raise genuine issues of material fact regarding whether the Knowledge Exclusion is properly part of the 2005-2006 Policy." (June 18 Opinion at 28.) It held that "Axis should ... be afforded the opportunity to gather extrinsic evidence and depose witnesses to clarify the parties' intent concerning the Knowledge Exclusion" (id. at 29 (footnote omitted)). However, the Court overlooked the fact that the Policy Binder, which was the operative document when the claims arose, is unambiguous, and that Axis had not pleaded any basis for reformation of that agreement.

Mr. Klejna now respectfully submits this memorandum of law in support of his motion, made pursuant to Rule 6.3 of the Local Civil Rules of this Court, for reconsideration of this portion of the Court's Opinion and Order.

## ARGUMENT

A court may and should grant reconsideration where, as here, the movant can "point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995).

### I. SINCE THERE IS NO AMBIGUITY IN THE AXIS AUGUST 11 POLICY BINDER, EXTRINSIC EVIDENCE MAY NOT BE USED TO CONTRADICT ITS TERMS

As Mr. Klejna and the other moving insureds emphasized in their motion papers, under the well-established law of New York, the August 11, 2005 Axis Policy Binder was the operative insurance contract at the time the Insureds' claims arose.[1] *See World Trade Center Properties, LLC v. Hartford Fire Ins. Co.*, 345 F.3d 154, 167-68 (2d Cir. 2003) (as of September 11, 2001, parties could not be bound to policies, because policies had not yet been issued); *Springer v. Allstate Life Ins. Co.*, 94 N.Y.2d 645, 649, 710 N.Y.S.2d 298, 300 (2000). Neither Axis nor this Court has identified any ambiguity in the language of the Axis August 11 Policy Binder. To the contrary, as the Court recognized in its June 18 Opinion, Axis acknowledged that the Knowledge Exclusion was <u>not</u> included in the binder it issued on August 11, 2005 (June 18 Opinion at 25; Kane Aff. ¶ 45). In these circumstances, contrary to this Court's ruling, "extrinsic evidence may not be used to contradict clearly unambiguous language contained in an insurance binder." *World Trade Center Properties, LLC v. Hartford Fire Ins. Co.*, 345 F.3d at 184.

Moreover, while this Court's June 18 Opinion suggests the possibility that Axis might discover some facts to justify its inclusion in its Policy of a Knowledge Exclusion not contained in the Axis August 11 Policy Binder, it is well-settled that a carrier, such as Axis, has a legal duty to "draft a policy in accordance with the binder." *National Union Fire Ins. Co. of Pittsburgh, Pa. v. L.E. Myers Co. Group*, 1997 WL 148231, at *3 (S.D.N.Y. Mar. 31, 1997). Indeed, to the extent that

---

[1] Paragraphs 84-118 of Axis' Complaint (Kim Decl. Ex. 20) set forth the numerous underlying litigations commenced and noticed to Axis prior to the issuance of its policy in March 2006.

2

an insurance policy departs from the binder, "such a departure constitute[s] a breach of duty on the part of [the carrier]." *Id.*

II. **THIS COURT CANNOT REFORM THE AUGUST 11, 2005 POLICY BINDER IN THE ABSENCE OF ALLEGATIONS AND EVIDENCE OF FRAUD OR MUTUAL MISTAKE; AXIS' UNILATERAL MISTAKEN BELIEF THAT THE U.S. SPECIALTY POLICY WOULD INCLUDE AN INVERTED WARRANTY IS NOT SUFFICIENT TO REFORM THE AXIS AUGUST 11 POLICY BINDER**

The only possible basis on which a court might alter the terms of an unambiguous contract, such as the Axis August 11 Policy Binder, would be in circumstances in which the law permits a reformation of the parties' agreement.

Under New York law, a claim for reformation of a written agreement must be grounded upon either mutual mistake or fraudulently induced unilateral mistake. *Chimart Assocs. v. Paul*, 66 N.Y.2d 570, 573, 498 N.Y.S.2d 344, 346-47 (1986). In the case at bar, however, Axis never pled, either in its Complaint or as an affirmative defense to Mr. Klejna's counterclaims, any claim of mutual mistake or fraudulently induced unilateral mistake, or any more general claim for "reformation." (Kim Decl. Exs. 8, 10 and 20.) In addition, in its opposition to Mr. Klejna's motion for summary judgment, Axis failed to raise any genuine issues of material fact regarding either theory of reformation.

There is no dispute that on August 9, 2005, prior to the issuance of any binder by Axis, Marsh, Refco's insurance broker, had offered to Axis to have an inverted warranty endorsement (*i.e.*, a Knowledge Exclusion) included in the Policy Binder if Axis "[s]hould ... need one to bind" (Kane Aff. Ex. A). But that offer was not accepted by Axis, which omitted any such provision from the August 11 Policy Binder it issued (*id.* Ex. D). Indeed, some of the other excess insurers in the Refco D&O tower responded to this offer by including inverted warranty endorsements in their binders, while others (*e.g.*, Lexington) did not. (*See* Sylwestrzak Decl. Ex. H.) And not only was an inverted warranty or Knowledge Exclusion omitted from the Axis August 11 Policy Binder, but Axis candidly admitted in its Opposition that this omission was intentional. (*See* Kane Aff. ¶ 45 ("there was absolutely no reason to include reference to the Knowledge Exclusion in the August 11, 2005 binder").)

3

In its opposition papers, Axis explained that it had left the Knowledge Exclusion out of its own Policy Binder, based upon its (mistaken) understanding that the Primary Policy (issued by U.S. Specialty) would contain a Knowledge Exclusion/inverted warranty. (Kane Aff. ¶ 44.) That Axis' understanding was mistaken is undeniable. Indeed, Axis has expressly acknowledged that "[f]or reasons unknown to AXIS, the primary policy was ultimately issued without the inclusion of a Knowledge Exclusion" (*id.* ¶ 46).

But unilateral mistake is insufficient to support reformation, absent an allegation that the mistake was fraudulently induced. Under New York law, a party seeking reformation of a contract based on a unilateral mistake must also allege "that one party to the agreement fraudulently misled the other, and that the subsequent writing does not express the intended agreement." *Greater N.Y. Mut. Ins. Co. v. United States Underwriters Ins. Co.*, 36 A.D.3d 441, 443, 827 N.Y.S.2d 147, 149 (1st Dep't 2007). "A bare, conclusory claim of unilateral mistake, which is unsupported by legally sufficient allegations of fraud, fails to state a cause of action for reformation." *Id.* In the case at bar, Axis' opposition did not raise any fact issue, nor did Axis make any allegation in its pleadings or otherwise that Marsh, as Refco's agent, engaged in a fraud in connection with the binding of Refco's D&O tower.

Nor did Axis make any claim or present any evidence of a mutual mistake.[2] To the contrary, the record is clear that, at all times, Refco understood that the Primary Policy would <u>not</u> include an inverted warranty/Knowledge Exclusion. The binder for the Primary Policy made no reference to any inverted warranty/Knowledge Exclusion (Sylwestrzak Reply Decl. Ex. O), and the Primary Policy was, in fact, issued by U.S. Specialty without such an inverted warranty/Knowledge Exclusion. (Sylwestrzak Decl. Ex. G.)

Thus, even if discovery were to confirm that "Axis understood, based on Marsh's written representation, that the Knowledge Exclusion would be a term of the AXIS Post-IPO Policy" (Kane Aff. ¶ 44), such proof of Axis' unilateral mistake is insufficient, as a matter of law, to permit

---

[2] To establish mutual mistake justifying reformation sufficient to overcome the "heavy presumption that a deliberately prepared and executed written instrument manifests the true intention of the parties," a party must offer "clear, positive and convincing evidence," and "show in no uncertain terms, not only that mistake ... exists, but exactly what was really agreed upon between the parties." *Core-Mark Int'l Corp. v. Commonwealth Ins. Co.*, 2006 U.S. Dist. LEXIS 61338 (S.D.N.Y. Aug. 30, 2006) (citations omitted).

4

reformation or other modification of the Axis August 11, 2005 Policy Binder. Accordingly, Axis may not now rely on the Knowledge Exclusion which it included in the policy it issued in March 2006, in contravention of the terms of the Axis August 11, 2005 Policy Binder.

## CONCLUSION

For the foregoing reasons, Mr. Klejna respectfully requests that this Court enter an Order modifying the June 18 Opinion and Order to dismiss Count III of Axis' Complaint and grant the corresponding portions of Mr. Klejna's Counterclaims, and granting such other and further relief as this Court may deem just and proper.

Dated: July 3, 2008

>Respectfully submitted,
>
>/s/ Helen B. Kim
>HELEN B. KIM (HK-8757)
>KATTEN MUCHIN ROSENMAN LLP
>2029 Century Park East, Suite 2600
>Los Angeles, CA 90068
>Telephone: 310-788-4525
>Facsimile: 310-712-8226
>
>-and-
>
>PHILIP A. NEMECEK (PN-3319)
>KATTEN MUCHIN ROSENMAN LLP
>575 Madison Avenue
>New York, NY 10022-2585
>Telephone: 212-940-8834
>Facsimile: 212-940-8776
>
>*Attorneys for Defendant and Counterclaim Plaintiff Dennis A. Klejna*