Wayne E. Borgeest
Joan M. Gilbride
Robert A. Benjamin
KAUFMAN BORGEEST & RYAN LLP
200 Summit Lake Dr
Valhalla, New York 10595
(914) 741-6100 (Telephone)
(914) 741-0025 (Facsimile)
wborgeest@kbrlaw.com
jgilbride@kbrlaw.com
rbenjamin@kbrlaw.com

*Attorneys for AXIS Reinsurance Company*

DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
IN RE:                                                             :
                                                                   :     *Electronically Filed*
                                                                   :
                                                                   :     No. 07-CV-07924-GEL
AXIS REINSURANCE COMPANY REFCO                                     :
RELATED INSURANCE LITIGATION                                       :
                                                                   :
------------------------------------------------------------------ X

**AXIS REINSURANCE COMPANY BRIEF IN OPPOSITION TO
DENNIS A. KLEJNA'S MOTION FOR RECONSIDERATION
OF THIS COURT'S JUNE 18, 2008 OPINION AND ORDER**

## TABLE OF CONTENTS

I. INTRODUCTION .................................................................................................................. 1

II. ARGUMENT ........................................................................................................................ 1

    a. KLEJNA'S MOTION FAILS TO MAKE ANY ARGUMENT APPROPRIATE FOR A MOTION FOR RECONSIDERATION .................................. 1

    b. NONE OF KLEJNA'S ARGUMENTS WOULD CHANGE THE COURT'S RULING THAT FACTUAL QUESTIONS PRECLUDE SUMARY JUDGMENT ......................................................................................... 4

III. CONCLUSION ..................................................................................................................... 6

i

# TABLE OF AUTHORITIES

**Cases**

*Ackoff-Ortega v. Windswept Pacific Entertainment Co.*,
130 F. Supp.2d 440 (S.D.N.Y., 2000) .................................................................. 2, 3, 4

*Adams v. U.S.*, 686 F. Supp. 417 (S.D.N.Y., 1988) ........................................................ 2

*Commercial Risk Reinsurance Company Ltd. v. Security Insurance
Company of Hartford*, 526 F. Supp.2d 424 ................................................................ 4

*EEOC v. Fed. Express Corp.*, 268 F. Supp.2d 192 (E.D.N.Y.2003) ............................... 2

*Fredericks v. Chemipal, Ltd.*, 06 Civ. 966, 2007 WL 1975441 ................................... 1, 2

*In re Salomon Winstar Litig.*, 02 Civ. 6171, 2006 WL 510526,
at *1 (S.D.N.Y. Feb. 28, 2006) ................................................................................... 1

*Lewis v. Rosenfeld*, 145 F. Supp.2d 341 (S.D.N.Y., 2001) ............................................ 3

*Palmer v. Sena*, 474 F. Supp.2d 353 (D.Conn. 2007) ................................................ 3, 4

*Polar Intern. Brokerage Corp. v. Reeve*, 120 F. Supp.2d 267 (S.D.N.Y., 2000) .......... 2, 4

*Saidin v. New York City Dept of Education*, 245 F.R.D. 175 (S.D.N.Y., 2007) .............. 2

*Schonberger v. Serchuk*, 742 F. Supp. 108 (S.D.N.Y., 1990) ..................................... 2, 4

*Shrader v. CSX Transportation, Inc.*, 70 F.3d 255 (2d Cir. 1995) ............................... 2, 4

*Stephens v. Shuttle Associates, L.L.C.*, 547 F. Supp.2d 269 (S.D.N.Y., 2008) ............ 2, 6

*Thomas v. iStar Financial Inc.*, 520 F. Supp.2d 478 (S.D.N.Y., 2007) ........................... 4

*Walsh v. WOR Radio*, 537 F. Supp.2d 553 (S.D.N.Y. 2008) .......................................... 6

*Weiss v. El Al Israel Airlines, Ltd.*, 471 F. Supp.2d 356 (S.D.N.Y., 2006) ..................... 3

*World Trade Center Properties, LLC v. Hartford Fire Ins. Co.*,
345 F.3d 154 (2d Cir. 2003) ........................................................................................ 5

**AXIS REINSURANCE COMPANY BRIEF IN OPPOSITION TO
DENNIS A. KLEJNA'S MOTION FOR RECONSIDERATION OF THIS
COURT'S JUNE 18, 2008 OPINION AND ORDER**

**I.   INTRODUCTION**

Mr. Klejna's motion for reconsideration lacks merit and should be denied. In his motion for reconsideration, Mr. Klejna fails to bring any new facts or law to the Court's attention – or even to argue that the Court made a mistake. Instead, Mr. Klejna uses his motion for reconsideration to reargue his summary judgment motion and to further develop arguments he had an opportunity to, but did not, argue in his reply brief during the summary judgment motion briefing. Mr. Klejna's motion for summary judgment is entirely improper and, in any event, none of the issues he raises would change this Court's determination that a factual dispute exists.

**II.   ARGUMENT**

   **a.   KLEJNA'S MOTION FAILS TO MAKE ANY ARGUMENT
        APPROPRIATE FOR A MOTION FOR RECONSIDERATION**

Klejna's motion for reconsideration fails raise anything new and is nothing more than an attempt to re-argue his summary judgment motion. Local Rule 6.3 governs motions for reconsideration in the Southern District of New York. As this Court noted in *Fredericks v. Chemipal, Ltd.*, 06 Civ. 966, 2007 WL 1975441, at *1 (S.D.N.Y. July 6, 2007):

> Local Civil Rule 6.3 for the Southern District of New York provides that parties may file motions for reconsideration of the Court's decisions, accompanied by memoranda that set forth "the matters or controlling decisions which counsel believes the court has overlooked." Reconsideration is appropriate "only where there is an intervening change of controlling law, newly available evidence, or the need to correct a clear error or prevent manifest injustice." *In re Salomon Winstar Litig.*, 02 Civ. 6171, 2006 WL 510526, at *1 (S.D.N.Y. Feb. 28, 2006). A motion

749723_1                                    1

for reconsideration is not an opportunity for a losing party to advance new arguments to supplant those that failed in the prior briefing of the issue. *EEOC v. Fed. Express Corp.*, 268 F. Supp.2d 192, 199 (E.D.N.Y.2003) ("Under Local Rule 6.3, a party may not advance new facts, issues or arguments not previously presented to the Court." (internal quotation marks omitted)).

The legal standard for granting a motion for reconsideration is strict and reconsideration will generally be denied unless the moving party can point to <u>controlling decisions or data that the court overlooked</u> – matters that would alter the Court's conclusion. *See Shrader v. CSX Transportation, Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (motion to reconsider granted solely because party pointed to data not addressed in court's original opinion); *See also Ackoff-Ortega v. Windswept Pacific Entertainment Co.*, 130 F. Supp.2d 440, 443 (S.D.N.Y., 2000) (granting motion to reconsider partially only to correct a factual error in an overbroad footnote); *Polar Intern. Brokerage Corp. v. Reeve*, 120 F. Supp.2d 267, 268 (S.D.N.Y., 2000); *Schonberger v. Serchuk*, 742 F. Supp. 108, 119-20 (S.D.N.Y., 1990) (only partially granting reconsideration for a legal standard error made in the original opinion); *Adams v. U.S.*, 686 F. Supp. 417, 418 (S.D.N.Y., 1988) (denying a motion to reconsider because matters overlooked by the court or controlling decisions are the *only* proper grounds for such a motion); *Stephens v. Shuttle Associates, L.L.C.*, 547 F. Supp.2d 269, 279 (S.D.N.Y., 2008) (denying a motion for reconsideration based on reargument of the same issues, but explaining that discovery of new evidence and prevention of clear error could also be grounds for reconsideration); *Saidin v. New York City Dept of Education*, 245 F.R.D. 175, 176-77 (S.D.N.Y., 2007) (denying motion to reconsider because movant advanced the same arguments as in his original filing).

Klejna does not point to any controlling decisions or data that was overlooked in the Court's original opinion. Accordingly, this motion must be denied. *See Fredericks*, 2007 WL

1975441, at *1 ("Fredericks does not claim that there has been an intervening change of controlling law, or that there is newly available evidence, or that this Court's prior opinion resulted in some form of manifest injustice. Rather, he simply makes a new argument.") Klejna merely re-argues his original summary judgment motion to the Court. Klejna has had ample opportunity to raise factual and legal arguments in the original summary judgment briefing. It is improper for him to attempt to reargue the issues already argued in the summary judgment briefing, and, in any event, since none of those arguments would alter the Court's decision, the motion for reconsideration can not stand.

Further, a motion to reconsider does not afford the losing party the right to submit new evidence or legal arguments to bolster relief. *See Ackoff-Ortega*, 130 F.Supp.2d at 443; *See also Palmer v. Sena*, 474 F. Supp.2d 353, 355 (D.Conn. 2007) (noting that litigants cannot advance theories that could have been previously brought or evidence that was available but not offered at the time of the original motion on a motion for reconsideration); *Lewis v. Rosenfeld*, 145 F. Supp.2d 341, 343 (S.D.N.Y., 2001). Klejna's reconsideration motion presents evidence and arguments that are not novel. All of these issues existed when Klejna submitted his summary judgment motion papers. *See Weiss v. El Al Israel Airlines, Ltd.*, 471 F. Supp.2d 356, 359 (S.D.N.Y., 2006) ("This is a new argument, and accordingly it is not an appropriate ground for a motion for reconsideration.") Since every theory concerning the insurance policy at hand was available to Klejna when submitting the original motion and reply briefs, no new theories or evidence of this nature is an appropriate basis for a motion to reconsider.

Additionally, a motion for reconsideration must be narrowly construed and the standard strictly applied to discourage litigants from making repetitive arguments on issues that have

already been thoroughly considered by the Court. *See Ackoff-Ortega*, 130 F. Supp.2d at 443; *see also Polar*, 120 F. Supp.2d at 268; *Schonberger*, 742 F. Supp. at 119 (S.D.N.Y., 1990); *Commercial Risk Reinsurance Company Ltd. v. Security Insurance Company of Hartford*, 526 F. Supp.2d 424 (denying motion for reconsideration because presenting essentially the same argument to the court a second time is not grounds for such a motion); *Thomas v. iStar Financial Inc.*, 520 F. Supp.2d 478, 480 (S.D.N.Y., 2007) (denying motion to reconsider to prevent duplicative rulings on previously considered issues and avoiding the advancement of new theories not previously argued). Since Klejna simply makes repetitive arguments which the Court has already considered, this motion cannot pass the strict standard for reconsideration.

Importantly, a motion to reconsider should not be granted where the moving party seeks solely to re-litigate an issue that has already been decided. *See Shrader*, 70 F.3d at 257; *See also Ackoff-Ortega v. Windswept Pacific Entertainment Co.*, 130 F. Supp.2d 440, 443 (S.D.N.Y., 2000); *Palmer v. Sena*, 474 F. Supp.2d 353, 355 (D.Conn. 2007). Klejna's entire motion is based on rehashing the arguments which were already the subject of his original motion. Re-litigation is not a proper ground for a motion for reconsideration.

    b.    **NONE OF KLEJNA'S ARGUMENTS WOULD CHANGE THE COURT'S RULING THAT FACTUAL QUESTIONS PRECLUDE SUMMARY JUDGMENT**

Klejna's motion for reconsideration impermissibly re-argues that the Knowledge Exclusion is not part of the AXIS Policy. This Court already found that factual questions remain regarding the terms Marsh represented would be in the Primary Policy, which are incorporated into the AXIS Policy. AXIS has not argued that there is anything whatsoever in the August 11, 2005 AXIS binder that needs to be "reformed" or otherwise modified. Rather, AXIS has asked

the Court to enforce all of the terms of the insurance contract between the parties. That is, the existing terms of the binder – including the terms of the Primary Policy, as represented by Marsh, the express agent of the Insureds. The binder clearly lists the underlying HCC Primary Policy, which, Marsh represented to AXIS, would contain an "inverted warranty" – the same thing as a knowledge exclusion. The Court has determined that there is a factual question regarding whether the Insured agreed that the knowledge exclusion would be a term in the Primary Policy, and thereby incorporated into the AXIS Policy.[1] Klejna raises nothing new in his motion for reconsideration.

Klejna also argues that the binder cannot be reformed through unilateral mistake. AXIS has not said that any potential mistake was unilateral, but rather, if any mistake exists, and AXIS does not believe there was any mistake, such a mistake must have been mutual. The Insured, through its agent Marsh, agreed with AXIS to the terms of the AXIS Policy. Those terms included a knowledge exclusion. If any mistake exists, it would have to be Marsh's misrepresentation to AXIS of the terms which would be included in the Primary Policy. Of course, this Court found that there was a factual question regarding whether or not Marsh actually represented to AXIS that the Knowledge Exclusion would be in the Primary Policy. However that factual dispute is resolved, it would not result in any change to the AXIS August 11, 2005 binder.

---

[1] While the Second Circuit has held that "extrinsic evidence may not be used to contradict clearly unambiguous language contained in an insurance binder" – here, the terms of the Primary Policy, as referenced in the August 11, 2005 AXIS Binder, clearly were ambiguous, hence this Court's determination that a factual issue exists. *World Trade Center Properties, LLC v. Hartford Fire Ins. Co.*, 345 F.3d 154, 184 (2d Cir. 2003).

AXIS BRIEF IN OPPOSITION TO KLEJNA RECONSIDERATION MOTION

### III. CONCLUSION

Reconsideration is an extraordinary remedy to be used sparingly in the interest of finality and conservation of scare judicial resources. *See Stephens*, 547 F.Supp.2d at 279; *see also Walsh v. WOR Radio*, 537 F. Supp.2d 553, 554 (S.D.N.Y. 2008) (denying motion for reconsideration because there were no legitimate grounds for the motion since the movant simply tried to reargue matters already presented to the Court). Klejna cannot, and does not, demonstrate any of the grounds necessary for reconsideration. This motion is a frivolous attempt to re-argue issues which have already been argued in Klejna's original summary judgment motion and reply. No new controlling law has been presented, nor does Klejna identify any facts that the Court overlooked. Finally, Klejna has not argued that the Court made a legal error in ruling that issues of fact remained with respect to the Knowledge Exclusion. Instead, Klejna's reconsideration motion amounts to nothing more than an impermissible second bite at the apple, and his motion must be denied.

Dated: August 1, 2008

Respectfully submitted,

KAUFMAN BORGEEST & RYAN LLP

By: _____
Wayne E. Borgeest
Joan M. Gilbride
Robert A. Benjamin
200 Summit Lake Drive
Valhalla, New York 10595
(914) 741-6100 (Telephone)
(914) 741-0025 (Facsimile)
wborgeest@kbrlaw.com
jgilbride@kbrlaw.com
rbenjamin@kbrlaw.com
*Attorneys for AXIS Reinsurance Company*

6