HELEN B. KIM (HK-8757)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90067
Telephone:    310-788-4525
Facsimile:    310-788-4471

-and-

PHILIP A. NEMECEK (PN-3319)
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, NY 10022-2585
Telephone:    212-940-8834
Facsimile:    212-940-8776

*Attorneys for Defendant and Counterclaim
Plaintiff Dennis A. Klejna*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
IN RE:                                                          :   Case No. 07-cv-07924 (GEL)
                                                                :
AXIS REINSURANCE COMPANY REFCO                                  :   *Electronically Filed*
RELATED INSURANCE LITIGATION                                    :
                                                                :
-----------------------------------------------------------------x

**DEFENDANT AND COUNTERCLAIM PLAINTIFF
DENNIS A. KLEJNA'S REPLY MEMORANDUM OF LAW
IN FURTHER SUPPORT OF MOTION FOR RECONSIDERATION**

## ARGUMENT

Mr. Klejna has moved this Court for reconsideration of its ruling on his motion for summary judgment insofar as Mr. Klejna sought, and this Court denied, dismissal of Count III of the Axis Complaint. In Count III, Axis seeks to deny coverage for Mr. Klejna and the other Insureds based solely upon a Knowledge Exclusion that Axis unilaterally added when it issued its Policy, although no such provision had been contained in the Policy Binder that Axis had issued when the Policy was bound nearly seven months earlier.

In support of his motion for summary judgment, Mr. Klejna demonstrated that the operative insurance agreement before this Court is the Axis Policy Binder, not the Policy it subsequently issued; that the Binder does not include or refer to a Knowledge Exclusion (sometimes referred to as an "inverted warranty"); and that there is no ambiguity regarding the provisions of the Binder or the construction of its terms. (Klejna SJ Br.[1] at 18-19). Nevertheless, this Court ruled in its June 18, 2008 Opinion and Order that the "extensive recitation of events" in the affidavit of Mr. Kane "suffice[d] to raise genuine issues of material fact regarding whether the Knowledge Exclusion is properly part of the 2005-2006 Axis Policy." (June 18 Opinion at 28). In reaching this conclusion, this Court necessarily assumed not only that "extrinsic evidence ... [regarding] the parties' intent concerning the Knowledge Exclusion" might be discovered (*id.* at 29) but also that any extrinsic evidence discovered concerning the parties' intent could be introduced at trial to grant relief to Axis (*see id.* at 28-29).

But, as Mr. Klejna demonstrated in his motion for reconsideration, even if discovery fully confirmed the events recited by Mr. Kane, Axis could not rely upon extrinsic evidence of the parties' intent to support a departure from the terms of the Binder unless the Binder is ambiguous (Klejna Br. in Support of Motion for Reconsideration, dated July 3, 2008, at 2-3), reflects a mutual material mistake of fact, or is the result of a fraudulently induced unilateral mistake (*id.* at 3-5). Neither this Court nor Axis has identified any ambiguity in the Binder. Nor has Axis pleaded or argued mistake or fraud.

---

[1] "Klejna SJ Br." refers to the Brief of Dennis Klejna filed in Support of Motion for Summary Judgment, dated Mar. 28, 2008.

1

In its Opposition, Axis does not dispute the controlling authority of the numerous cases cited in support of Mr. Klejna's motion for reconsideration. Indeed, it concedes that "the Second Circuit has held that 'extrinsic evidence may not be used to contradict clearly unambiguous language contained in an insurance binder.'" (Axis Opp. at 5 n.1). Axis also tacitly admits the absence of any ambiguity or other basis to modify the Axis Binder: Axis "does not believe there was any mistake" regarding its decision to omit an inverted warranty or Knowledge Exclusion from its Binder (*id.* at 5); it asserts that there is nothing in the Binder that "needs to be 'reformed' or otherwise modified" (*id.* at 4); and regardless of how factual issues found by this Court might be resolved, Axis states that this "would not result in any change to the AXIS August 11, 2005 binder" (*id.* at 5).

Having disclaimed any need or basis on which to modify the terms of its Binder, Axis suggests the possibility of a "mutual" mistake concerning "the terms which would be included in the Primary Policy." (Axis Opp. at 5). It seeks enforcement of "the terms of the Primary Policy," not as written but as allegedly "represented [to it] by Marsh." (*Id.*).

Of course, there is no apparent basis upon which Axis could seek or obtain reformation of the Primary Policy, to which it was not a party, to now add an inverted warranty:[2] Axis has not sued Refco Inc. or otherwise sought reformation of the Primary Policy issued to Refco Inc., and the bar date by which to sue Refco Inc. – July 17, 2006 – has long since passed.[3] Yet, Axis seeks indirectly what it cannot obtain directly: this Court's approval of the self-help in which Axis engaged when it added a Knowledge Exclusion to its Policy in violation of its legal duty to draft the Policy in accordance with the terms of its Binder. *National Union Fire Ins. Co. v. L.E. Myers Co. Group,* 1997 WL 148231, at *3 (S.D.N.Y. Mar. 31, 1997).

In these circumstances, Mr. Klejna is entitled to enforcement of the Axis Binder, as written. This would preclude enforcement of the Knowledge Exclusion that Axis unilaterally added to its

---

[2] Presumably, any reformation of U.S. Specialty's Primary Policy would necessarily impact all of the other carriers in the D&O "tower." None of the other carriers in the D&O tower, including U.S. Specialty, have ever argued that the Primary Policy was supposed to contain an inverted warranty.

[3] *See In re Refco Inc.*, Case No. 05-60006-rdd, Order Granting Motion to Set Last Day to File Proofs of Claim, Docket Entry No. 1570 (Bankr. S.D.N.Y. Mar. 27, 2006).

Policy in violation of the terms of its Binder, and would require dismissal of Count III of the Axis Complaint, which seeks enforcement of the Knowledge Exclusion.

Finally, Axis complains that this Court should not even consider Mr. Klejna's motion for reconsideration. But as Axis acknowledges in its Opposition, a motion for reconsideration is appropriate where, as here, "there is ... the need to correct a clear error." (Axis Opp. at 1). As we have demonstrated, both in our moving brief and above, this Court clearly erred in looking beyond the terms of the Axis Binder in the absence of any allegation or showing of ambiguity, mutual mistake or unilateral mistake induced by fraud. Accordingly, Mr. Klejna's motion for reconsideration is proper and should be granted.

## CONCLUSION

For the foregoing reasons and for the reasons set forth in Mr. Klejna's memorandum of law in support of his motion for reconsideration, this Court should reconsider its June 18 Opinion and Order and modify the terms thereof to dismiss Count III of Axis' Complaint, to grant the corresponding portions of Mr. Klejna's Counterclaims, and to grant such other and further relief as this Court may deem just and proper.

Dated: August 15, 2008

Respectfully submitted,

/s/ Helen B. Kim
HELEN B. KIM (HK-8757)
KATTEN MUCHIN ROSENMAN LLP
2029 Century Park East, Suite 2600
Los Angeles, CA 90068
Telephone: 310-788-4525
Facsimile: 310-788-4471

-and-

PHILIP A. NEMECEK (PN-3319)
KATTEN MUCHIN ROSENMAN LLP
575 Madison Avenue
New York, NY 10022-2585
Telephone: 212-940-8834
Facsimile: 212-940-8776

*Attorneys for Defendant and Counterclaim Plaintiff Dennis A. Klejna*