```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 8/28/08
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
                                                            :
In re AXIS REINSURANCE COMPANY REFCO    :       07 Civ. 7924 (GEL)
RELATED INSURANCE LITIGATION            :
                                                            :       **ORDER**
------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

Defendant and counterclaim plaintiff Dennis A. Klejna moves for partial reconsideration of the Court's June 19, 2008, Opinion and Order granting in part and denying in part the insureds' and counterclaim plaintiffs' motions for summary judgment. See Axis Reinsurance Co. v. Bennett, Nos. 07 Civ. 7924, 08 Civ. 3242, 2008 WL 2485388 (S.D.N.Y. June 19, 2008) (hereinafter "Axis I"). (Doc. # 59.) The motion will be denied.

Local Civil Rule 6.3 for the Southern District of New York provides that parties may file motions for reconsideration of the Court's decisions, accompanied by memoranda that set forth "the matters or controlling decisions which counsel believes the court has overlooked." Reconsideration is appropriate "only where there is an intervening change of controlling law, newly available evidence, or the need to correct a clear error or prevent manifest injustice." In re Salomon Winstar Litig., 02 Civ. 6171, 2006 WL 510526, at *1 (S.D.N.Y. Feb. 28, 2006).

In Axis I, the Court held with respect to Count III of Axis's complaint[1] (and the corresponding portion of his counterclaims) that issues of fact regarding the nature of the parties' actual agreement on the terms of the insurance policy precluded summary judgment in favor of the insureds. Axis I, 2008 WL 2485388, at *12-14. Klejna argues that the Court overlooked or misconstrued New York law that he claims establishes that the Axis August 11, 2005 Policy Binder ("Policy Binder"), which was the operative document when the disputed claims arose, is unambiguous and Axis has identified no basis to reform the Policy Binder. (D. Mem. 3.) Klejna's arguments fail to come to grips with the fundamental factual issues that are the basis of the Court's ruling.

"Under New York law, reformation may be granted in only two circumstances: where there has been (1) a mutual mistake, or (2) unilateral mistake coupled with fraudulent concealment by the knowing party." American Home Assur. Co. v. Merck & Co. Inc., 329 F. Supp. 2d 436, 444 (S.D.N.Y. 2004). The fact that Axis added the Knowledge Exclusion to the 2005-2006 Axis Policy clearly indicates that a "mistake" occurred, Travelers Indem. Co. v. CDL Hotels USA, Inc., 322 F. Supp. 2d 482, 497 (S.D.N.Y. 2004) (noting that "mistake means being in error in one's belief as to what the contract states" (internal quotation marks omitted)), and Axis does not allege that it was fraudulently induced into issuing that policy. Accordingly, the relevant issue is whether the omission of a knowledge exclusion in the Policy Binder was the

---

[1] Count III of the Axis complaint seeks to deny coverage to the insureds based upon a Knowledge Exclusion that Axis added to the 2005-2006 Axis Policy.

result of a unilateral mistake by Axis, or a mutual mistake by both Axis and the insureds, concerning whether the 2005-2006 Primary Policy would include such an exclusion.[2]

"In a case of mutual mistake, the parties have reached an oral agreement and, unknown to either, the signed writing does not express that agreement." Chimart Assocs. v. Paul, 66 N.Y.2d 570, 573 (N.Y. 1986). Thus, Axis can prevail on Count III of its complaint only if it can show, by clear and convincing evidence, that the parties intended to include a knowledge exclusion as part of their insuring agreement, but that the Policy Binder omitted such an exclusion on the basis of the parties' mutually mistaken understanding that the 2005-2006 Primary Policy (which was incorporated by the Policy Binder and issued subsequent to it) would include such an exclusion. See Yu Han Young v. Chiu, 853 N.Y.S.2d 575, 536 (2d Dep't 2008).

As the Court ruled in Axis I, however, genuine issues of material fact exist that preclude the Court from deciding as a matter of law whether the omission of a knowledge exclusion from the Policy Binder was the result of a unilateral or mutual mistake. Axis maintains that the knowledge exclusion was inadvertently not included in the Policy Binder, after the parties had actually agreed that such an exclusion would be a term of the policy. As the Court explained, Axis presented sufficient evidence to raise a genuine issue of fact about this issue:

> Kane's affidavit demonstrates that the final sentence of Sylwestrzak's email to Li is ambiguous on its face as to whether it constituted a representation by Marsh [Refco's agent] that an inverted warranty would be added to the 2005-2006 Primary Policy, or whether it merely explained that an inverted warranty had been added to the 2004-2005 Primary Policy.

Axis I, 2008 WL 2485388, at *14; see id. at *12 (explaining that "an 'inverted warranty' is simply another name for a "knowledge exclusion'"). Given the ambiguity in Sylwestrzak's email, and the fact that the insureds' motions were made prior to any discovery, the Court ruled that Axis should be "afforded the opportunity to gather extrinsic evidence and depose witnesses to clarify the parties' intent concerning the Knowledge Exclusion." Id. at *14.

Klejna argues (D. Mem. 3) that the Court should have granted summary judgment on the authority of Chimart, in which the New York Court of Appeals granted the plaintiff's motion for summary judgment, ruling that an affidavit submitted by the defendant was insufficient to overcome the "heavy presumption that a deliberately prepared and executed written instrument manifest[s] the true intention of the parties." 66 N.Y.2d at 574 (internal quotation marks omitted) (alteration in original). But Chimart was decided after full discovery, and the insureds' motion here precedes discovery, and thus faces the particularly stringent standards applicable to

---

[2] To the extent the Court in Axis I characterized the relevant issue as "whether the Knowledge Exclusion is properly part of the 2005-2006 Axis Policy," 2008 WL 2485388, at *12, this Order clarifies that the proper inquiry is whether the parties intended to include a knowledge exclusion as part of their insuring agreement, which includes both the Policy Binder and the 2005-2006 Axis Policy.

2

such early motions. See Axis I, 2008 WL 2485388, at *7. Although Axis may ultimately be unable to meet the "high level of proof in evidentiary form" required to survive pretrial dismissal, 66 N.Y.2d at 574 (internal quotation marks omitted), it has adduced sufficient facts at this preliminary stage of the litigation to justify discovery.

Nothing in Klejna's motion offers any reason to revise the Court's ultimate conclusion that genuine issues of fact exist as to the parties' intent (or lack of intent) to include a knowledge exclusion in the Policy Binder, and that "Axis should thus be afforded the opportunity to gather extrinsic evidence and depose witnesses to clarify the parties' intent concerning the Knowledge Exclusion." Axis I, 2008 WL 2485388, at *14.

Accordingly, Klejna's motion for reconsideration of the Court's June 19, 2008, Opinion and Order is denied.

SO ORDERED.

Dated: New York, New York
       August 28, 2008

                                                    _____
                                                    GERARD E. LYNCH
                                                    United States District Judge