UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x
                                                          :
In re AXIS REINSURANCE COMPANY REFCO  :
RELATED INSURANCE LITIGATION          :
                                                          :
---------------------------------------------------------------x

┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #: _____               │
│ DATE FILED: 8/17/09                  │
└─────────────────────────────────────┘

07 Civ. 7924 (GEL)

**ORDER**

GERARD E. LYNCH, District Judge:

Axis Reinsurance Company ("Axis") has moved for summary judgment on Count IV of its Amended Complaint (Declaratory Judgment that, Having Paid its $10 Million of Liability, Axis Has No Further Liability to the Insureds) as well as on Count III (Breach of Contract – Failure to Settle), Count IV (Breach of Implied Covenant of Good Faith and Fair Dealing), and Count V (Breach of Contract – Attorney's Fees) of defendant-insured Dennis A. Klejna's Counterclaims. Axis also requests that Klejna be sanctioned in the amount necessary to compensate Axis for the cost of preparing its summary judgment motion. Axis's motion will be denied.

On January 22, 2008, this Court granted preliminary approval for a settlement between Klejna and the putative class in the underlying securities action (the "Klejna Settlement") which required Klejna to pay $50,000 and obtain an additional $7.55 million from his insurers. The Klejna Settlement also required Klejna to cooperate with the class plaintiffs in the prosecution of their claims against other insureds under the Axis Policy. (See Declaration of Joan M. Gilbride, dated September 19, 2008 ("Gilbride Decl."), Ex. A.) The Klejna Settlement has not yet received final approval, nor has a settlement class been certified. Klejna tendered this settlement to Axis in July of 2007 but Axis refused to consent to or fund the settlement. (Opp'n 8.)

Axis claims that its $10 million Limit of Liability has already been exhausted from payments of the insureds' defense costs, and that, absent a finding of bad faith, it cannot be made to pay more than this limit. See STV Group, Inc. v. Amer. Continental Properties, Inc., 234 A.D.2d 50, 51 (1st Dept. 1996). Axis argues that Klejna cannot demonstrate that it acted with any bad faith because (1) it denied Klejna coverage based on a reasonable interpretation of its Policy, and (2), if it had agreed to fund the Klejna Settlement, it would have been in violation of a Court Order which required Axis to pay the insureds' defense costs until the Limit of Liability was exhausted. (See Gilbride Decl., Ex. B.) Axis maintains that, as of the date the Klejna Settlement received preliminary approval, Axis had already received defense bills, which were immediately due and which Axis was under a Court Order to pay, with a value exceeding $10 million.

Klejna disputes that bad faith is the applicable standard but contends that, even if it is, the record does not support a finding that Axis acted in good faith. This Court need not, however, address the merits of the bad faith issue because there is a factual question as to whether Axis has

indeed exhausted its policy limit.

On October 30, 2008, a day after Klejna filed his Opposition to Axis's motion for summary judgment, Axis filed a motion to dismiss its Amended Complaint in this matter against all individual insureds other than Klejna on the basis that Axis had reached a settlement of the insurance-coverage litigation with those other insureds. (See Supplemental Declaration of Helen B. Kim, dated October 31, 2008 (Kim Suppl. Decl.), ¶ 2 & Exs. 18-20.) This Court granted Axis's motion on August 13, 2009.

Although the settlements are confidential and Axis has accordingly not disclosed their terms, Klejna contends that the settlements involve the repayment of monies to Axis by at least some of the settling insureds. Axis's counsel disclosed to counsel for Klejna in September of 2008 that Axis was then in the process of settling with the other insureds and that the settlement terms involved repayment to Axis of amounts it had advanced for the payment of defense costs and fees as ordered by the Bankruptcy Court. (Id. ¶ 3; Declaration of Helen B. Kim, dated October 29, 2008 ("Kim Decl."), Ex. 13.)

Axis's summary judgment motion against Klejna is premised upon Axis's exhaustion of the $10 million limit of its policy. But if Axis has recouped, or will soon recoup,[1] a portion of the defense costs and fees it previously paid to the other insureds, then it can no longer claim that its limit is exhausted, and the good faith standard on which it relies would not apply.

Klejna is entitled to discovery of the amounts recouped by Axis from the other insureds. The confidentiality of the settlement terms cannot defeat Klejna's legitimate right to know whether the factual claim that the policy is exhausted is true or not. Axis's motion for summary judgment (doc. # 76) is accordingly DENIED.

SO ORDERED.

Dated: New York, New York
       August 17, 2009

_____
GERARD E. LYNCH
United States District Judge

_____

[1] It is unclear whether Axis has as yet actually recouped any money from the settling insureds. In its Memorandum of Law in support of its Motion for Partial Dismissal of its amended complaint as against the insureds other than Klejna, Axis states that Axis and each of the settling insureds "have resolved this matter." (Kim Suppl. Decl., Ex. 19 at 1.) This motion also notes, however, that "one of the express conditions of the settlement reached between Axis and each of the settling insureds" was a dismissal of all litigation between the parties with respect to the directors' and officers' insurance policies issued by Axis to Refco. This Court approved this dismissal by Order of August 13, 2009.